UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Waheed Nelson,

            Plaintiff,

                              Case No. 8:19-cv-00449-CEH-JSS

vs.

Bob Gualtieri, et al.,

            Defendants.

_____/

**DEFENDANT'S, BOB GUALTIERI, AS SHERIFF OF
PINELLAS COUNTY, ANSWER AND DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to the state court's order of February 19, 2019,[1] granting Nelson's

motion to file the second amended complaint, deeming the second amended complaint

filed that same day, and granting the defendants fifteen days to file their responses, the

Sheriff answers the second amended complaint, Doc. 1-1, as follows:

**GENERAL ALLEGATIONS**

1.      This averment is of a nature that no response from the Sheriff is required.

To the extent that a response to Paragraph 1 of the second amended complaint is

required, it is denied for want of knowledge.

_____

[1] See Doc. 1-2, at 402.  This case was removed to federal court on February 21,
2019.  Doc. 1.  All orders of the state court judge prior to removal remain in force.  See
28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action
prior to its removal shall remain in full force and effect until dissolved or modified by
the district court.").

2.    Denied.  The second amended complaint does not contain a claim for relief "raised pursuant to Article V, Section 5(b) of the Florida Constitution."

3.    This averment is of a nature that no response from the Sheriff is required. To the extent that a response to Paragraph 3 of the second amended complaint is required, it is denied for want of knowledge.

4.    The Sheriff denies the averments in Paragraph 4 of the second amended complaint for want of knowledge.

5.    The Sheriff denies the averments in Paragraph 5 of the second amended complaint.[2]

6.    In response to Paragraph 6 of the second amended complaint, the Sheriff states that he can neither admit nor deny the allegations within it because they are unclear, indeterminate, vague, and ambiguous and, as written, not susceptible to being admitted or denied.

7.    In response to Paragraph 7 of the second amended complaint, the Sheriff states that he can neither admit nor deny the allegations within it because they are unclear, indeterminate, vague, and ambiguous and, as written, not susceptible to being admitted or denied.

8.    In response to Paragraph 8 of the second amended complaint, the Sheriff answers that Dr. Kevin Kyle is a medical doctor licensed by the state of Florida and has

---

[2] Nelson misspells the Sheriff's last name as "Gaultieri" throughout the second amended complaint.

been employed by the Sheriff since August 4, 2014.  The Sheriff denies the remainder of the averments in Paragraph 8 of the second amended complaint.

9.      In response to Paragraph 8 of the second amended complaint, the Sheriff answers that Gail Newby was employed as an ARNP by the Sheriff from August 11, 2014 until November 10, 2016; Constance Bumiller has been employed by the Sheriff as an ARNP since June 14, 2014; and Darlene Liberti was employed as an ARNP by the Sheriff from August 4, 2014 until December 11, 2017.  Further answering, the Sheriff states that Ms. Newby, Ms. Bumiller, and Ms. Liberti are Florida-licensed ARNPs.  The Sheriff denies the remainder of the averments in Paragraph 9 of the second amended complaint.

10.      In response to Paragraph 10 of the second amended complaint, the Sheriff denies that he contracted with Maxim Healthcare Services, Inc., to provide services to Nelson.  Further responding, the Sheriff denies the remainder of the averments in Paragraph 10 of the second amended complaint for want of knowledge.

11.      The Sheriff denies the averments in Paragraph 11 of the second amended complaint for want of knowledge.

12.      In response to Paragraph 12 of the second amended complaint, the Sheriff answers that Dr. Mauricio Rangel[3] is a medical doctor licensed in the state of Florida

---

[3]  Nelson misspells Dr. Rangel's first name as "Maurico."

who has been employed by the Sheriff since August 4, 2014.  The Sheriff denies the remainder of the averments in Paragraph 12 of the second amended complaint.

13.    In response to Paragraph 13 of the second amended complaint, the Sheriff states that this paragraph is an exact duplicate of Paragraph 11 of the second amended complaint.  See response to Paragraph 11, above.

14.    In response to Paragraph 14 of the second amended complaint, the Sheriff answers that Dr. Mauricio Rangel is a medical doctor licensed in the state of Florida. The Sheriff denies the remainder of the averments in Paragraph 14 of the second amended complaint.

15.    In response to Paragraph 15 of the second amended complaint, the Sheriff answers that Dr. Bernard Yukna is a medical doctor licensed in the state of Florida who has been employed by the Sheriff since June 14, 2014.  The Sheriff denies the remainder of the averments in Paragraph 15 of the second amended complaint.

16.    The Sheriff denies the averments in Paragraph 16 of the second amended complaint.

17.    The averments in Paragraph 17 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 17 of the second amended complaint is required, it is denied for want of knowledge.

18.    The averments in Paragraph 18 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 18 of the second amended complaint is required, it is denied for want of knowledge.

19.    In response to Paragraph 19 of the second amended complaint, the Sheriff answers that he was the Sheriff of Pinellas County, Florida, in 2015.  Further answering, the Sheriff answers that Waheed Nelson, also known as Waheen Louis Nelson, was booked into the Pinellas County Jail on May 23, 2014, and was released to the Department of Corrections on April 16, 2015.  The Sheriff denies the remainder of the allegations in Paragraph 19 of the second amended complaint.

20.    The averments in Paragraph 20 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 20 of the second amended complaint is required, it is denied for want of knowledge.

21.    The averments in Paragraph 21 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 21 of the second amended complaint is required, it is denied for want of knowledge.

22.    The averments in Paragraph 22 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering

defendant.  To the extent that a response to Paragraph 22 of the second amended complaint is required, it is denied for want of knowledge.

23.     The averments in Paragraph 23 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 23 of the second amended complaint is required, it is denied for want of knowledge.

24.     The Sheriff denies the averments in Paragraph 24 of the second amended complaint.

25.     The Sheriff denies the averments in Paragraph 25 of the second amended complaint.

26.     The Sheriff denies the averments in Paragraph 26 of the second amended complaint.

27.     The Sheriff denies the averments in Paragraph 27 of the second amended complaint.

28.     This averment is of a nature that no response from this answering defendant is required.  To the extent that a response to Paragraph 28 of the second amended complaint is required, it is denied for want of knowledge.

29.     The Sheriff denies the averments in Paragraph 29 of the second amended complaint.

## COUNT I (SHERIFF — MEDICAL NEGLIGENCE)

30.     In response to Paragraph 30 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

31.     The Sheriff denies the averments in Paragraph 31 of the second amended complaint.

32.     The Sheriff denies the averments in Paragraph 32 of the second amended complaint.

33.     The Sheriff denies the averments in Paragraph 33 of the second amended complaint.

34.     The Sheriff denies the averments in Paragraph 34 of the second amended complaint.

35.     The Sheriff denies the averments in Paragraph 35 of the second amended complaint.

36.     The Sheriff denies the averments in Paragraph 36 of the second amended complaint.

37.     The Sheriff denies the averments in Paragraph 37 of the second amended complaint.

38.     The Sheriff denies the averments in Paragraph 38 of the second amended complaint.

39.     The Sheriff denies the averments in Paragraph 39 of the second amended complaint.

40.     The averment in Paragraph 40 of the second amended complaint is of a nature that no response from this answering defendant is required.  To the extent that a response to Paragraph 40 is required, it is denied for want of knowledge.

## COUNT II (FDOC — MEDICAL NEGLIGENCE)

41.     In response to Paragraph 41 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

42.     The averments in Paragraph 42 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 42 of the second amended complaint is required, it is denied for want of knowledge.

43.     The averments in Paragraph 43 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 43 of the second amended complaint is required, it is denied for want of knowledge.

44.     The averments in Paragraph 44 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering

defendant.  To the extent that a response to Paragraph 44 of the second amended complaint is required, it is denied for want of knowledge.

45.     The averments in Paragraph 45 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 45 of the second amended complaint is required, it is denied for want of knowledge.

46.     The averments in Paragraph 46 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 46 of the second amended complaint is required, it is denied for want of knowledge.

47.     The averments in Paragraph 47 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 47 of the second amended complaint is required, it is denied for want of knowledge.

48.     The averments in Paragraph 48 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 48 of the second amended complaint is required, it is denied for want of knowledge.

49.     The averments in Paragraph 49 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering

defendant.  To the extent that a response to Paragraph 49 of the second amended complaint is required, it is denied for want of knowledge.

50.    The averments in Paragraph 50 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 50 of the second amended complaint is required, it is denied for want of knowledge.

## COUNT III (DR. BELIZAIRE — MEDICAL NEGLIGENCE)

51.    In response to Paragraph 51 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

52.    The averments in Paragraph 52 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 52 of the second amended complaint is required, it is denied for want of knowledge.

53.    The averments in Paragraph 53 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 53 of the second amended complaint is required, it is denied for want of knowledge.

54.    The averments in Paragraph 54 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering

defendant.  To the extent that a response to Paragraph 54 of the second amended complaint is required, it is denied for want of knowledge.

55.   The averments in Paragraph 55 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 55 of the second amended complaint is required, it is denied for want of knowledge.

56.   The averments in Paragraph 56 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 56 of the second amended complaint is required, it is denied for want of knowledge.

57.   The averments in Paragraph 57 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 57 of the second amended complaint is required, it is denied for want of knowledge.

## COUNT III[4] (CORIZON — MEDICAL NEGLIGENCE)

58.   In response to Paragraph 58 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

---

[4] The second amended complaint contains two claims for relief that are denominated "Count III."

11

59.     The averments in Paragraph 59 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 59 of the second amended complaint is required, it is denied for want of knowledge.

60.     The averments in Paragraph 60 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 60 of the second amended complaint is required, it is denied for want of knowledge.

61.     The averments in Paragraph 61 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 61 of the second amended complaint is required, it is denied for want of knowledge.

62.     The averments in Paragraph 62 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 62 of the second amended complaint is required, it is denied for want of knowledge.

63.     The averments in Paragraph 63 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 63 of the second amended complaint is required, it is denied for want of knowledge.

64.     The averments in Paragraph 64 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 64 of the second amended complaint is required, it is denied for want of knowledge.

65.     The averments in Paragraph 65 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 65 of the second amended complaint is required, it is denied for want of knowledge.

66.     The averments in Paragraph 66 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 66 of the second amended complaint is required, it is denied for want of knowledge.

67.     The averments in Paragraph 67 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 67 of the second amended complaint is required, it is denied for want of knowledge.

68.     The averments in Paragraph 68 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 68 of the second amended complaint is required, it is denied for want of knowledge.

## COUNT IV (MAXIM — MEDICAL NEGLIGENCE)

70.     In response to Paragraph 70[5] of the second amended complaint, the

Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the

second amended complaint as if set forth fully here.

71.     The averments in Paragraph 71 of the second amended complaint are

directed to another defendant and, therefore, no response is required of this answering

defendant.  To the extent that a response to Paragraph 71 of the second amended

complaint is required, it is denied for want of knowledge.

72.     The averments in Paragraph 72 of the second amended complaint are

directed to another defendant and, therefore, no response is required of this answering

defendant.  To the extent that a response to Paragraph 72 of the second amended

complaint is required, it is denied for want of knowledge.

73.     The averments in Paragraph 73 of the second amended complaint are

directed to another defendant and, therefore, no response is required of this answering

defendant.  To the extent that a response to Paragraph 73 of the second amended

complaint is required, it is denied for want of knowledge.

74.     The averments in Paragraph 74 of the second amended complaint are

directed to another defendant and, therefore, no response is required of this answering

---

[5]  The second amended complaint does not contain a Paragraph 69.

14

defendant.  To the extent that a response to Paragraph 74 of the second amended complaint is required, it is denied for want of knowledge.

75.     The averments in Paragraph 75 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 75 of the second amended complaint is required, it is denied for want of knowledge.

76.     The averments in Paragraph 76 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 76 of the second amended complaint is required, it is denied for want of knowledge.

77.     The averments in Paragraph 77 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 77 of the second amended complaint is required, it is denied for want of knowledge.

78.     The averments in Paragraph 78 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 78 of the second amended complaint is required, it is denied for want of knowledge.

79.     The averments in Paragraph 79 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering

15

defendant.  To the extent that a response to Paragraph 79 of the second amended complaint is required, it is denied for want of knowledge.

80.     The averments in Paragraph 80 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 80 of the second amended complaint is required, it is denied for want of knowledge.

## COUNT V (DR. SWICK — MEDICAL NEGLIGENCE)

81.     In response to Paragraph 81 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

82.     The averments in Paragraph 82 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 82 of the second amended complaint is required, it is denied for want of knowledge.

83.     The averments in Paragraph 83 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 83 of the second amended complaint is required, it is denied for want of knowledge.

84.     The averments in Paragraph 84 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering

defendant.  To the extent that a response to Paragraph 84 of the second amended complaint is required, it is denied for want of knowledge.

85.    The averments in Paragraph 85 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 85 of the second amended complaint is required, it is denied for want of knowledge.

86.    The averments in Paragraph 86 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 86 of the second amended complaint is required, it is denied for want of knowledge.

87.    The averments in Paragraph 87 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 87 of the second amended complaint is required, it is denied for want of knowledge.

88.    The averments in Paragraph 88 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 88 of the second amended complaint is required, it is denied for want of knowledge.

## COUNT VI (ALL FLORIDA ORTHO. — MEDICAL NEGLIGENCE)

89.     In response to Paragraph 89 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

90.     The averments in Paragraph 90 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 90 of the second amended complaint is required, it is denied for want of knowledge.

91.     The averments in Paragraph 91 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 91 of the second amended complaint is required, it is denied for want of knowledge.

92.     The averments in Paragraph 92 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 92 of the second amended complaint is required, it is denied for want of knowledge.

93.     The averments in Paragraph 93 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 93 of the second amended complaint is required, it is denied for want of knowledge.

94.     The averments in Paragraph 94 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 94 of the second amended complaint is required, it is denied for want of knowledge.

95.     The averments in Paragraph 95 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 95 of the second amended complaint is required, it is denied for want of knowledge.

96.     The averments in Paragraph 96 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 96 of the second amended complaint is required, it is denied for want of knowledge.

97.     The averments in Paragraph 97 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 97 of the second amended complaint is required, it is denied for want of knowledge.

98.     The averments in Paragraph 98 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 98 of the second amended complaint is required, it is denied for want of knowledge.

99.    The averments in Paragraph 99 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 99 of the second amended complaint is required, it is denied for want of knowledge.

100.    The averments in Paragraph 100 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 100 of the second amended complaint is required, it is denied for want of knowledge.

101.    The averments in Paragraph 101 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 101 of the second amended complaint is required, it is denied for want of knowledge.

102.    The Sheriff states that Paragraph 102 of the second amended complaint is an incomplete sentence that lacks any meaning.  Further answering, the Sheriff states that the averments in Paragraph 102 of the second amended complaint appear to be directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 102 of the second amended complaint is required, it is denied for want of knowledge.

## COUNT VII (SHERIFF — 42 U.S.C. § 1983)

103.    In response to Paragraph 103 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

104.    The Sheriff denies the averments in Paragraph 104 of the second amended complaint.

105.    The Sheriff denies the averments in Paragraph 105 of the second amended complaint.

106.    The Sheriff denies the averments in Paragraph 106 of the second amended complaint.

107.    The Sheriff denies the averments in Paragraph 107 of the second amended complaint.

108.    The Sheriff denies the averments in Paragraph 108 of the second amended complaint.

## COUNT VIII (DR. BELIZAIRE — 42 U.S.C. § 1983)

109.    In response to Paragraph 109 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

110.    The averments in Paragraph 110 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering

defendant.  To the extent that a response to Paragraph 110 of the second amended complaint is required, it is denied for want of knowledge.

111.   The averments in Paragraph 111 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 111 of the second amended complaint is required, it is denied for want of knowledge.

112.   The averments in Paragraph 112 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 112 of the second amended complaint is required, it is denied for want of knowledge.

113.   The averments in Paragraph 113 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 113 of the second amended complaint is required, it is denied for want of knowledge.

114.   The averments in Paragraph 114 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 114 of the second amended complaint is required, it is denied for want of knowledge.

## COUNT VIII[6] (CORIZON — 42 U.S.C. § 1983)

115.    In response to Paragraph 115 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

116.    The averments in Paragraph 116 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 116 of the second amended complaint is required, it is denied for want of knowledge.

117.    The averments in Paragraph 117 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 117 of the second amended complaint is required, it is denied for want of knowledge.

118.    The averments in Paragraph 118 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 118 of the second amended complaint is required, it is denied for want of knowledge.

119.    The averments in Paragraph 119 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering

---

[6] The second amended complaint contains two claims for relief that are denominated "Count VIII."

defendant.  To the extent that a response to Paragraph 119 of the second amended complaint is required, it is denied for want of knowledge.

120.    The averments in Paragraph 120 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 120 of the second amended complaint is required, it is denied for want of knowledge.

121.    The averments in Paragraph 121 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 121 of the second amended complaint is required, it is denied for want of knowledge.

122.    The averments in Paragraph 122 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 122 of the second amended complaint is required, it is denied for want of knowledge.

123.    The averments in Paragraph 123 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 123 of the second amended complaint is required, it is denied for want of knowledge.

## COUNT IX (MAXIM — 42 U.S.C. § 1983)

124.    In response to Paragraph 124 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

125.    The averments in Paragraph 125 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 125 of the second amended complaint is required, it is denied for want of knowledge.

126.    The averments in Paragraph 126 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 126 of the second amended complaint is required, it is denied for want of knowledge.

127.    The averments in Paragraph 127 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 127 of the second amended complaint is required, it is denied for want of knowledge.

128.    The averments in Paragraph 128 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 128 of the second amended complaint is required, it is denied for want of knowledge.

129.     The averments in Paragraph 129 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 129 of the second amended complaint is required, it is denied for want of knowledge.

130.     The averments in Paragraph 130 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 130 of the second amended complaint is required, it is denied for want of knowledge.

131.     The averments in Paragraph 131 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 131 of the second amended complaint is required, it is denied for want of knowledge.

132.     The averments in Paragraph 132 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 132 of the second amended complaint is required, it is denied for want of knowledge.

## COUNT X (DR. SWICK — 42 U.S.C. § 1983)

133.     In response to Paragraph 133 of the second amended complaint, the Sheriff realleges and incorporates his responses to Paragraphs 1 through 29 of the second amended complaint as if set forth fully here.

134.   The averments in Paragraph 134 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 134 of the second amended complaint is required, it is denied for want of knowledge.

135.   The averments in Paragraph 135 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 135 of the second amended complaint is required, it is denied for want of knowledge.

136.   The averments in Paragraph 136 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 136 of the second amended complaint is required, it is denied for want of knowledge.

137.   The averments in Paragraph 137 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 137 of the second amended complaint is required, it is denied for want of knowledge.

138.   The averments in Paragraph 138 of the second amended complaint are directed to another defendant and, therefore, no response is required of this answering defendant.  To the extent that a response to Paragraph 138 of the second amended complaint is required, it is denied for want of knowledge.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

139.    Nelson's claims for relief against the Sheriff are barred by the statute of limitations.

### SECOND DEFENSE

140.    The Sheriff's liability and any rights that Nelson has against the Sheriff are circumscribed by the waiver of sovereign immunity as set forth in Fla. Stat. § 768.28, and Nelson's action does not fully comply with the terms and conditions of that waiver.

### THIRD DEFENSE

141.    Nelson failed to comply with the presuit and pleading requirement set forth in Fla. Stat. § 768.28.

### FOURTH DEFENSE

142.    Nelson failed to comply with the presuit and pleading requirement set forth in Fla. Stat. ch. 766.

### FIFTH DEFENSE

143.    Nelson cannot recover any damages for which benefits have been paid or are available from any collateral source as defined by F.S. § 768.76 or as otherwise defined by law.

## SIXTH DEFENSE

144.    Nelson cannot recover damages that have been written off or paid for by any other source and for which he is not required to repay or for which no subrogation rights attach.

## SEVENTH DEFENSE

145.    Nelson has failed to mitigate his alleged damages.

## EIGHTH DEFENSE

146.    The damages Nelson alleges in this action may have been caused by third parties or persons over whom the Sheriff has no control or that are not otherwise causally related to the acts or omissions alleged against the Sheriff.

## NINTH DEFENSE

147.    Nelson is responsible for the satisfaction of all liens imposed for medical expenses incurred on his behalf by the Pinellas County Sheriff's Office during his incarcerations.

## TENTH DEFENSE

148.    Nelson's own negligence caused or contributed to, or was the sole proximate cause of, the damages that he complains of in the second amended complaint and his recovery should be reduced directly in proportion thereto.

## ELEVENTH DEFENSE

149.    Because there is no viable constitutional claim against any member of the Pinellas County Sheriff's Office, the constitutional claim against the Sheriff fails as a matter of law.

## TWELFTH DEFENSE

150.    The Sheriff is not vicariously liable for the unconstitutional acts of his employees or servants.

## THIRTEENTH DEFENSE

151.    As to all claims arising under Federal law, any injurious results alleged by Nelson or misconduct alleged against the Sheriff did not result from a custom, policy, or practice routinely in effect or put into place by the Sheriff, nor were they committed or ratified by a policymaker.

## FOURTEENTH DEFENSE

152.    The Sheriff reserves the right to raise other affirmative defenses to Nelson's second amended complaint as they become available during on-going investigation and discovery in this case.

## DEMAND FOR JURY TRIAL

The Sheriff demands a trial by jury of all issues so triable.

**WHEREFORE**, the Sheriff requests that judgment be entered in his favor on the plaintiff's claims and that the Sheriff be awarded the reasonable attorneys' fees and costs incurred in defending this action and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
Senior Associate Counsel
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Counsel for Defendant, Bob Gualtieri,
in his capacity as Sheriff of Pinellas
County, Florida

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 1, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle
Attorney