UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

                                  Case No.:       8:19-CV-00449-CEH-JSS

       Plaintiff,

vs.

BOB GAULTIERI, OFFICIAL CAPACITY
AS SHERIFF OF PINELLAS COUNTY,
FLORIDA DEPARTMENT OF CORRECTIONS,
CORIZON, LLC, MAXIM HEALTHCARE
SERVICES INC., MATTHEW SWICK, M.D.
and ALL FLORIDA ORTHOPAEDIC
ASSOCIATES, P.A., WITCHNER BELIZAIRE, M.D.

       Defendants.
_____/

**DEFENDANTS, MATTHEW SWICK, M.D. AND ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A.'s ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Pursuant to the State Court's Order of February 19, 2019, granting Plaintiff, WAHEED NELSON's Motion to File Second Amended Complaint to Add Causes of Action, deeming the Second Amended Complaint filed that same day, and granting the Defendants fifteen (15) days to file their responses, the Defendants, MATTHEW SWICK, M.D. and ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A. answers the Second Amended Complaint, Doc. 1-1, as follows:

**GENERAL ALLEGATIONS**

1

1. Admitted for jurisdictional purposes only; otherwise, this allegation is specifically denied.

2. This allegation is specifically denied. The Plaintiff's Second Amended Complaint raises "federal claims . . . predicated upon 14 U.S.C. §§ 1983 and 1988." As such, the United States District Court, Middle District of Florida, would have jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

3. Admitted for jurisdictional purposes only; otherwise, this allegation is specifically denied.

4. Without knowledge; therefore denied.

5. Without knowledge; therefore denied.

6. Without knowledge; therefore denied.

7. Without knowledge; therefore denied.

8. Without knowledge; therefore denied.

9. Without knowledge; therefore denied.

10. Without knowledge; therefore denied.

11. Without knowledge; therefore denied.

12. Without knowledge; therefore denied.

13. Without knowledge; therefore denied.

14. Without knowledge; therefore denied.

15. Without knowledge; therefore denied.

16. Without knowledge; therefore denied.

17. Admitted that Matthew Swick, M.D. is an Orthopedic Surgeon who was engaged to provide care to inmates like Mr. Nelson, and did, in fact, provide care to Mr. Nelson. As to the remaining allegations, the medical records speak for themselves

18. Admitted that Matthew Swick, M.D. was employed by All Florida Orthopaedic Associations, P.A.; the remaining allegations of this paragraph are specifically denied.

19. Without knowledge; therefore denied.

20. Without knowledge; therefore denied.

21. Without knowledge; therefore denied.

22. Without knowledge; therefore denied.

23. Without knowledge; therefore denied.

24. Without knowledge; therefore denied.

25. Denied.

26. Denied.

27. Without knowledge; therefore denied.

28. Denied.

29. Denied.

## COUNT I

**Medical Negligence Against
BOB GAULTIERI, OFFICIAL CAPACITY AS SHERIFF OF PINELLAS
COUNTY FOR PHYSICIANS, NURSE PRACTITIONERS AND NURSES
Respondeat Superior/Vicarious
Liability**

30.     Defendants, MATTHEW SWICK, M.D. and ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A, re-allege and re-incorporate all responses to the allegations contained in paragraphs one (1) through twenty-nine (29) above as if fully set forth herein, and further state:

31. – 40.  The allegations contained in Count I do not relate to these Defendants. To the extent that these allegations would apply to these Defendants, these allegations are specifically denied.

## COUNT II

**Medical Negligence Against
FLORIDA DEPARTMENT OF CORRECTIONS FOR
NEGLIGENCE FOR ITS PHYSICIANS,
NURSE PRACTITIONERS AND NURSES
Respondeat Superior/Vicarious
Liability**

41.     Defendants, MATTHEW SWICK, M.D. and ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A, re-allege and re-incorporate all responses to the allegations contained in paragraphs one (1) through twenty-nine (29) above as if fully set forth herein, and further state:

42. – 50.   The allegations contained in Count II do not relate to these Defendants.  To the extent that these allegations would apply to these Defendants, these allegations are specifically denied.

## COUNT III

### Medical Negligence Against
### WITCHNER BELIZAIRE, M.D.

51.   Defendants, MATTHEW SWICK, M.D. and ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A, re-allege and re-incorporate all responses to the allegations contained in paragraphs one (1) through twenty-nine (29) above as if fully set forth herein, and further state:

52. – 57.   The allegations contained in Count III do not relate to these Defendants.  To the extent that these allegations would apply to these Defendants, these allegations are specifically denied.

## COUNT III – [IV]
### [This Count has been mis-numbered by the Plaintiff.]

### Medical Negligence Against CORIZON, LLC
### Respondeat Superior/Vicarious Liability

58.   Defendants, MATTHEW SWICK, M.D. and ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A, re-allege and re-incorporate all responses to the allegations contained in paragraphs one (1) through twenty-nine (29) above as if fully set forth herein, and further state:

59. – 68. The allegations contained in Count III [IV] do not relate to these Defendants. To the extent that these allegations would apply to these Defendants, these allegations are specifically denied.

69. [Paragraph 69 has been excluded by the Plaintiff].

## COUNT IV [V]

### Medical Negligence Against MAXIM HEALTHCARE SERVICES, INC.
### Respondeat Superior/Vicarious Liability

70. Defendants, MATTHEW SWICK, M.D. and ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A, re-allege and re-incorporate all responses to the allegations contained in paragraphs one (1) through twenty-nine (29) above as if fully set forth herein, and further states:

71 - 80. The allegations contained in Count IV [V] do not relate to these Defendants. To the extent that these allegations would apply to these Defendants, these allegations are specifically denied.

## COUNT V [VI]

### Medical Negligence Against MATTHEW SWICK, M.D.

81. These Defendants reallege and incorporate herein by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

82. Admitted that Matthew Swick, M.D., is an Orthopedic Surgeon who did, in fact, provide care to the Plaintiff in a manner which was well within the prevailing professional standard of care, in light of all relevant surrounding

6

circumstances, which is recognized as acceptable and appropriate by reasonably prudent similar health care providers; denied to the extent that any physician-patient relationship or duty existed beyond the point in time that the Plaintiff failed to return as recommended; all remaining allegations of this paragraph are specifically denied.

83. Admitted that Matthew Swick, M.D., is an Orthopedic Surgeon who did, in fact, provided care to the Plaintiff in a manner which was well within the prevailing professional standard of care, in light of all relevant surrounding circumstances, which is recognized as acceptable and appropriate by reasonably prudent similar health care providers; denied to the extent that any physician-patient relationship or duty existed beyond the point in time that the Plaintiff failed to return as recommended; all remaining allegations of this paragraph are specifically denied.

84. Admitted that Matthew Swick, M.D., is an Orthopedic Surgeon who did, in fact, provide care to the Plaintiff in a manner which was well within the prevailing professional standard of care, in light of all relevant surrounding circumstances, which is recognized as acceptable and appropriate by reasonably prudent similar health care providers; denied to the extent that any physician-patient relationship or duty existed beyond the point in time that the Plaintiff failed to return as recommended; all remaining allegations of this paragraph are specifically denied.

85. Denied.

86. Denied.

    n)    Denied.

   o)  Denied.

   p)  Denied.

   q)  Denied.

87. Denied.

88. Denied.

## COUNT VI [VII]

### Medical Negligence Against
### ALL FLORIDA ORTHOPAEDIC ASSOCIATES,
### P.A. FOR DEFENDANT MATTHEW SWICK, M.D.
### Respondeat Superior/Vicarious
### Liability

89. These Defendants reallege and incorporate herein by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

90. Admitted that Dr. Swick is an Orthopedic Surgeon who did, in fact, provide care to the Plaintiff in a manner which was well within the prevailing professional standard of care, in light of all relevant surrounding circumstances, which is recognized as acceptable and appropriate by reasonably prudent similar health care providers; denied to the extent that any physician-patient relationship or duty existed beyond the point in time that the Plaintiff failed to return as recommended; all remaining allegations of this paragraph are specifically denied.

91. Admitted that Matthew Swick, M.D., is a shareholder and employee of All Florida Orthopaedic Associates, P.A., who acted within the scope of his employment at the time he rendered care to the Plaintiff; otherwise denied.

92. Admitted that Matthew Swick, M.D., is a shareholder and employee of All Florida Orthopaedic Associates, P.A., who acted within the scope of his employment at the time he rendered care to the Plaintiff; otherwise denied.

93. Admitted that Matthew Swick, M.D., is an Orthopedic Surgeon, employee and shareholder of All Florida Orthopaedic Associates, P.A., who did, in fact, provide care to the Plaintiff in a manner which was well within the prevailing professional standard of care, in light of all relevant surrounding circumstances, which is recognized as acceptable and appropriate by reasonably prudent similar health care providers; denied to the extent that any physician-patient relationship or duty existed beyond the point in time that the Plaintiff failed to return as recommended; all remaining allegations of this paragraph are specifically denied.

94. Admitted that Matthew Swick, M.D., is an Orthopedic Surgeon, with the requisite experience, knowledge and skill, who did, in fact, provide care to the Plaintiff in a manner which was well within the prevailing professional standard of care, in light of all relevant surrounding circumstances, which is recognized as acceptable and appropriate by reasonably prudent similar health care providers; otherwise without knowledge, therefore, denied.

95. Admitted that Matthew Swick, M.D. is an Orthopedic Surgeon who did, in fact, provide care to the Plaintiff in a manner which was well within the prevailing professional standard of care, in light of all relevant surrounding circumstances, which is recognized as acceptable and appropriate by reasonably

prudent similar health care providers; denied to the extent that any physician-patient relationship or duty existed beyond the point in time that the Plaintiff failed to return as recommended; all remaining allegations of this paragraph are specifically denied.

96. Admitted that Matthew Swick, M.D. is an Orthopedic Surgeon, a shareholder and employee of All Florida Orthopaedic Associates, P.A. who did, in fact, provide care to the Plaintiff in a manner which was well within the prevailing professional standard of care, in light of all relevant surrounding circumstances, which is recognized as acceptable and appropriate by reasonably prudent similar health care providers; denied to the extent that any physician-patient relationship or duty existed beyond the point in time that the Plaintiff failed to return as recommended; all remaining allegations of this paragraph are specifically denied.

97. Denied.

98. Denied.

    r) Denied.

    s) Denied.

    t) Denied.

    u) Denied.

## COUNT VII [VIII]

**Constitutional Failure to Treat
pursuant to 42 U.S.C. 1983
BOB GAULTIERI, OFFICIAL CAPACITY
AS SHERIFF OF PINELLAS COUNTY**

103. These Defendants reallege and incorporate herein by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

104.– 108. The allegations contained in Count VII [VIII] do not relate to these Defendants. To the extent that these allegations would apply to these Defendants, these allegations are specifically denied.

## COUNT VIII [IX]

### Constitutional Failure to Treat Pursuant to 42 U.S.0 1983
### WITCHNER BELIZAIRE, M.D.

109. These Defendants reallege and incorporate herein by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

110.– 114. The allegations contained in Count VIII [IX] do not relate to these Defendants. To the extent that these allegations would apply to these Defendants, these allegations are specifically denied.

## COUNT VIII [X]
## [This Count has been mis-numbered by the Plaintiff]

### Constitutional Failure
### to Treat pursuant to 42
### U.S.C. 1983
### CORIZON, LLC

115. These Defendants reallege and incorporate herein by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

116.– 123. The allegations contained in Count VIII [X] (mis-numbered by the Plaintiff) do not relate to these Defendants. To the extent that these allegations would apply to these Defendants, these allegations are specifically denied.

## COUNT IX [XI]

### Constitutional Failure to Treat
### Pursuant to 42 U.S.C. 1983
### Against MAXIM HEALTHCARE
### SERVICES, INC.

124. These Defendants reallege and incorporate herein by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

125.– 132. The allegations contained in Count IX [XI] do not relate to these Defendants. To the extent that these allegations would apply to these Defendants, these allegations are specifically denied.

## COUNT X [XII]

### Constitutional Failure to Treat
### pursuant to 42 U.S.C. 1983
### MATTHEW SWICK, M.D.

133. These Defendants reallege and incorporate herein by reference paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

134. Denied.

135. Admitted that Matthew Swick, M.D., is an Orthopedic Surgeon who did, in fact, provide care to the Plaintiff in a manner which was well within the prevailing professional standard of care, in light of all relevant surrounding circumstances, which is recognized as acceptable and appropriate by reasonably prudent similar health care providers; denied to the extent that any physician-patient relationship or duty existed beyond the point in time that the Plaintiff failed to return as recommended; all remaining allegations of this paragraph are specifically denied.

136. Denied.

    j) Denied.

    k) Denied.

    l) Denied.

    m) Denied.

137. Denied.

138. Denied.

### FIRST AFFIRMATIVE DEFENSE

Defendants affirmatively allege that the Plaintiff contributed to the injuries complained of, and as such, Plaintiff's claims against these Defendants should be comparatively reduced or barred.

### SECOND AFFIRMATIVE DEFENSE

Defendants affirmatively allege that third persons other than these Defendants were responsible for the injuries sustained by the Plaintiff, and as such, Plaintiff's claims against these Defendants should be comparatively reduced or barred.

### THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively allege that the Plaintiff has received or is entitled to receive collateral source benefits to which this Defendant is entitled to a lawful set-off.

### FOURTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that the Plaintiff has failed to mitigate their damages and/or losses, and as such, any claim of Plaintiff should be reduced by virtue of his/her failure to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that these Defendant are entitled to the statutory protections of Chapters 766 and 768, Florida Statutes.

### SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that any award of damages claimed by the Plaintiff must be apportioned pursuant to Florida Statutes §768.81, according to their relative responsibility and/or percentage of fault of each party.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that the Plaintiff has failed to comply with all of the conditions precedent to the bringing of this lawsuit.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that they are entitled to a set-off for any sums paid by any other Defendants or any other joint tortfeasors as payment or settlement in this cause.

### NINTH AFFIRMATIVE DEFENSE

Defendants affirmatively allege that in the event of a judgment for the Plaintiff, these Defendants are entitled to have that judgment made payable in accordance with

the alternative methods of payment of damage pursuant to the provisions of §768.78, Florida Statutes.

**TENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively allege that the statute of limitations has expired with regard to the claim of the Plaintiff. The Plaintiff has failed to bring this lawsuit within the applicable statute of limitations and, therefore, the claim is barred.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively allege that the Plaintiff's physical and medical state is as a result of a natural disease process and is not as a result of any injury or negligence by these Defendants; therefore, the Plaintiff's claim should be barred.

**TWELFTH AFFRIRMATIVE DEFENSE**

Defendants affirmatively allege that no physician-patient relationship or duty existed beyond the point in time that the Plaintiff failed to return for care as recommended by Matthew Swick, M.D.

WHEREFORE, these Defendants demand that judgment be entered in their favor, that Plaintiff take nothing by virtue of the Complaint, and that this Court thereupon allow Defendants to go hence without day and to award Defendants the reasonable costs incurred by them in connection with the defense of this action and for such other and further relief as this Court deems to be just and proper in the premises. These Defendants further request trial by jury on all issues so triable.

Respectfully submitted,

    /s/ Gabrielle Osborne
MINDY MCLAUGHLIN, ESQUIRE
Florida Bar No.:  96260
GABRIELLE OSBORNE, ESQUIRE
Florida Bar No. 16856
BEYTIN, MCLAUGHLIN, MCLAUGHLIN, O'HARA, KINMAN & BOCCHINO, P.A.
1706 East Eleventh Avenue
Tampa, FL  33605
Tel: (813) 226-3000; Fax: (813) 226-3001
*Email Designations:*  jvbarnes@law-fla.com
*and Secondary Electronic Mail Addresses:* law-fla@outlook.com
Attorneys for Defendants Matthew Swick, M.D. and All Florida Orthopaedic Associates, P.A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

    /s/ Gabrielle Osborne
Attorney