UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,   CASE NO.: 8-19-cv-00449-CEH-JSS

  Plaintiff,

vs.

BOB GUALTIERI, Official Capacity as
Sheriff of Pinellas County; FLORIDA
DEPARTMENT OF CORRECTIONS;
CORIZON, LLC; MAXIM HEALTHCARE
SERVICES, INC.; MATTHEW SWICK, M.D.;
ALL FLORIDA ORTHOPAEDIC
ASSOCIATES, P.A.; WITCHNER
BELIZAIRE, M.D.

  Defendants.
_____/

## DEFENDANT, MAXIM HEALTHCARE SERVICES, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

  Defendant, MAXIM HEALTHCARE SERVICES, INC. (hereinafter "MAXIM"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint [DE 1-1].

  MAXIM denies each and every allegation of Plaintiff's Second Amended Complaint not expressly or otherwise admitted below. MAXIM also specifically reserves the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

  MAXIM's response to the corresponding headings and each of the specifically numbered paragraphs of the Second Amended Complaint is as follows:

## GENERAL ALLEGATIONS

1. Admitted for jurisdictional purposes only; otherwise, denied.

2. Denied.

3. Admitted for jurisdictional purposes only; otherwise, denied.

4. No knowledge, therefore denied.

5. No knowledge, therefore denied.

6. No knowledge, therefore denied.

7. Admitted only as to MAXIM. Otherwise, no knowledge.

8. No knowledge, therefore denied.

9. Admitted that only GAIL MIRANDA NEWBY, ARNP was an Advanced Registered Nurse Practitioner licensed in the State of Florida and that GAIL MIRANDA NEWBY, ARNP owed Waheed Nelson a duty of care consistent with Florida law. Otherwise, no knowledge.

10. Admitted.

11. Admitted GAIL MIRANDA NEWBY, ARNP was an employee of MAXIM.

12. Admitted that only MAURICO RANGEL, M.D. is a medical physician licensed in the State of Florida and that MAURICO RANGEL, M.D. owed Waheed Nelson a duty of care consistent with Florida law. Otherwise, no knowledge.

13. Admitted GAIL MIRANDA NEWBY, ARNP was an employee of MAXIM.

14. Admitted that MAURICO RANGEL, M.D. is a medical physician licensed in the State of Florida; that MAURICO RANGEL, M.D. owed Waheed Nelson a duty of care consistent with Florida law and that MAURICIO RANGEL, M.D. was an employee of

MAXIM.

15. No knowledge, therefore denied.

16. No knowledge, therefore denied.

17. No knowledge, therefore denied.

18. No knowledge, therefore denied.

19. No knowledge, therefore denied.

20. No knowledge, therefore denied.

21. No knowledge, therefore denied.

22. No knowledge, therefore denied.

23. No knowledge, therefore denied.

24. Denied as to MAXIM. Otherwise, no knowledge.

25. Admitted only as to MAXIM, otherwise, no knowledge.

26. Denied MAXIM waived any condition precedent. Otherwise, no knowledge.

27. No knowledge, therefore denied.

28. No knowledge, therefore denied.

29. Denied as to MAXIM. Otherwise, no knowledge.

**COUNT I**
**Medical Negligence Against**
**BOB GAULTIERI, OFFICIAL CAPACITY AS SHERIFF OF PINELLAS COUNTY**
**FOR PHYSICIANS, NURSE PRACTITIONERS AND NURSES**
**Respondeat Superior/Vicarious Liability**

30. – 40. The allegations of Count I do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 30-40 is required, it is denied for want of knowledge.

**COUNT II**
**Medical Negligence Against**
**FLORIDA DEPARTMENT OF CORRECTIONS FOR NEGLIGENCE**
**FOR ITS PHYSICIANS,**
**NURSE PRACTITIONERS AND NURSES**
**Respondeat Superior/Vicarious Liability**

41. - 50.   The allegations of Count II do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 41-50 is required, it is denied for want of knowledge.

**COUNT III**
**Medical Negligence Against**
**WITCHNER BELIZAIRE, M.D.**

51. - 57.   The allegations of Count III do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 51-57 is required, it is denied for want of knowledge.

**COUNT III (SIC)**
**Medical Negligence Against**
**CORIZON, LLC**
**Respondeat Superior/Vicarious Liability**

58. - 68.   The allegations of Count III (sic) do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 58-68 is required, it is denied for want of knowledge.

**COUNT IV (SIC)**
**Medical Negligence Against**
**MAXIM HEALTHCARE SERVICES, INC.**
**Respondeat Superior/Vicarious Liability**

70.   MAXIM realleges its responses to paragraphs 1 through 29 as if fully set forth herein.

71.   Admitted only as to MAXIM's actual employees. Otherwise, denied.

72. Admitted that MAXIM HEALTHCARE SERVICES, INC. is vicariously liable for its actual employees. Otherwise, denied.

73. Admitted that MAURICO RANGEL, M.D. and GAIL NEWBY, ARNP were employed by MAXIM during their treatment of Waheed Nelson. Otherwise, denied.

74. Admitted that MAURICO RANGEL, M.D. and GAIL NEWBY, ARNP owed Waheed Nelson a duty of care consistent with Florida law. Otherwise, denied.

75. Admitted that MAURICO RANGEL, M.D. and GAIL NEWBY, ARNP were employed by MAXIM HEALTHCARE SERVICES, INC. during their treatment of Waheed Nelson. Otherwise, denied.

76. Denied.

77. Denied, including subparts a) – m).

78. Denied.

79. Denied.

80. Denied.

## COUNT V
### Medical Negligence Against
### MATTHEW SWICK, M.D.

81. - 88. The allegations of Count V do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 81-88 is required, it is denied for want of knowledge.

**COUNT VI**
**Medical Negligence Against**
**ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A.**
**FOR DEFENDANT MATTHEW SWICK, M.D.**
**Respondeat/Superior/Vicarious Liability**

89. - 102.   The allegations of Count VI do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 89-102 is required, it is denied for want of knowledge.

**COUNT VII**
**Constitutional Failure to Treat**
**Pursuant to 42. U.S.C. 1983**
**BOB GAULTIERI, OFFICIAL CAPACITY AS SHERIFF OF PINELLAS COUNTY**

103. - 108.   The allegations of Count VII do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 103-108 is required, it is denied for want of knowledge.

**COUNT VIII**
**Constitutional Failure to Treat**
**Pursuant to 42. U.S.C. 1983**
**WITCHNER BELIZAIRE, M.D.**

109. - 114.   The allegations of Count VIII do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 109-114 is required, it is denied for want of knowledge.

**COUNT VIII (SIC)**
**Constitutional Failure to Treat**
**Pursuant to 42. U.S.C. 1983**
**CORIZON, LLC**

115. - 123.   The allegations of Count VIII (sic) do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 115-123 is required, it is denied for want of knowledge.

<u>**COUNT IX (SIC)**</u>
**Constitutional Failure to Treat**
**Pursuant to 42. U.S.C. 1983**
**MAXIM HEALTHCARE SERVICES, INC.**

124.   MAXIM realleges its responses to paragraphs 1 through 29 as if fully set forth herein.

125.   Admitted only as to MAXIM's actual employees. Otherwise, denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied, including subparts a) – i).

130.   Denied.

131.   Denied.

132.   Denied.

<u>**COUNT X (SIC)**</u>
**Constitutional Failure to Treat**
**Pursuant to 42. U.S.C. 1983**
**MATTHEW SWICK, M.D.**

133. - 138.   The allegations of Count X (sic) do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 133-138 is required, it is denied for want of knowledge.

<u>**AFFIRMATIVE DEFENSES**</u>

1   <u>STATUTE OF LIMITATIONS</u>. Defendant affirmatively alleges that Plaintiff's action, which is found upon allegations of medical malpractice, is barred by the applicable statute of limitations set forth at Section 95.11(4)(b), *Florida Statutes*.

2. <u>PRE-EXISTING CONDITION</u>. Defendant affirmatively alleges that any injuries to Plaintiff resulted from a pre-existing condition unrelated to the medical care and treatment rendered by this Defendant.

3. <u>COMPARATIVE FAULT</u>. Defendant affirmatively alleges that this Defendant is not jointly liable for Plaintiff's damages in excess of any proportional responsibility that a jury may find against it, if any. Plaintiff has alleged that Bob Gualtieri, Official Capacity as Sheriff of Pinellas County, Florida Department of Corrections, Corizon, LLC, Matthew Swick, M.D., All Florida Orthopaedic Associates, P.A. and Witchner Belizaire, M.D. were also negligent in causing or contributing to the injuries and damages complained of. The negligence of this Defendant, other Defendants, and others not a party to this litigation, if any, should be compared and apportioned accordingly pursuant to the doctrines of comparative negligence and comparative fault as set forth in Section 768.81, *Florida Statutes* and applicable current Florida case law.

4. <u>NEGLIGENCE OF NON-PARTIES</u>. Defendant affirmatively alleges that the injuries and damages claimed by Plaintiff may have been legally caused by the negligence of others not named by the Plaintiff herein. If true, then those parties should be included on the Verdict Form as *Fabre v. Mesmer* Defendants, and the fault of the named Defendants herein, if any, apportioned accordingly. Plaintiff has brought claims against Bob Gualtieri, Official Capacity as Sheriff of Pinellas County, Florida Department of Corrections, Corizon, LLC, Matthew Swick, M.D., All Florida Orthopaedic Associates, P.A. and Witchner Belizaire, M.D. Should any of these parties settle or otherwise not be a part of the case when the case is submitted to a jury at trial, this Defendant will seek to have those parties listed on the Verdict

Form in accordance with the principles established in *Fabre*. Moreover, this Defendant specifically reserves the right to further amend this affirmative defense as discovery may warrant, consistent with the principles in *Nash v. Wells Fargo*, 678 So.2d 1262 (Fla. 1996).

5. COMPARATIVE NEGLIGENCE. Defendant affirmatively alleges that Plaintiff was negligent in causing or contributing to the injuries and damages alleged in Plaintiff's Second Amended Complaint. Therefore, the Plaintiff's recovery, if any, should be apportioned pursuant to the doctrine of comparative negligence.

6. COLLATERAL SOURCES. Defendant affirmatively alleges that in the event there is a determination of liability against this Defendant, it is entitled to a set off for all collateral sources or settlements paid or payable in accordance with Section 768.76, *Florida Statutes* and Florida case law.

7. ALTERNATIVE METHODS OF PAYMENT OF DAMAGE AWARDS. Defendant affirmatively alleges that in the event there is a determination of liability against this Defendant, it is entitled to the benefits of Section 768.78, *Florida Statutes*, concerning alternative methods of payments of damage awards.

8. CONSTIUTIONAL CLAIMS AGAINST EMPLOYEE(S) OF MAXIM. Defendant affirmatively alleges that as there is no viable constitutional claim against any employee of Maxim, the constitutional claim against Maxim fails as a matter of law.

9. NO VICARIOUS LIABILITY UNDER SECTION 1983. Defendant affirmatively alleges that it is not vicariously liable for the unconstitutional acts of its employees or servants.

10. <u>POLICY, CUSTOM OF PRACTICE.</u> Defendant affirmatively alleges that any injury alleged by Plaintiff or misconduct alleged against Maxim did not result from a custom, policy or practice routinely in effect or put in place by Maxim, nor were they committed or ratified by a policymaker. Additionally, Defendant affirmatively alleges and asserts that the acts and/or omissions of Defendant as alleged in the Second Amended Complaint are factually insufficient to state a cause of action against Defendant because said actions do not rise to the level of establishing a custom, pattern or practice of deliberate indifference or misconduct which rises to the level of deliberate indifference as required by 42 U.S.C. § 1983.

11. <u>DELIBERATE INDIFFERENCE.</u> Defendant affirmatively alleges that Plaintiff fails to state a cause of action for deliberate indifference under 42 U.S.C. § 1983. Specifically, the actions of Maxim's employees, even if true, constitute nothing more than negligence which does not state a claim for a violation of an individual's civil or constitutional rights under 42 U.S.C. §1983.

### DEMAND FOR JURY TRIAL

MAXIM demands a trial by jury of all issues so triable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed with the Clerk via the CM/ECF system, which will send notice of electronic filing to all attorneys on the attached Service List this <u>5th</u> day of March, 2019.

*/s/ Julie A. Tyk*
**DAVID O. DOYLE, JR., ESQUIRE**
Florida Bar No. 0084964
**JULIE A. TYK, ESQUIRE**
Florida Bar No. 84493

                                          PEARSON DOYLE MOHRE & PASTIS, LLP  
                                          485 N. Keller Road, Suite 401  
                                          Maitland, Florida  32751  
                                          (407) 647-0090 phone  
                                          (407) 647-0092 facsimile  
                                          Email: ddoyle@pdmplaw.com  
                                          Secondary Email: jtyk@pdmplaw.com  
                                          Additional Emails: jpreston@pdmplaw.com  
                                                                      lrover@pdmplaw.com  
                                          Attorneys for Defendant, Maxim Healthcare Services, Inc.

**SERVICE LIST**

| | |
|---|---|
| **Linda Bellomio Commons, Esquire**<br>Law Offices of Linda Bellomio Commons, P.A.<br>P. O. Box 340261<br>Tampa, FL 33694<br>lcommons@aol.com<br>lcommons@gmail.com<br>dheiser1@gmail.com | **Attorney for Plaintiff** |
| **James V. Cook, Esquire**<br>Law Office of James Cook<br>314 West Jefferson Street<br>Tallahassee, FL<br>cookjv@gmail.com | **Co-Counsel for Plaintiff** |
| **Mindy McLaughlin, Esquire**<br>Beytin, McLaughlin, McLaughlin, O'Hara, Bocchino & Bolin, P.A.<br>1706 East 11th Avenue<br>Tampa, FL 33605<br>jvbarnes@law.fla.com<br>law-fla@outlook.com | **Attorneys for Matthew Swick, M.D. & All Florida Orthopaedic Associates, P.A.** |
| **Paul G. Rozelle, Esquire**<br>Pinellas County Sheriff<br>General Counsel's Office<br>10750 Ulmerton Road<br>Largo, FL 33778<br>prozelle@pcsonet.com<br>amarcott1@pcsonet.com | **Attorney for Bob Gualtieri, Official Capacity as Sheriff of Pinellas County** |
| **Gregg Toomey, Esquire**<br>The Toomey Law Firm, LLC<br>The Old Robb & Stucky Building<br>1625 Hendry Street, Suite 203<br>Fort Myers, FL 33901<br>gat@thetoomeylawfirm.com<br>alr@thetoomeylawfirm.com<br>hms@thetoomeylawfirm.com | **Attorney for Corizon, LLC and Florida Department of Corrections** |