UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Waheed Nelson,

        Plaintiff,

                                        Case No. 8:19-cv-00449-CEH-JSS

vs.

Bob Gualtieri, et al.,

        Defendants.
_____/

**RESPONSE OF BOB GUALTIERI TO PLAINTIFF'S MOTION TO LIFT STAY LIMITING DISCOVERY TO THE STATUTE OF LIMITATIONS**

The Sheriff opposes Nelson's *Corrected Amended Motion to Lift Stay on Limited Discovery Entered by State Court re: the Statute of Limitations*. Doc. 29. Nelson's motion should be denied for the reasons set forth below.

**MEMORANDUM OF LAW**

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

1. As it concerns the Sheriff, this is a <u>Monell</u> and vicarious liability medical negligence case arising from treatment Nelson received at the Pinellas County Jail between January 7, 2015, and April 16, 2015. Doc. 36 ¶¶ 32 & 45.[1]

2. Nelson filed his complaint in state court on August 27, 2017. Doc. 1-2, at 6.

---

[1] On May 1, 2019, Nelson filed a third amended complaint without the necessary leave of court. Doc. 36. Nelson's unopposed motion seeking leave to file the third amended complaint is pending. Doc. 35.

3. In response to the complaint, the Sheriff moved to dismiss because, among other things, Nelson failed to comply with the presuit requirements of Florida's sovereign immunity statute, Fla. Stat. § 768.28. Doc. 1-2, at 68-70. Nelson's failure to comply with the sovereign immunity statute rendered the case subject to dismissal and, because Nelson filed suit outside the two-year statute of limitations for medical negligence claims, Fla. Stat. § 95.11(4)(b), Nelson's failure to comply with the sovereign immunity statute was incurable. Doc. 1-2, at 68-70.

4. Prior to the motion to dismiss being decided, Nelson filed an amended complaint, id. at 127, which the Sheriff again moved to dismiss, id. at 156-62.

5. The state court judge denied the Sheriff's motion to dismiss, id. at 259, but — following a lengthy hearing — ordered on May 24, 2018, that "[u]ntil further notice of this Court, the parties shall conduct discovery limited to whether this case was brought within the statute of limitations," id. at 305.

6. The hearing that resulted in the court's order limiting discovery to the statute of limitations largely concerned when the statute of limitations commenced — e.g., when did Nelson first learn of the injury and that there was a "reasonable possibility" that it was caused by medical negligence. Tanner v. Hartog, 618 So. 2d 177, 181-82 (Fla. 1993); Hillsborough Cmty. Mental Health Ctr. v. Harr, 618 So. 2d 187, 188-89 (Fla. 1993).

7. In particular, at the hearing, the Sheriff presented evidence from Nelson's writings and recorded phone calls that, by February 2015, Nelson was

aware of his injury and that, Nelson believed, it resulted from medical negligence. Doc. 1-2, at 214-17 ¶¶ 12-22.  The judge therefore ordered the parties to conduct discovery on the statute of limitations and she said at the hearing move for summary judgment on the statute of limitations if such a motion was warranted.

8. No party objected to the judge's order.

9. In fact, Nelson conducted discovery limited to the statute of limitations issue. The Sheriff attempted to do so, too. However, the undersigned counsel represents that at the time this case was removed to federal court, Nelson's lawyers refused to make Nelson available for deposition on the statute of limitations issue.

10. The defendants removed the case on February 21, 2019, after Nelson filed a second amended complaint that asserted federal claims for relief under § 1983. Doc. 1.

11. Following removal, on April 15, 2019, Nelson filed a motion to lift the stay on limited discovery, Doc. 26, and amended his motion the next day, Doc. 27. On April 17, 2019, Nelson filed a "Correct Amended" motion. Doc. 29.[2] Given the filing of the "Corrected Amended" motion, the Court denied both the original motion and the amended motion as moot. Doc. 30.

---

[2] Nelson filed his motion at 6:27 p.m. on April 17, 2019, causing it to be deemed filed the next day. L.R. 1.07(c) ("Service by delivery after 5:00 p.m. shall be deemed to have been made on the next business day."). Responses to the motion is due May 2, 2019, pursuant to Fed. R. Civ. P. 6(a)(1)(A-C), Fed. R. Civ. P. 6(d), and L.R. 3.01(b).

## II.  DISCOVERY LIMITED TO THE STATUTE OF LIMITATIONS SHOULD BE COMPLETED

12. The state court judge's order limiting discovery to the statute of limitations issue remains in effect. 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

13. Despite participating in discovery under that order, Nelson now seeks to set it aside because he claims it is "void as it was entered without notice, thus it is a violation of due process." Doc. 29, at 2 ¶ 3. Nelson never claimed in state court that the judge's order was somehow "void."

14. Indeed, as explicitly encompassed by Fed. R. Civ. P. 16, 26, 37, and 42, and their state counterparts (Fla. R. Civ. P. 1.200, 1.280, 1.380, and 1.410), trial courts exercise wide-ranging managerial control over civil cases, including the conduct, timing, and sequencing of discovery. See, e.g., <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962).

15. Nelson further claims that, "as a matter of law," this lawsuit was brought timely and that completing discovery limited to the statute of limitations would be futile. Doc. 29, at 2 ¶ 4.

16. Nelson repeatedly made this same argument — e.g., that the lawsuit as a matter of law was timely filed — to the state court judge in motions and at the hearing on those motions. Doc. 1-2, at 183-90, 250-55. The Court denied Nelson's motions. Id. at 259, 304-05.

17. The crux of Nelson's argument is that Florida's medical negligence tolling provisions operate to bring his suit within the stature of limitations. However, Florida's statutory tolling provisions governing medical negligence claims "ha[ve] no effect on the limitations period enunciated in the Sovereign Immunity Act . . . ." Wright v. Polk County Pub. Health Unit, 601 So. 2d 1318, 1319 (Fla. 2d DCA 1992).

18. In this case, Nelson mailed his notice under the sovereign immunity statute on May 13, 2017, Doc. 1-2, at 224-26, and filed suit on August 27, 2017, Doc. 1-1. Nelson was no longer in jail after April 16, 2015, more than two years before he gave notice under the sovereign immunity statute. Doc. 36, at 7 ¶ 45.

19. Therefore, to resolve the issue of whether Nelson timely gave notice under the sovereign immunity statute and timely filed his lawsuit, all that remains to be discovered — and ultimately presented to the Court in an undisputed summary judgment record — is when Nelson became aware of his injury and that it was caused by medical negligence. Tanner, 618 So. 2d at 181-82.

20. Indeed, in responding to the motion to dismiss the complaint, Nelson admitted that the statute of limitations issue "is an argument for summary judgment . . . ." Doc. 1-2, at 112 ¶ 9.

21. The parties should be permitted time to complete this discovery and given the opportunity to present an undisputed record to the Court on the statute of limitations issue. Doing so not only respects the letter and intent of the state court

judge's order but, importantly, furthers judicial efficiency and economy by permitting those claims that can be disposed of early in the litigation to be resolved.

22. Permitting the parties to complete limited discovery on the statute of limitations issue also fulfills the promise of Florida's limited waiver of sovereign immunity, which is strictly construed.  Smart v. Monge, 667 So. 2d 957, 959 (Fla. Dist. Ct. App. 1996).  The Sheriff should not be subject to full discovery in a case already proceeding on a third amended complaint and involving six other defendants when the issue of whether Nelson timely gave notice under the sovereign immunity statute can be quickly resolved, thereby narrowing and limiting the issues in dispute and allowing what remains of the case to proceed quickly and efficiently.

23. Accordingly, the Sheriff respectfully requests that the Court deny Nelson's motion.  Furthermore, the Sheriff believes that it would be appropriate and helpful to the efficient prosecution of this case to order a time-certain during which the parties are to complete limited discovery and, following which, they are to move for summary judgment on the statute of limitations issue.

[*Remainder of page intentionally left blank*]

Respectfully submitted,

/s/ Paul G. Rozelle
Paul G. Rozelle
Senior Associate Counsel
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:   (727) 582-6459
prozelle@pcsonet.com
amarcott1@pcsonet.com
Counsel for Defendant, Bob Gualtieri, in his capacity as Sheriff of Pinellas County, Florida

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 2, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Paul G. Rozelle