UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

      Plaintiff,

vs.

BOB GUALTIERI, capacity as Sheriff of
Pinellas County, Florida, DEPARTMENT OF
CORRECTIONS, CORIZON LLC, MAXIM
HEALTHCARE SERVICES, INC.,
MATTHEW SWICK M.D., ALL FLORIDA
ORTHOPEDICS ASSOCIATES, P.A., and
WITCHNER BELIZAIRE M.D.,

      Defendants.

Case No. 8:19-cv-449-T-36JSS

## APPENDIX
## EXHIBIT INDEX

| Date: | Name of Document: | Page #: |
|---|---|---|
| 06/13/17 | **Exhibit A** – Letter and E-mail stating Corizon would assume defense (per contract) | 001 |
| 08/05/17 | **Exhibit B** – Presuit discovery to Attorney Toomey (letter and email) | 005 |
| 07/10/17 & 10/16/17 | **Exhibit C** – Denial letters for Notices of Intent to Department of Corrections, Corizon employees; and Dr. Belizaire | 011 |
| 04/05/17 & 07/11/17 | **Exhibit D** – Affidavits of Dr. Husted and Dr. Genecin | 019 |
| 01/31/18 | **Exhibit E** – Statute of Limitations Extension | 023 |
| 04/05/17 – 07/11/17 | **Exhibit F** - Notice to Department of Corrections with greencard (§768.28); Notice of Intent to Department of Corrections (§766.106); Notice of Intent to Corizon w attachments; Notice to Pinellas Co. Sheriff (§768.28); Notice of Intent to Dr. Belizaire w attachments | 024 |
| | **Exhibit G** – Dr. Belizaire's medical license | 060 |



**PAM BONDI**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
Tort Litigation Bureau

Anthony Dean Johnson
Assistant Attorney General
PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3649          Fax (850) 488-4872
*http://www.myfloridalegal.com*

June 13, 2017

**Via Email and U.S. Mail**

Linda Bellomio Commons, Esq.
Linda Bellomio Commons, P.A.
P.O. Box 340261
Tampa, Florida 33694

RE:    **Waheed Nelson** – Notice of Intent to Initiate Litigation for Medical
          Malpractice

Dear Ms. Commons:

This letter confirms that Corizon Health Services, through its counsel, Mr. Gregg A.
Toomey, has accepted the tender of the defense of the above referenced medical
malpractice allegations against the Florida Department of Corrections regarding your
client Waheed Nelson.  Please direct all inquiries and requests regarding this presuit to
Mr. Toomey.  Mr. Toomey's contact information is as follows:

Gregg A. Toomey, Esq.
The Toomey Law Firm
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, Florida 33901
(239) 337-0103
"Gregg A. Toomey" gat@thetoomeylawfirm.com

1

Thank you and please do not hesitate to contact me if you have any further questions or concerns.

Sincerely,

Anthony Dean Johnson
Assistant Attorney General


cc:

Gregg A. Toomey, Esq.

**From:** Anthony Johnson <Anthony.Johnson@myfloridalegal.com>
**To:** lcommons <lcommons@aol.com>
**Cc:** Britt Thomas <Britt.Thomas@myfloridalegal.com>; Gregg A. Toomey <gat@thetoomeylawfirm.com>
**Subject:** Waheed Nelson -- Notice of Intent to Initiate Litiation for Medical Malpractice
**Date:** Tue, Jun 13, 2017 12:26 pm
**Attachments:** Letter to Commons 6.13.17.pdf (579K)

Dear Ms. Commons:

Please see the attached correspondence confirming Corizon's acceptance of the tender of defense for Florida Department of Corrections in the above referenced matter:

*(See attached file: Letter to Commons 6.13.17.pdf)*

Sincerely,


**A. Dean Johnson**
Assistant Attorney General
Tort Litigation Bureau
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Tel: (850) 414-3300, direct (850)414-3649
Fax: (850) 488-4872
E-mail: anthony.johnson@myfloridalegal.com

**From:** Britt Thomas <Britt.Thomas@myfloridalegal.com>
**To:** Lcommons <Lcommons@aol.com>
**Cc:** Anthony Johnson <Anthony.Johnson@myfloridalegal.com>
**Subject:** Presuit Re: Waheed Nelson
**Date:** Fri, May 5, 2017 4:13 pm

Ms. Commons -- I appreciate you taking the time today to speak to us. As we discussed, Mr. Johnson and I are counsel to the Department of Corrections. In that regard, you have graciously extended the time period for responding to your informal discovery requests. Those requests will now due by Wednesday, May 24. I also hope by then to have further clarification regarding the position of the Department's medical services contractor responsible for patient care at RMC during the relevant time frame. In the meantime, please feel free to call should you have any questions.

Britt Thomas, Chief Assistant Attorney General
Tort Litigation Bureau
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, FL 32399-1050
(850) 414-3300, direct (850) 414-3648
Facsimile (850) 488-4872
*Britt.Thomas@myfloridalegal.com*

*Law Offices of*

# Linda Bellomio Commons, P.A.

| **Tampa Office:** | **Mailing Address:** | **Spring Hill Office:** |
|---|---|---|
| Telephone: (813) 679-3181 | P.O. Box 340261 | (352) 610-4416 |
| Facsimile: (813)  265-3010 | Tampa, Florida 33694 | |

August 5, 2017

Gregg A. Toomey, Esq.                        Re: <u>Waheed Nelson vs. Dr. Witchner Belizaire</u>

**VIA EMAIL**
gat@thetoomeylawfirm.com

### <u>SUPPLEMENTAL PRESUIT INTERROGATORIES AND REQUEST FOR PRODUCTION</u>

1.      It is my understanding that your client, Corizon, LLC is assuming the defense for the Florida Department of Corrections.  Therefore, please answer number 2 of Waheed Nelson's initial presuit request.

2.      Please answer number 18 of Waheed Nelson's presuit request and provide the contract of employment between Dr. Witchner Belizaire and the Florida Department of Corrections.

3.      Please answer number 18 of Waheed Nelson's presuit request and provide the contract of employment between Dr. Witchner Belizaire and Corizon, LLC.

4.      Please provide potential dates for Dr. Belizaire's unsworn statement, for the end of August and September, 2017.

5.      Please advise what is  Dr. Witchner Belizaire 's specialty?

6.      Please provide a copy of Dr. Witchner Belizaire's CV.

7.      Please provide a better response to Waheed Nelson's presuit request number 20.

8.      Please provide the contract between Corizon LLC and the Florida Department of Corrections.

Thank you for your attention to this matter.

Sincerely,

Linda Bellomio Commons, Esq.

LBC/amb

005

**From:** Linda Bellomio Commons, R.N., J.D. <lcommons@aol.com>
**To:** hms <hms@thetoomeylawfirm.com>
**Cc:** gat <gat@thetoomeylawfirm.com>; alr <alr@thetoomeylawfirm.com>
**Subject:** Re: Waheed Nelson
**Date:** Sat, Aug 5, 2017 5:15 pm
**Attachments:** Letter to Atty Toomey - Presuit Discovery Requests.pdf (16K)

Please see attached discovery requests

*Linda Bellomio Commons, R.N., J.D.*
Law Office of Linda Bellomio Commons, P.A.
P.O. Box 340261
Tampa, FL 33694
T:(813) 679-3181
T:(352) 610-4416
F:(813) 265-3010
Email: LCommons@aol.com

This e-mail contains legally privileged and confidential information intended only for the individual or entity named within the message. Should the intended recipient forward this message to another person or party, that action could constitute a waiver of the attorney/client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited. If this communications was received in error, please notify us by reply e-mail and delete the original message.

-----Original Message-----
From: Heidi Szolga <hms@thetoomeylawfirm.com>
To: lcommons <lcommons@aol.com>
Cc: Gregg A. Toomey <gat@thetoomeylawfirm.com>; Andrea L. Rousseau <alr@thetoomeylawfirm.com>
Sent: Mon, Jul 31, 2017 3:00 pm
Subject: Waheed Nelson

Attached please find correspondence on the above matter. Please contact our office should you have any questions.
Thank you,

Heidi
Heidi M. Szolga, Legal Assistant
The Toomey Law Firm
Main:  (239) 337-1630
Fax:  (239) 337-0307
Email:  hms@thetoomeylawfirm.com



The Toomey Law Firm LLC
The Old Robb & Stucky Building
1625 Hendry St., Suite 203
Fort Myers, FL  33901

CONFIDENTIALITY NOTE: This email and any attachments may be confidential and should be considered protected by legal privileges. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have

received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

*Law Offices of*

# Linda Bellomio Commons, P.A.

**Tampa Office:**
Telephone: (813) 679-3181
Facsimile: (813) 265-3010

**Mailing Address:**
P.O. Box 340261
Tampa, Florida 33694

**Spring Hill Office:**
(352) 610-4416

August 5, 2017

Gregg A. Toomey, Esq.

Re: Waheed Nelson vs. Dr. Witchner Belizaire

**VIA EMAIL**
gat@thetoomeylawfirm.com

## SUPPLEMENTAL PRESUIT INTERROGATORIES AND REQUEST FOR PRODUCTION

1.      It is my understanding that your client, Corizon, LLC is assuming the defense for the Florida Department of Corrections.  Therefore, please answer number 2 of Waheed Nelson's initial presuit request.

2.      Please answer number 18 of Waheed Nelson's presuit request and provide the contract of employment between Dr. Witchner Belizaire and the Florida Department of Corrections.

3.      Please answer number 18 of Waheed Nelson's presuit request and provide the contract of employment between Dr. Witchner Belizaire and Corizon, LLC.

4.      Please provide potential dates for Dr. Belizaire's unsworn statement, for the end of August and September, 2017.

5.      Please advise what is  Dr. Witchner Belizaire 's specialty?

6.      Please provide a copy of Dr. Witchner Belizaire's CV.

7.      Please provide a better response to Waheed Nelson's presuit request number 20.

8.      Please provide the contract between Corizon LLC and the Florida Department of Corrections.

Thank you for your attention to this matter.

Sincerely,

Linda Bellomio Commons, Esq.

LBC/amb

008

**From:** Linda Bellomio Commons, R.N., J.D. <lcommons@aol.com>
**To:** hms <hms@thetoomeylawfirm.com>; gat <gat@thetoomeylawfirm.com>; alr <alr@thetoomeylawfirm.com>
**Subject:** Fwd: Waheed Nelson
**Date:** Thu, Aug 24, 2017 12:18 pm
**Attachments:** Letter to Atty Toomey - Presuit Discovery Requests.pdf (16K)

May I have a response?

-----Original Message-----
From: Linda Bellomio Commons, R.N., J.D. <lcommons@aol.com>
To: hms <hms@thetoomeylawfirm.com>
Cc: gat <gat@thetoomeylawfirm.com>; alr <alr@thetoomeylawfirm.com>
Sent: Sat, Aug 5, 2017 5:15 pm
Subject: Re: Waheed Nelson

Please see attached discovery requests

*Linda Bellomio Commons, R.N., J.D.*
Law Office of Linda Bellomio Commons, P.A.
P.O. Box 340261
Tampa, FL 33694
T:(813) 679-3181
T:(352) 610-4416
F:(813) 265-3010
Email: LCommons@aol.com
This e-mail contains legally privileged and confidential information intended only for the individual or entity
named within the message. Should the intended recipient forward this message to another person or party, that
action could constitute a waiver of the attorney/client privilege. If the reader of this message is not the intended
recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review,
dissemination, distribution or copying of this communication is prohibited. If this communications was received
in error, please notify us by reply e-mail and delete the original message.

-----Original Message-----
From: Heidi Szolga <hms@thetoomeylawfirm.com>
To: lcommons <lcommons@aol.com>
Cc: Gregg A. Toomey <gat@thetoomeylawfirm.com>; Andrea L. Rousseau <alr@thetoomeylawfirm.com>
Sent: Mon, Jul 31, 2017 3:00 pm
Subject: Waheed Nelson

Attached please find correspondence on the above matter. Please contact our office should you
have any questions.
Thank you,

Heidi
Heidi M. Szolga, Legal Assistant
The Toomey Law Firm
Main:  (239) 337-1630
Fax:  (239) 337-0307
Email:  hms@thetoomeylawfirm.com

   The Toomey Law Firm LLC
The Old Robb & Stucky Building



1625 Hendry St., Suite 203
Fort Myers, FL 33901

CONFIDENTIALITY NOTE: This email and any attachments may be confidential and should be considered protected by legal privileges. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.



# THE TOOMEY LAW FIRM

The Old Robb & Stucky Building
1625 Hendry St., Suite 203, Ft. Myers, Florida 33901
Telephone: 239.337.1630 / Facsimile: 239.337.0307
www.thetoomeylawfirm.com

Reply to: gat@thetoomeylawfirm.com
Direct Line: 239.337.0103
July 10, 2017

***Via Email to: lcommons@aol.com and Certified Mail, Return Receipt Requested***
Linda Bellomio Commons
PO Box 340261
Tampa, FL 33625

Re:     Your Client: Waheed Nelson

Dear Ms. Bellomio-Commons:

Based on our investigation of this claim, we do not believe that the Florida Department of Corrections ("FDOC"), Corizon, LLC or any FDOC or Corizon employee, including its physicians and nurses, departed from the standard of care or that they were responsible for the damages claimed by your client.

We are enclosing a sworn "Corroboration of Lack of Reasonable Grounds for Medical Negligence Litigation" affidavit executed by Todd Wilcox, M.D., to support our rejection of your client's claims against the FDOC, Corizon, LLC and their employees, including its physicians and nurses.

Very truly yours,

Gregg A. Toomey

GAT/ar
Enclosure as stated

# AFFIDAVIT TODD WILCOX, M.D.

STATE OF ~~UTAH~~ Arizona    )
                                : SS

COUNTY OF ~~SALT LAKE~~    )
                    Maricopa

BEFORE ME, the undersigned authority, this day personally appeared Todd Wilcox, M.D. who after being duly sworn, deposes and says as follows:

a.    My name is Todd Wilcox, M.D. I am a medical expert as defined by Florida Statute 766.202(6) in that I am a correctional physician currently licensed to practice in the State of Utah.

b.    I have been practicing as such for 20 years. I am currently in private practice in Salt Lake City, Utah. My curriculum vitae is attached hereto and incorporated by reference.

c.    I am board certified by the American Board of Urgent Care Medicine, American Academy of HIV Medicine and I am an Advanced Certified Correctional Health Care Provider. During the 20 years immediately preceding the date of this incident, my medical practice included evaluation, diagnosis and treatment of the medical condition which is the subject of this claim, as well as interaction with other healthcare providers.

d.    I have never been disqualified as an expert in court when rendering an expert opinion. I have not rendered a previous medical opinion which has been disqualified in any administrative forum, court of law or proceeding to my knowledge. I have never been found guilty of fraud or perjury in any jurisdiction.

e.    I am familiar with the prevailing professional standard of care for the care and treatment of patients with signs and symptoms such as Waheed Nelson in Florida and similar medical communities throughout the United States. I have reviewed and analyzed the following pertaining to Waheed Nelson:

- Notice of Intent served on Corizon

- Florida Department of Corrections medical records

- Corizon Health Utilization Management records

- Pinellas Surgical Associates medical records.

f.    Based on my training and experience and my review of the records provided to me, it is my opinion that the care and treatment afforded to Waheed Nelson by Corizon, LLC ("Corizon") and it's employees during his incarceration within the Florida Department of Corrections met the prevailing standard of care in Florida, for patients undergoing this type of care. Nothing that Corizon or its employees did or did not do with regard to the care and treatment of Waheed Nelson deviated from the standard of care, and did not cause or contribute to any damage.

g.    In summary, I believe that the care and treatment rendered to Waheed Nelson by Corizon was appropriate. Thus, I find no deviation from the standard of care regarding the care and treatment rendered to Waheed Nelson by Corizon and its employees, and nothing Corizon or its employees did or failed to do caused or contributed to any injury to Waheed Nelson.

FURTHER AFFIANT SAITH NAUGHT.

DATED on this __10th__ day of __July__, 2017.

_____
Todd R. Wilcox, M.D.

The foregoing instrument was acknowledged before me this __10__ day of __July__ _____, 2017.  The above-named individual, Todd R. Wilcox, M.D., is personally known to me or has produced the following identification which is current or has been issued within the past five years and bears a serial or other identifying number and did (did not) take an oath:

_____   the sworn written statement of a credible witness (who is personally known to the Notary) that the signer is personally known to the witness;

__X__   a driver's license or non-driver's ID issued by __Utah__ or any other U.S. state;

_____
(Signature of Notary)

Christine Amaro
Notary Public
Maricopa County, Arizona
My Comm. Exp. 08-18-2020

__Christine Amaro__
(Name of Notary Typed, Printed or Stamped)

NOTARY PUBLIC STATE OF __Arizona__
(Commission number) (Notarial Seal)

My Commission Expires: __08·18·2020__



# THE TOOMEY LAW FIRM

The Old Robb & Stucky Building
1625 Hendry St., Suite 203, Ft. Myers, Florida 33901
Telephone: 239.337.1630 / Facsimile: 239.337.0307
www.thetoomeylawfirm.com

Reply to: gat@thetoomeylawfirm.com
Direct Line: 239.337.0103
October 16, 2017

***Via Email to: lcommons@aol.com***
Linda Bellomio Commons
PO Box 340261
Tampa, FL 33625

Re:   Your Client: Waheed Nelson

Dear Ms. Bellomio-Commons:

Based on our investigation of this claim, we do not believe that Dr. Witchner Belizaire departed from the standard of care or that he was responsible for the damages claimed by your client.

We are enclosing a sworn "Corroboration of Lack of Reasonable Grounds for Medical Negligence Litigation" affidavit executed by Todd Wilcox, M.D., to support our rejection of your client's claims against Dr. Belizaire.

Very truly yours,

Gregg A. Toomey

GAT/hms
Enclosure as stated

015

## AFFIDAVIT TODD WILCOX, M.D.

STATE OF ~~UTAH~~ Arizona      )
                             : SS
COUNTY OF ~~SALT LAKE~~ Maricopa  )

      BEFORE ME, the undersigned authority, this day personally appeared Todd Wilcox, M.D. who after being duly sworn, deposes and says as follows:

      a.     My name is Todd Wilcox, M.D. I am a medical expert as defined by Florida Statute 766.202(6) in that I am a correctional physician currently licensed to practice in the State of Utah.

      b.     I have been practicing as such for 20 years. I am currently in private practice in Salt Lake City, Utah. My curriculum vitae is attached hereto and incorporated by reference.

      c.     I am board certified by the American Board of Urgent Care Medicine, American Academy of HIV Medicine and I am an Advanced Certified Correctional Health Care Provider. During the 20 years immediately preceding the date of this incident, my medical practice included evaluation, diagnosis and treatment of the medical condition which is the subject of this claim, as well as interaction with other healthcare providers.

      d.     I have never been disqualified as an expert in court when rendering an expert opinion. I have not rendered a previous medical opinion which has been disqualified in any administrative forum, court of law or proceeding to my knowledge. I have never been found guilty of fraud or perjury in any jurisdiction.

      e.     I am familiar with the prevailing professional standard of care for the care and treatment of patients with signs and symptoms such as Waheed Nelson in Florida and similar medical communities throughout the United States. I have reviewed and analyzed the following pertaining to Waheed Nelson:

- Notice of Intent served on Corizon
- Florida Department of Corrections medical records
- Corizon Health Utilization Management records
- Pinellas Surgical Associates medical records.

f. Based on my training and experience and my review of the records provided to me, it is my opinion that the care and treatment afforded to Waheed Nelson by Corizon, LLC ("Corizon") and it's employees during his incarceration within the Florida Department of Corrections met the prevailing standard of care in Florida, for patients undergoing this type of care. Nothing that Corizon or its employees did or did not do with regard to the care and treatment of Waheed Nelson deviated from the standard of care, and did not cause or contribute to any damage.

g. In summary, I believe that the care and treatment rendered to Waheed Nelson by Corizon was appropriate. Thus, I find no deviation from the standard of care regarding the care and treatment rendered to Waheed Nelson by Corizon and its employees, and nothing Corizon or its employees did or failed to do caused or contributed to any injury to Waheed Nelson.

FURTHER AFFIANT SAITH NAUGHT.

DATED on this 10th day of July, 2017.

_____
Todd R. Wilcox, M.D.

The foregoing instrument was acknowledged before me this 10 day of July, 2017. The above-named individual, Todd R. Wilcox, M.D., is personally known to me or has produced the following identification which is current or has been issued within the past five years and bears a serial or other identifying number and did (did not) take an oath:

_____ the sworn written statement of a credible witness (who is personally known to the Notary) that the signer is personally known to the witness;

X a driver's license or non-driver's ID issued by UTah or any other U.S. state;

_____
(Signature of Notary)

Christine Amaro
Notary Public
Maricopa County, Arizona
My Comm. Exp. 08-18-2020

Christine Amaro
(Name of Notary Typed, Printed or Stamped)

NOTARY PUBLIC STATE OF Arizona
(Commission number) (Notarial Seal)

My Commission Expires: 08·18·2020

# AFFIDAVIT OF DANIEL HUSTED, M.D.

STATE OF FLORIDA

COUNTY OF MARTIN

COMES NOW, Daniel Husted, M.D., being first duly sworn, who deposes and says as follows:

1. My name is Daniel Husted, M.D. I am an active doctor duly licensed to practice medicine in the State of Florida. My qualifications are set out fully in my curriculum vitae, a copy of which is attached hereto and incorporated by reference herein.

2. I have reviewed the following medical records and materials concerning Waheed Nelson:

Pinellas County Jail and RMC

3. During the past three (3) · years, my medical and surgical practice has included the evaluation, diagnosis and treatment of medical conditions that are the subject matter of claims brought on behalf of Waheed Nelson and I have had prior experience treating patients presenting with similar conditions.

4. I am familiar with the acceptable standards of care of the healthcare providers who are listed hereinafter and who are the subject of my opinions, and furthermore, I am familiar with the acceptable standards of care for the management of patients presenting with symptoms similar to those of Waheed Nelson.

5. It is my professional opinion that there exists reasonable grounds to believe that there was medical negligence on the part of Mathew Swick, M.D. , nurse practitioners, Pinellas Surgical Associates, Pinellas County Jail and RMC in their care and treatment of Waheed Nelson and that such medical negligence resulted in the loss of the limb.

019

6. My opinions include, but are not limited to: Mr. Nelson suffered a fall and fractured his right ankle, specifically a talus and calcaneus fracture that went untreated. In the presence of diabetes and neuropathy, this resulted in significant charcot deformity, destruction and ultimately loss of his limb.

7. All of the opinions stated in this affidavit are expressed within a reasonable degree of medical probability and are based upon my education, training and experience, and upon my review of the records of Waheed Nelson.

8. This affidavit is not intended to, and does not, contain all of the opinions that I have reached concerning Waheed Nelson's care.

9. No opinion of mine has ever been disqualified by any court.

FURTHER AFFIANT SAYETH NOT.

_____
DANIEL HUSTED, M.D.

SWORN TO AND SUBSCRIBED, before me this _____5_____ day of _____April_____, 2017.

_____
NOTARY PUBLIC

My commission expires:



CYNTHIA HOBBS DEMOYA
Notary Public - State of Florida
Commission # FF 992200
My Comm. Expires Jun 18, 2020
Bonded through National Notary Assn.

020

# AFFIDAVIT OF PAUL GENECIN, M.D.

STATE OF CONNECTICUT

COUNTY OF NEW HAVEN

COMES NOW, PAUL GENECIN, M.D., being first duly sworn, who deposes and says as follows:

1. My name is PAUL GENECIN, M.D.   I am an active doctor duly licensed to practice medicine in the State of Connecticut and approved to render expert opinions in Florida.  My qualifications are set out fully in my curriculum vitae, a copy of which is attached hereto and incorporated by reference herein.

2. I have reviewed the following medical records and materials concerning Waheed Nelson:

>Pinellas County Jail
>RMC (Lake Butler Correctional Facility)

3. During the past three (3) years, my medical and surgical practice has included the evaluation, diagnosis and treatment of medical conditions that are the subject matter of claims brought on behalf of Waheed Nelson and I have had prior experience treating patients presenting with similar conditions.

4. I am familiar with the acceptable standards of care of the healthcare providers who are listed hereinafter and who are the subject of my opinions, and furthermore, I am familiar with the acceptable standards of care for the management of patients presenting with symptoms similar to those of Waheed Nelson.

5. It is my professional opinion that there exists reasonable grounds to believe that there was medical negligence on the part of Kevin Kyle, M.D. Benard Yukna, M.D. Witchner Belizaire, M.D. Maurico Rangel, M.D., nurses and nurse practitioners:

Constance Bumiller, Gail Newby, Darlene Liberti, in their care and treatment of Waheed Nelson and that such medical negligence resulted in the loss of his leg.

6.  My opinions include, but are not limited to, that the care was below the standard of care, by:

   a.  Failure to treat infection

   b.  Failure to consult infectious disease specialist

   c.  Delay in treatment and follow up

   d.  Failure to follow up with orthopedic consults and failure to be proactive in the treatment; instead, only pain medicine and ointment symptomatic treatment was given.

   e.  Delay in care and lack of follow up caused or contributed to the loss of limb

7.  All of the opinions stated in this affidavit are expressed within a reasonable degree of medical probability and are based upon my education, training and experience, and upon my review of the records of Waheed Nelson.

8.  This affidavit is not intended to, and does not, contain all of the opinions that I have reached concerning Waheed Nelson's care.

9.  No opinion of mine has ever been disqualified by any court.

FURTHER AFFIANT SAYETH NOT.

_____
Paul Genecin, M.D.

SWORN TO AND SUBSCRIBED, before me this ___11th___ day of ___July___, 2017.

LORETTA C. MILLER

_Loretta A. Miller_ # 139924
NOTARY PUBLIC
My commission expires: 11/30/2019

022

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA

In Re: Potential Medical Malpractice

Claim of WAHEED NELSON.

Case No. _____

## PETITION FOR AUTOMATIC EXTENSION
## OF STATUTE OF LIMITATIONS

Pursuant to Fla. Stat. §766.104(2), WAHEED NELSON hereby files this

Petition with the Clerk of the Court to extend the statute of limitations for an

additional ninety (90) days in addition to all tolling periods, to allow investigation

as provided by Fla. Stat. §766.104, of any and all claims arising out of medical

care and treatments for injuries and complications suffered during medical care and

treatment on or about January 7, 2015, and thereafter, including but not limited to

treatment by agents and employees of the Pinellas County Jail, the Florida

Department of Corrections, Corizon Health, Inc., Centurion of Florida, and other

known and unknown physicians and their professional associations; agents and

employees of the other known and unknown physicians and their professional

association; any health care provider; and, any entity or person having a legal

relationship with any health care provider.

WHEREFORE, Plaintiff respectfully petitions this court for an automatic

extension of statutes of limitation.

DATED on January 9, 2017.

/s/James V. Cook, Esq.

EXHIBIT

**H**

*Law Offices of*

# *Linda Bellomio Commons, P.A.*

| **Tampa Office:** | **Mailing Address:** | **Spring Hill Office:** |
|---|---|---|
| Telephone: (813) 679-3181 | P.O. Box 340261 | |
| Facsimile: (813)  265-3010 | Tampa, Florida 33694 | (352) 610-4416 |

April 5, 2017

**CERTIFIED RETURN RECEIPT**
7011 0910 0001 0270 8789

Department of Corrections
501 S. Calhoun Street
Tallahassee, FL 32399-2500

### Re: Waheed Nelson

### NOTICE OF INTENT TO INITIATE LITIGATION FOR
### MEDICAL MALPRACTICE

**Dear Sir or Madam:**

You hereby notified that Waheed Nelson intends to initiate litigation for medical malpractice against you and any other persons or entities with whom you had a legal relationship during the time you provided medical care and treatment to Waheed Nelson.

This claim arises out of negligent care, treatment, assessment provided to Waheed Nelson  rendered by Matthew Swick, M.D., Pinellas Surgical Associates, Pinellas County Jail, and Florida Department of Corrections RMC, nurses and nurse practitioners which caused serious and permanent injury to Mr. Nelson.   The acts and omissions of each of the above listed healthcare providers occurred within the course and scope of their actual or apparent agency with Pinellas County Jail, RMC, Department of Corrections and Pinellas Surgical Associates.  The specific instances of negligence are set out in greater detail in the affidavit of Daniel Husted, M.D., which is enclosed herein and incorporated by reference.  The records reviewed by Dr. Husted are also enclosed.

It is our contention that your care and treatment of Waheed Nelson represented a breach in the prevailing standard of care.  You failed to investigate and treat his pain and ignored the X-rays and MRIs showing a talus and calcaneus fracture of his right ankle. He

Page 1 of  6

024

lost a limb because of your neglect.

To the best of Mr. Nelson's recollection and knowledge, he was treated by the following health care providers:

1.  Pinellas County Jail
2, Florida Department of Corrections RMC


It is possible that Mr. Nelson does not recall all of his treating health care providers. If you believe Mr. Nelson may have been treated by others, please bring those individuals to my attention so that I may place them on Notice.  I will be happy to respond to any inquiry you make with regard to any additional specific health care provider you believe may have treated Mr. Nelson.  To assist me in responding to such an inquiry, please provide me with the source of your belief that the person identified may have provided care to Mr. Nelson.

As required by Florida Statute §766.1065, enclosed is the mandatory authorization for release of protected health information in the form prescribed by the Statute. The enclosed authorization is provided to allow you to obtain written medical records as described therein.  Immediately upon receipt of any records obtained using this authorization, you are directed to provide the undersigned with complete copies. Failure to timely provide the records may result in sanctions against you as provided in Florida Statute §766.106(7). Please do not speak to any providers outside my presence.

We advise you that we will vigorously take all steps necessary to enforce and protect our client's rights if anyone seeks to go beyond what Rule 1.650 permits.
 As set forth in the Authorization, we have made a good faith effort to identify all known healthcare providers by category based upon information available to present.  We are continuing to investigate this matter and if we learn of additional health care providers or any information that may change a provider's category, we will provide you an updated authorization.  Please inform me immediately if you have any disagreement with the providers and the categories to which they have been assigned or if you learn of any additional healthcare providers who may have been involved with Mr. Nelson's medical care and treatment.  We will examine all information provided by you and respond accordingly.  If we do not receive a response to the contrary from you, we will assume that the information as provided in the Authorization is correct and acceptable to you for the purpose intended.

To the best of Mr. Nelson's recollection and knowledge, he was treated by the following healthcare providers during the two (2) year period prior to your negligence:

See above LIST

If you would like to take the unsworn statement of any physician who provided

treatment to Mr. Nelson that would be relevant to this matter, please advise me.  Upon request, I will cooperate with you to take an unsworn statement of my client.

Section 766.106(3)(a), Florida Statutes, provides no suit shall be filed for a period of 90 days after notice is served upon a prospective defendant.  During this 90 day period, you or your insurer are to conduct a good faith investigation of this claim employing one of the several procedures provided for in the statute.  I am sure you are aware that any unreasonable failure to comply with this section justifies the dismissal of defenses in the event a subsequent lawsuit is filed.

In addition to the above, Section 766.106(6), Florida Statutes, provides that:

"Upon receipt of a prospective defendant of a notice of claim, the parties
 shall make discoverable information available without formal discovery.
 Failure to do so is grounds for dismissal of claims or defenses ultimately
 asserted."

Accordingly, I ask that within  20 days either you or your representative respond in writing to the requests below and furnish the following materials:

1.      Please state the name, address, occupation and employer of the person or persons investigating this claim and the specific investigative procedures used to evaluate this claim as specified in Section 766.106(3)(a), Florida Statutes.

2. Please forward all medical records, written notes, x-rays, bills, photographs and any other pertinent document or report concerning your treatment of Mr. Nelson.  The request asks you to provide copies of every written note or communication you have regarding Mr. Nelson,  whether it be notes on your file jacket, correspondence, telephone note, email, or anything of the like.

3.  If any other written document or report concerning your treatment of Mr. Savelli is believed to exist but is not in your possession or control, please describe the document or report and provide the  present location and custodian of same.

4.  Please provide the full names and present addresses of all witnesses to your treatment of Mr. Nelson and all persons having knowledge of such treatment.   In addition to their names and present addresses, please briefly indicate each individual's interest in this matter, i.e., treating nurse, receptionist, eyewitnesses, etc., and the subject matter of their knowledge.  Please do not respond by stating:  "Please refer to medical records" or some similar response.  The purpose of this request is to determine if there are any individuals that may have knowledge of the facts that are material to the issues involved in this matter.

5.      If applicable: Have your privileges at any facility ever been suspended or

026

revoked, or have you ever been disciplined by any State Board of Medicine where an administrative complaint was filed against you?

If so, please state the name of the complainant(s), the nature of the complaint, place of occurrence and assigned case number.

6.      If it is your contention that someone other than yourself was responsible in whole or in part for the occurrence of any of the negligence alleged above, please state each person's name, address, job title, along with the facts which you base your contention that  person was responsible.

 In light of the Supreme Court's decision in <u>Fabre</u>, it would be prejudicial to my client for you **not** to identify any third persons during the pre-suit screening period only to attempt to avoid or mitigate your liability during subsequent litigation by alleging or arguing that someone other than yourself  is responsible for the injuries and damages alleged.

7.      Taking into consideration everything you know regarding Mr. Nelson and the condition for which you rendered treatment, state whether or not in your opinion an adverse outcome alleged by my client could have been avoided had some step been taken by Mr. Nelson during his course of treatment.  Please describe which steps you  feel could or should have been taken to prevent the outcome.

8.      Taking into consideration everything you know regarding Mr. Nelson and the condition for which you rendered treatment, state whether or not in your opinion any adverse outcome alleged by my client could have been avoided had he not done something that he, in fact, did.  Please describe what you feel my client did that contributed to his injuries.

9.      Please list the name and last known address for each and every employee of yours during the time care and treatment was rendered to Mr. Nelson.  Please include the job title of each employee named, and whether he or she is still employed by you.

10.      Please state the name and address of your medical malpractice  insurance carrier, as well as the type and amount of coverage available to you as protection against this claim.  Please state the name and address of your medical group's medical malpractice insurance carrier as well as the type and amount of coverage available to your group as protection against this claim.   Is the  coverage provided to your medical group separate from the coverage provided to you?  Please provide a copy of your group's policy or policies.  If insurance coverage is not available, please explain the method of compliance with Florida Financial Responsibility Statute Section § 458.320 that will protect you against loss of your Florida medical license.  Additionally, please provide a copy of your policy or policies.

11.      If you believe this claim is not meritorious or, if you feel the case  may have merit

027

against others but you should not be a defendant, or if you know facts that exculpate you, please explain.   We expect you to fully explain the basis of any defense you intend to raise should this claim result in litigation.  Please give facts, not conclusions that your care was acceptable.

12.    Please state the name and address of any entities, or persons with whom you had a legal relationship regarding your practice of medicine during the period of time you treated Mr. Nelson. Please provide copies of any contracts or agreements between you and these entities or persons.

13.    Please produce copies of any and all documents regarding all prior Notices of Intent to Initiate Litigation served on you.

14.    Please provide me with a typed verbatim transcription of any handwritten records prepared by you or your office regarding any treatment provided to Mr. Nelson.

15.     Please advise when you will be  available for an unsworn statement.

16.     Pursuant to All Children's Hospital v. Davis, 590 So.2d 546, please advise whether or not you reported any incident involving the care of Mr. Nelson pursuant to the requirements of Section 395.0197(b), Florida Statutes.

17.     Please indicate whether any person or entity is, or may be vicariously liable for your negligence as alleged.

18.    With respect to your fees for services rendered to Mr. Nelson,  please:

    1. State the total amount of your charges;
    2. State the total amount you were paid;
    3. Provide an itemized statement of your charges;
    4. Identify if there any amounts of charges under dispute or under appeal;
    5. Identify the person or entity that paid the bill for your
        your services.

19.    Do you contend that this Notice of Intent is insufficient to place you upon notice of Plaintiff's claim?  If so, please respond to this question immediately, otherwise we will assume the answer is that you have been noticed properly.

20.    Do you contend that this claim is untimely filed, pursuant to Florida Statute 95.11(4)(b) and/or Tanner v. Hartog, 618 So.2d 177 (Fla 1993)?  If so, please state the factual and legal basis for such a claim.

21.  If you believe this claim is not meritorious, or, if you feel the case may have Merit, but that you should not be a defendant; or if you know a fact that exculpates you, please explain.

028

22. Do you contend this Notice of Intent or Affidavit is defective in any way?   If so, please describe in detail the alleged defect so that I may cure it if necessary.

23.  Please state the complete legal name and address of your employer in 2015.

24.  Please provide any and all contracts between you and your employer in effect in 2015.

The purpose of the 90 day investigatory period is to allow all parties concerned an opportunity to determine the validity of a claim, fairly assess the extent of damages and, hopefully, resolve the matter without the necessity of a lawsuit.   It is my intent to fully cooperate with you and your agents; therefore, I expect reciprocity.  In the event you or your representatives fail to comply with the requirements contained within this statute, then I will move to strike any and all defenses raised in response to a lawsuit, if one is ultimately filed.

Thank you for your time and attention to this matter.  Please call with any questions.

Very truly yours,

/s/

Linda Bellomio Commons, Esquire

I HEREBY CERTIFY that on April 5, 2017, the original of the foregoing Notice of Intent to Initiate Litigation for Medical Negligence, along with the affidavit, HIPPA authorization and medical records has been furnished with this Notice by Certified Mail, Return Receipt Requested to: Department of Corrections, 501 S. Calhoun Street
Tallahassee, FL 32399-2500

_/s/_____
Linda Bellomio Commons, Esq.
FL Bar No: 0778346

029

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

1. Article Addressed to:

Department of
Corrections
501 S Calhoun St
Tallahassee, FL 32399

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

RECEIVED BY 2019 JAN 10 PM 1:43

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 2067 6132 7497 91

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7016 0910 0001 0270 8789

NELSON

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

030

*Law Offices of*

# Linda Bellomio Commons, P.A.

| **Tampa Office:** | **Mailing Address:** | **Spring Hill Office:** |
|---|---|---|
| Telephone: (813) 679-3181 | P.O. Box 340261 | |
| Facsimile: (813) 265-3010 | Tampa, Florida 33694 | (352) 610-4416 |

April 5, 2017

**CERTIFIED RETURN RECEIPT**
7016 0910 0001 0270 8772

Corizon, LLC
Registered Agent:

C T Corporation System
1200 South Pine Island Road
Plantation , FL 33324

## Re: Waheed Nelson

### NOTICE OF INTENT TO INITIATE LITIGATION FOR
### MEDICAL MALPRACTICE

**Dear Sir or Madam:**

You hereby notified that Waheed Nelson intends to initiate litigation for medical malpractice against you and any other persons or entities with whom you had a legal relationship during the time you provided medical care and treatment to Waheed Nelson.

This claim arises out of negligent care, treatment, assessment provided to Waheed Nelson  rendered by Matthew Swick, M.D., Pinellas Surgical Associates, Pinellas County Jail, and Florida Department of Corrections RMC, nurses and nurse practitioners which caused serious and permanent injury to Mr. Nelson.   The acts and omissions of each of the above listed healthcare providers occurred within the course and scope of their actual or apparent agency with Pinellas County Jail, RMC and Pinellas Surgical Associates.  The specific instances of negligence are set out in greater detail in the affidavit of Daniel Husted, M.D., which is enclosed herein and incorporated by reference.  The records reviewed by Dr. Husted are also enclosed.

Page 1 of  6

031

It is our contention that your care and treatment of Waheed Nelson represented a breach in the prevailing standard of care.  You failed to investigate and treat his pain and ignored the X-rays and MRIs showing a talus and calcaneus fracture of his right ankle. He lost a limb because of your neglect.

To the best of Mr. Nelson's recollection and knowledge, he was treated by the following health care providers:

1.  Pinellas County Jail

2, Florida Department of Corrections RMC

It is possible that Mr. Nelson does not recall all of his treating health care providers. If you believe Mr. Nelson may have been treated by others, please bring those individuals to my attention so that I may place them on Notice.  I will be happy to respond to any inquiry you make with regard to any additional specific health care provider you believe may have treated Mr. Nelson.  To assist me in responding to such an inquiry, please provide me with the source of your belief that the person identified may have provided care to Mr. Nelson.

As required by Florida Statute §766.1065, enclosed is the mandatory authorization for release of protected health information in the form prescribed by the Statute. The enclosed authorization is provided to allow you to obtain written medical records as described therein.  Immediately upon receipt of any records obtained using this authorization, you are directed to provide the undersigned with complete copies. Failure to timely provide the records may result in sanctions against you as provided in Florida Statute §766.106(7). Please do not speak to any providers outside my presence.

We advise you that we will vigorously take all steps necessary to enforce and protect our client's rights if anyone seeks to go beyond what Rule 1.650 permits.
As set forth in the Authorization, we have made a good faith effort to identify all known healthcare providers by category based upon information available to present.  We are continuing to investigate this matter and if we learn of additional health care providers or any information that may change a provider's category, we will provide you an updated authorization.  Please inform me immediately if you have any disagreement with the providers and the categories to which they have been assigned or if you learn of any additional healthcare providers who may have been involved with Mr. Nelson's medical care and treatment.  We will examine all information provided by you and respond accordingly.  If we do not receive a response to the contrary from you, we will assume that the information as provided in the Authorization is correct and acceptable to you for the purpose intended.

To the best of Mr. Nelson's recollection and knowledge, he was treated by the following healthcare providers during the two (2) year period prior to your negligence:

032

See above LIST

If you would like to take the unsworn statement of any physician who provided treatment to Mr. Nelson that would be relevant to this matter, please advise me.  Upon request, I will cooperate with you to take an unsworn statement of my client.

Section 766.106(3)(a), Florida Statutes, provides no suit shall be filed for a period of 90 days after notice is served upon a prospective defendant.   During this 90 day period, you or your insurer are to conduct a good faith investigation of this claim employing one of the several procedures provided for in the statute.  I am sure you are aware that any unreasonable failure to comply with this section justifies the dismissal of defenses in the event a subsequent lawsuit is filed.

In addition to the above, Section 766.106(6), Florida Statutes, provides that:

"Upon receipt of a prospective defendant of a notice of claim, the parties
  shall make discoverable information available without formal discovery.
  Failure to do so is grounds for dismissal of claims or defenses ultimately
  asserted."

Accordingly, I ask that within  20 days either you or your representative respond in writing to the requests below and furnish the following materials:

1.      Please state the name, address, occupation and employer of the person or persons investigating this claim and the specific investigative procedures used to evaluate this claim as specified in Section 766.106(3)(a), Florida Statutes.

2. Please forward all medical records, written notes, x-rays, bills, photographs and any other pertinent document or report concerning your treatment of Mr. Nelson.  The request asks you to provide copies of every written note or communication you have regarding Mr. Nelson,  whether it be notes on your file jacket, correspondence, telephone note, email, or anything of the like.

3.   If any other written document or report concerning your treatment of Mr. Savelli is believed to exist but is not in your possession or control, please describe the document or report and provide the  present location and custodian of same.

4.   Please provide the full names and present addresses of all witnesses to your treatment of Mr. Nelson and all persons having knowledge of such treatment.   In addition to their names and present addresses, please briefly indicate each individual's interest in this matter, i.e., treating nurse, receptionist, eyewitnesses, etc., and the subject matter of their knowledge.  Please do not respond by stating:  "Please refer to medical records" or some similar response.  The purpose of this request is to determine if there are any individuals that may have knowledge of the facts that are material to the issues involved in

Page 3 of  6

this matter.

5.     If applicable: Have your privileges at any facility ever been suspended or revoked, or have you ever been disciplined by any State Board of Medicine where an administrative complaint was filed against you?

If so, please state the name of the complainant(s), the nature of the complaint, place of occurrence and assigned case number.

6.     If it is your contention that someone other than yourself was responsible in whole or in part for the occurrence of any of the negligence alleged above, please state each person's name, address, job title, along with the facts which you base your contention that  person was responsible.

 In light of the Supreme Court's decision in <u>Fabre</u>, it would be prejudicial to my client for you **not** to identify any third persons during the pre-suit screening period only to attempt to avoid or mitigate your liability during subsequent litigation by alleging or arguing that someone other than yourself  is responsible for the injuries and damages alleged.

7.     Taking into consideration everything you know regarding Mr. Nelson and the condition for which you rendered treatment, state whether or not in your opinion an adverse outcome alleged by my client could have been avoided had some step been taken by Mr. Nelson during his course of treatment.  Please describe which steps you  feel could or should have been taken to prevent the outcome.

8.     Taking into consideration everything you know regarding Mr. Nelson and the condition for which you rendered treatment, state whether or not in your opinion any adverse outcome alleged by my client could have been avoided had he not done something that he, in fact, did.  Please describe what you feel my client did that contributed to his injuries.

9.     Please list the name and last known address for each and every employee of yours during the time care and treatment was rendered to Mr. Nelson.  Please include the job title of each employee named, and whether he or she is still employed by you.

10.     Please state the name and address of your medical malpractice  insurance carrier, as well as the type and amount of coverage available to you as protection against this claim.  Please state the name and address of your medical group's medical malpractice insurance carrier as well as the type and amount of coverage available to your group as protection against this claim.   Is the  coverage provided to your medical group separate from the coverage provided to you?  Please provide a copy of your group's policy or policies.  If insurance coverage is not available, please explain the method of compliance with Florida Financial Responsibility Statute Section § 458.320 that will protect you against loss of your Florida medical license.  Additionally, please provide a

Page 4 of  6

copy of your policy or policies.

11.    If you believe this claim is not meritorious or, if you feel the case  may have merit against others but you should not be a defendant, or if you know facts that exculpate you, please explain.   We expect you to fully explain the basis of any defense you intend to raise should this claim result in litigation.  Please give facts, not conclusions that your care was acceptable.

12.    Please state the name and address of any entities, or persons with whom you had a legal relationship regarding your practice of medicine during the period of time you treated Mr. Nelson. Please provide copies of any contracts or agreements between you and these entities or persons.

13.    Please produce copies of any and all documents regarding all prior Notices of Intent to Initiate Litigation served on you.

14.    Please provide me with a typed verbatim transcription of any handwritten records prepared by you or your office regarding any treatment provided to Mr. Nelson.

15.    Please advise when you will be  available for an unsworn statement.

16.    Pursuant to All Children's Hospital v. Davis, 590 So.2d 546, please advise whether or not you reported any incident involving the care of Mr. Nelson pursuant to the requirements of Section 395.0197(b), Florida Statutes.

17.    Please indicate whether any person or entity is, or may be vicariously liable for your negligence as alleged.

18.    With respect to your fees for services rendered to Mr. Nelson,  please:

        1. State the total amount of your charges;
        2. State the total amount you were paid;
        3. Provide an itemized statement of your charges;
        4. Identify if there any amounts of charges under dispute or under appeal;
        5. Identify the person or entity that paid the bill for your
           your services.

19.    Do you contend that this Notice of Intent is insufficient to place you upon notice of Plaintiff's claim?  If so, please respond to this question immediately, otherwise we will assume the answer is that you have been noticed properly.

20.    Do you contend that this claim is untimely filed, pursuant to Florida Statute 95.11(4)(b) and/or Tanner v. Hartog, 618 So.2d 177 (Fla 1993)?  If so, please state the factual and legal basis for such a claim.

Page 5 of  6

035

21.  If you believe this claim is not meritorious, or, if you feel the case may have Merit, but that you should not be a defendant; or if you know a fact that exculpates you, please explain.

22. Do you contend this Notice of Intent or Affidavit is defective in any way?   If so, please describe in detail the alleged defect so that I may cure it if necessary.

23.  Please state the complete legal name and address of your employer in 2015.

24.  Please provide any and all contracts between you and your employer in effect in 2015.


The purpose of the 90 day investigatory period is to allow all parties concerned an opportunity to determine the validity of a claim, fairly assess the extent of damages and, hopefully, resolve the matter without the necessity of a lawsuit.   It is my intent to fully cooperate with you and your agents; therefore, I expect reciprocity.  In the event you or your representatives fail to comply with the requirements contained within this statute, then I will move to strike any and all defenses raised in response to a lawsuit, if one is ultimately filed.

Thank you for your time and attention to this matter.  Please call with any questions.


Very truly yours,

/s/


Linda Bellomio Commons, Esquire


I HEREBY CERTIFY that on April 5, 2017, the original of the foregoing Notice of Intent to Initiate Litigation for Medical Negligence, along with the affidavit, HIPPA authorization and medical records has been furnished with this Notice by Certified Mail, Return Receipt Requested to: Corizon, LLC Registered Agent, CT Corporation, 1200 Pine Island Rd, Plantation, FL 33324.

/s/

_____
Linda Bellomio Commons, Esq.
FL Bar No: 0778346


Page 6 of  6

036

## AFFIDAVIT OF DANIEL HUSTED, M.D.

STATE OF FLORIDA

COUNTY OF MARTIN

COMES NOW, Daniel Husted, M.D., being first duly sworn, who deposes and says as follows:

1. My name is Daniel Husted, M.D.  I am an active doctor duly licensed to practice medicine in the State of Florida. My qualifications are set out fully in my curriculum vitae, a copy of which is attached hereto and incorporated by reference herein.

2. I have reviewed the following medical records and materials concerning Waheed Nelson:

Pinellas County Jail and RMC

3. During the past three (3) years, my medical and surgical practice has included the evaluation, diagnosis and treatment of medical conditions that are the subject matter of claims brought on behalf of Waheed Nelson and I have had prior experience treating patients presenting with similar conditions.

4. I am familiar with the acceptable standards of care of the healthcare providers who are listed hereinafter and who are the subject of my opinions, and furthermore, I am familiar with the acceptable standards of care for the management of patients presenting with symptoms similar to those of Waheed Nelson.

5. It is my professional opinion that there exists reasonable grounds to believe that there was medical negligence on the part of Mathew Swick, M.D. , nurse practitioners, Pinellas Surgical Associates, Pinellas County Jail (nurses) and RMC in their care and treatment of Waheed Nelson and that such medical negligence resulted in the loss of the limb.

6. My opinions include, but are not limited to: Mr. Nelson suffered a fall and fractured his right ankle, specifically a talus and calcaneus fracture that went untreated. In the presence of diabetes and neuropathy, this resulted in significant charcot deformity, destruction and ultimately loss of his limb.

7. All of the opinions stated in this affidavit are expressed within a reasonable degree of medical probability and are based upon my education, training and experience, and upon my review of the records of Waheed Nelson.

8. This affidavit is not intended to, and does not, contain all of the opinions that I have reached concerning Waheed Nelson's care.

9. No opinion of mine has ever been disqualified by any court.

FURTHER AFFIANT SAYETH NOT.

_____
DANIEL HUSTED, M.D.

SWORN TO AND SUBSCRIBED, before me this ____5____ day of __April__, 2017.

_____
NOTARY PUBLIC

My commission expires:



CYNTHIA HOBBS DEMOYA
Notary Public - State of Florida
Commission # FF 992200
My Comm. Expires Jun 18, 2020
Bonded through National Notary Assn.

038

## MEDICAL RECORDS REQUEST

### AUTHORIZATION FOR RELEASE OF
### PROTECTED HEALTH INFORMATION
### (HIPAA)

To Whom It May Concern:

I, _Waheed Nelson_ , hereby authorize_____
(Name)                                                    (hospital or health provider name)

its agents, employees and associates, to release the protected health information that is described below, to:

The protected health information released herein is specifically as follows:

☒ Any and all Hospital Records, emergency room reports, nurses notes, etc.
☒ Any and all medical records
☒ Itemized bill
☒ Any and all diagnostic films (MRI's, CT Scans, X-rays, etc.)
☒ Final narrative report
☒ Substance abuse treatment reports and information
☒ Any and all mental health records
☒ Any and all records relating to HIV/AIDS status
☒ Any non-medical records

Dates of Service requested: _____.

This protected health information is to be used for the purpose of representation in a civil legal matter. This release may be revoked by a signed and property dated written revocation, delivered to the hospital or provider named herein, provided that this release cannot be revoked as to protected health information that had been previously released in reliance on this document.

I understand that a refusal to sign this form will not result in a denial of health care by the hospital or any other health care provider and that this release has not been coerced by a health care entity or any of its business associates.

I understand that once the Protected Health Information is disclosed, it may be re-disclosed to individuals or organizations that are not subject to the federal privacy regulations such as expert witnesses, litigants, insurance companies, and even may become public record if filed with a court of law.

<u>Pursuant to 42 U.S.C. 17935(e)(1), I request any records currently in digital format to be provided in digital format.</u>

This authorization will expire _____ (or if unspecified, 180 days from the date of signature.)

### ALL PRIOR AUTHORIZATIONS ARE CANCELLED AS OF THIS DATE.
### A COPY HEREOF WILL BE EFFECTIVE AS AN ORIGINAL

Dated _____

_Waheed Nelson_
Patient, Parent, Next-of-Kin, or Legal Representative
Print Patient Name: _Waheed Nelson_
Birth Date of Patient _10/11/70_
Social Security Number _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_

039

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____   ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
*M. And Bords*   4/10/17

1. Article Addressed to:

Corizon LLC
CT Corp.
1200 S Pine Island Rd,
Plantation, FL 33324

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

9590 9402 2067 6132 7496 23

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7016 0910 0001 0270 8772

Nelson

Law Offices of

# Linda Bellomio Commons, P.A.

| **Tampa Office:** | **Mailing Address:** | **Spring Hill Office:** |
|---|---|---|
| Telephone: (813) 679-3181 | P.O. Box 340261 | |
| Facsimile: (813) 265-3010 | Tampa, Florida 33694 | (352) 610-4416 |

May 13, 2017

**CERTIFIED MAIL**

7011 0470 0001 2323 1497

Pinellas County Sheriff

Bob Gaultieri, Official Capacity

P.O. Drawer 2500

Largo, FL 33779

### <u>NOTICE OF CLAIM PURSUANT</u>

### <u>TO SECTION 768.28, FLORIDA STATUTES</u>

RE:    **Claimant:**        **Waheed Nelson**

           **Date of Birth:**       **10/1/78**

           **Social Security Number:**    **xxx-xx-1507**

           **Date of Incident:**     **2015**

           **Place of Birth:**       **Florida**

Dear Sheriff Gaultieri:

      You are hereby placed on Notice of a Medical Malpractice Claim against the County on behalf of Waheed Nelson. You will receive a separate certified letter under the Malpractice Statute along with an affidavit from an expert, medical records and HIPPA . Please be advised that there are no prior adjudicated, unpaid claims owed by the claimant to the state, its agency, officer or subdivision.

**EXHIBIT**

β

041

You hereby notified that Waheed Nelson intends to initiate litigation for medical malpractice against you and any other persons or entities with whom you had a legal relationship during the time you provided medical care and treatment to Waheed Nelson while in the Pinellas County Jail.

This claim arises out of negligent care, treatment, assessment provided to Waheed Nelson rendered by physicians, nurses and nurse practitioners and other treaters while at the Pinellas County Jail which caused serious and permanent injury to Mr. Nelson. The acts and omissions of each healthcare provider occurred within the course and scope of their employment, actual or apparent agency with Pinellas County.

It is our contention that your care and treatment of Waheed Nelson represented a breach in the prevailing standard of care. There was a failure to investigate and treat a fractured ankle, pain and ignored the X-rays and MRIs showing a talus and calcaneus fracture of his right ankle. Ultimately, he lost a limb because of the neglect.

The value for the loss of a limb exceeds $200,000. In the future, he will need a prosthesis, wheelchair, mobility devices.

I look forward to hearing from you and hope that we can come to a resolution of the matter without litigation.

Yours truly,

Linda B. Commons

cc: Dept of Fin. Serv.

042

CERTIFIED MAIL

7011 0470 0001 2323 1497

1000

33779

U.S. POSTAGE
PAID
TAMPA, FL
33630
MAY 30 17
AMOUNT
**$6.59**
R2305M148320-01

Bob Gualtieri, Official
Capacity as Sheriff of Pinellas Cty
P.O. Drawer 2500
Largo, FL 33779

33775-32500 B055

Brannon Esq
PO Box 340261
Tampa, FL 33694

**RETURN RECEIPT
REQUESTED**



**JAMES V. COOK**
ATTORNEY-AT-LAW

MAIL TO: POST OFFICE BOX 10021
TALLAHASSEE, FLORIDA 32302

(850) 222-8080
FAX: (850) 561-0836

July 28, 2017

**Re: NOTICE OF CLAIM PURSUANT TO § 768.28, FLORIDA STATUTES**

Julie Jones
Secretary, Department of Corrections
501 South Calhoun Street
Tallahassee, FL 32399-2500

Florida Department of Financial Services
Risk Management, State Liability Claims
200 East Gaines Street
Tallahassee, FL 32399-0338

**CERTIFIED RCPT: 7014 0150 0002 0389 2859**   **CERTIFIED RCPT: 7014 0150 0002 0389 2866**

|  |  |
|---|---|
| CLAIMANT: | **WAHEED NELSON** |
| BASIS OF CLAIM: | **Medical Negligence; Negligence; Failure to Treat** |
| DATE AND PLACE OF BIRTH: | **October 1, 1978, Pinellas County, Florida** |
| SOCIAL SECURITY NUMBER: | **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** |
| STATE CLAIMS OVER $200: | **None known** |

**Claim:** On January 7, 2015, Waheed Nelson was the victim of a slip and fall accident at the Pinellas County Jail. X-rays were ordered but no other imaging. X-rays show the ankle is broken. Surgery was scheduled and then cancelled. Nelson feels increasing pain which is not effectively addressed. Over weeks, the swelling in his ankle increases. He begins to feel numbness. The jail fails to take him to some appointments. He suffers chronic edema. On April 16, 2015, without having had significant treatment, he is transferred to the Florida Department of Corrections (FDC). On that date, he receives additional x-rays at the Reception and Medical Center of the FDC. Possible infection is noted and MRI recommended. MRI in May shows bone infection. Failure to treat leads to amputation of right leg.

**Damages.** Physical injury and loss of his right leg. Emotional distress, loss of mobility and enjoyment of life. Claimant will seek pecuniary damages and damages for physical injury, mental distress, costs and, if permitted by law, attorney's fees and punitive damages as well.

**Spoliation.** The public entity to which this claim is addressed may have records, physical evidence, documents, recordings, or other evidence relevant to a civil claim. This letter will serve as general notice that all such documents, items, and records should be preserved, regardless of purge schedules, as evidence in a prospective legal action. Please let us know if there is any reason that an action should not be filed in this case.

**Please respond to acknowledge this Letter of Claim when received.**

James V. Cook,
Attorney-at-Law

Copy: Fla. Dept. Ins., Risk Mgmt.

044

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Florida Dept. of Financial Services**
Risk Management, State Liability Claims
200 East Gaines Street
Tallahassee, FL 32399-0338

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _F. Nicholson_    ☐ Agent    ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

Received
DEPT OF FINANCIAL SER
TALLAHASSEE, FL 32399-0311

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7014 0150 0002 0389 2866    045

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



• Sender: Please print your name, address, and ZIP+4 in this box •

**James V. Cook, Esq.**
**Law Office of James Cook**
**Post Office Box 10021**
**Tallahassee, FL 32302**

046

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( Printed Name )

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED BY
2014 AUG -3 AM 9

1. Article Addressed to:

**Florida Dept. of Corrections**
Att: Secretary Julie Jones
501 S. Calhoun Street
Tallahassee, FL 32399-2500

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7014 0150 0002 0389 2859    047

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**James V. Cook, Esq.**
**Law Office of James Cook**
**Post Office Box 10021**
**Tallahassee, FL 32302**

048

*Law Offices of*

# Linda Bellomio Commons, P.A.

Tampa Office:               Mailing Address:                    Spring Hill Office:
Telephone: (813) 679-3181        P.O. Box 340261
Facsimile: (813)  265-3010     Tampa, Florida 33694              (352) 610-4416

July 11, 2017

**CERTIFIED MAIL RETURN RECEIPT**
7011 0470 0001 2323 1503

Witchner Belizaire, M.D.
Reception & Medical Center
7765 S. CR 231
Lake Butler, FL 32054

### Re: Waheed Nelson

**NOTICE OF INTENT TO INITIATE LITIGATION FOR
MEDICAL MALPRACTICE**

**Dear Sir or Madam:**

You hereby notified that Waheed Nelson intends to initiate litigation for medical malpractice against you and any other persons or entities with whom you had a legal relationship during the time you provided medical care and treatment to Waheed Nelson.

This claim arises out of negligent care, treatment, assessment provided to Waheed Nelson  rendered by you to Mr. Nelson was at the Reception and Medical Center which caused serious and permanent injury to Mr. Nelson.   The acts and omissions of each of the above listed healthcare providers occurred within the course and scope of their employment, actual or apparent agency with Reception and Medical Center.  The specific instances of negligence are set out in greater detail in the affidavit of Paul Genecin, M.D., which is enclosed herein and incorporated by reference.  The records reviewed by Dr. Genecin are also enclosed.

It is our contention that your care and treatment of Waheed Nelson represented a

Page 1 of  6

049

breach in the prevailing standard of care.  You failed to investigate and treat his pain and ignored the X-rays and MRIs showing a fracture of his right ankle. He lost a limb because of your neglect.

To the best of Mr. Nelson's recollection and knowledge, he was treated by the following health care providers:

1.  Pinellas County Jail

2. Florida Department of Corrections RMC

It is possible that Mr. Nelson does not recall all of his treating health care providers. If you believe Mr. Nelson may have been treated by others, please bring those individuals to my attention so that I may place them on Notice.  I will be happy to respond to any inquiry you make with regard to any additional specific health care provider you believe may have treated Mr. Nelson.  To assist me in responding to such an inquiry, please provide me with the source of your belief that the person identified may have provided care to Mr. Nelson.

As required by Florida Statute §766.1065, enclosed is the mandatory authorization for release of protected health information in the form prescribed by the Statute. The enclosed authorization is provided to allow you to obtain written medical records as described therein.  Immediately upon receipt of any records obtained using this authorization, you are directed to provide the undersigned with complete copies. Failure to timely provide the records may result in sanctions against you as provided in Florida Statute §766.106(7). Please do not speak to any providers outside my presence.

We advise you that we will vigorously take all steps necessary to enforce and protect our client's rights if anyone seeks to go beyond what Rule 1.650 permits. As set forth in the Authorization, we have made a good faith effort to identify all known healthcare providers by category based upon information available to present.  We are continuing to investigate this matter and if we learn of additional health care providers or any information that may change a provider's category, we will provide you an updated authorization.  Please inform me immediately if you have any disagreement with the providers and the categories to which they have been assigned or if you learn of any additional healthcare providers who may have been involved with Mr. Nelson's medical care and treatment.  We will examine all information provided by you and respond accordingly.  If we do not receive a response to the contrary from you, we will assume that the information as provided in the Authorization is correct and acceptable to you for the purpose intended.

To the best of Mr. Nelson's recollection and knowledge, he was treated by the

Page 2 of  6

following healthcare providers during the two (2) year period prior to your negligence:

See above LIST

If you would like to take the unsworn statement of any physician who provided treatment to Mr. Nelson that would be relevant to this matter, please advise me.  Upon request, I will cooperate with you to take an unsworn statement of my client.

Section 766.106(3)(a), Florida Statutes, provides no suit shall be filed for a period of 90 days after notice is served upon a prospective defendant.   During this 90 day period, you or your insurer are to conduct a good faith investigation of this claim employing one of the several procedures provided for in the statute.  I am sure you are aware that any unreasonable failure to comply with this section justifies the dismissal of defenses in the event a subsequent lawsuit is filed.

In addition to the above, Section 766.106(6), Florida Statutes, provides that:

"Upon receipt of a prospective defendant of a notice of claim, the parties
 shall make discoverable information available without formal discovery.
 Failure to do so is grounds for dismissal of claims or defenses ultimately
 asserted."

Accordingly, I ask that within  20 days either you or your representative respond in writing to the requests below and furnish the following materials:

1.         Please state the name, address, occupation and employer of the person or persons investigating this claim and the specific investigative procedures used to evaluate this claim as specified in Section 766.106(3)(a), Florida Statutes.


2. Please forward all medical records, written notes, x-rays, bills, photographs and any other pertinent document or report concerning your treatment of Mr. Nelson.  The request asks you to provide copies of every written note or communication you have regarding Mr. Nelson,  whether it be notes on your file jacket, correspondence, telephone note, email, or anything of the like.

3.   If any other written document or report concerning your treatment of Mr. Nelsoni is believed to exist but is not in your possession or control, please describe the document or report and provide the  present location and custodian of same.

4.   Please provide the full names and present addresses of all witnesses to your treatment of Mr. Nelson and all persons having knowledge of such treatment.   In addition to their names and present addresses, please briefly indicate each individual's interest in

Page 3 of  6

051

this matter, i.e., treating nurse, receptionist, eyewitnesses, etc., and the subject matter of their knowledge.  Please do not respond by stating:  "Please refer to medical records" or some similar response.  The purpose of this request is to determine if there are any individuals that may have knowledge of the facts that are material to the issues involved in this matter.

    5.    If applicable: Have your privileges at any facility ever been suspended or revoked, or have you ever been disciplined by any State Board of Medicine where an administrative complaint was filed against you?

If so, please state the name of the complainant(s), the nature of the complaint, place of occurrence and assigned case number.

    6.    If it is your contention that someone other than yourself was responsible in whole or in part for the occurrence of any of the negligence alleged above, please state each person's name, address, job title, along with the facts which you base your contention that  person was responsible.

   In light of the Supreme Court's decision in <u>Fabre</u>, it would be prejudicial to my client for you **not** to identify any third persons during the pre-suit screening period only to attempt to avoid or mitigate your liability during subsequent litigation by alleging or arguing that someone other than yourself  is responsible for the injuries and damages alleged.

    7.    Please list the name and last known address for each and every employee of yours during the time care and treatment was rendered to Mr. Nelson.  Please include the job title of each employee named, and whether he or she is still employed by you.

    8.    Please state the name and address of your medical malpractice  insurance carrier, as well as the type and amount of coverage available to you as protection against this claim.  Please state the name and address of your medical malpractice insurance carrier as well as the type and amount of coverage available to your group as protection against this claim.

   9.  Identify who you work for, and whether any outside agency hired  you to provide medical care to Mr. Waheed Nelson while he was at the Pinellas County Jail.

   10.    If you believe this claim is not meritorious or, if you feel the case  may have merit against others but you should not be a defendant, or if you know facts that exculpate you, please explain.   We expect you to fully explain the basis of any defense you intend to raise should this claim result in litigation.  Please give facts, not conclusions that your care was acceptable.

052

11.    Please state the name and address of any entities, or persons with whom you had a legal relationship regarding the practice of medicine and nursing services during the period of time you treated Mr. Nelson. Please provide copies of any contracts or agreements between you and these entities or persons.

12.    Please advise when you will be available for an unsworn statement.

13.    Please advise whether or not you reported any incident involving the care of Mr. Nelson.

14.    Please indicate whether any person or entity is, or may be vicariously liable for your negligence as alleged.

15.  Produce any and all correspondence, including emails, relating to the care and treatment of Mr. Nelson while at your facility.

16.    With respect to your fees for services rendered to Mr. Nelson,  please:

1.    State the total amount of your charges;
2.    State the total amount you were paid;
3.    Provide an itemized statement of your charges;
4.    Identify if there any amounts of charges under dispute or under appeal;
5.    Identify the person or entity that paid the bill for your
          your services.

17.    Do you contend that this Notice of Intent is insufficient to place you upon notice of Plaintiff's claim?  If so, please respond to this question immediately, otherwise we will assume the answer is that you have been noticed properly.

18.  Provide a copy of your employment contract and any insurance for malpractice.

19.  If you believe this claim is not meritorious, or, if you feel the case may have Merit, but that you should not be a defendant; or if you know a fact that exculpates you, please explain.

20. Do you contend this Notice of Intent or Affidavit is defective in any way?   If so, please describe in detail the alleged defect so that I may cure it if necessary.

21.  Please state the complete legal name and address and any contracts for medical care in 2015.

22.  Please provide any and all contracts between you and Pinellas County, your

053

employer, in effect at the time of Mr. Nelson's care in  2015.

The purpose of the 90 day investigatory period is to allow all parties concerned an opportunity to determine the validity of a claim, fairly assess the extent of damages and, hopefully, resolve the matter without the necessity of a lawsuit.   It is my intent to fully cooperate with you and your agents; therefore, I expect reciprocity.  In the event you or your representatives fail to comply with the requirements contained within this statute, then I will move to strike any and all defenses raised in response to a lawsuit, if one is ultimately filed.

Thank you for your time and attention to this matter.  Please call with any questions.

Very truly yours,

*Linda Bellomio Commons*

Linda Bellomio Commons, Esquire

**I HEREBY CERTIFY** that on 11th day of July 2017, the original of the foregoing Notice of Intent to Initiate Litigation for Medical Negligence, along with the affidavit, HIPPA authorization and medical records has been furnished with this Notice by Certified Mail, Return Receipt Requested to the above addressee.

*Linda Bellomio Commons*

_____
Linda Bellomio Commons, Esq.
FL Bar No: 0778346

Page 6 of  6

054

## AFFIDAVIT OF PAUL GENECIN, M.D.

STATE OF CONNECTICUT

COUNTY OF NEW HAVEN

COMES NOW, PAUL GENECIN, M.D., being first duly sworn, who deposes and says as follows:

1. My name is PAUL GENECIN, M.D. I am an active doctor duly licensed to practice medicine in the State of Connecticut and approved to render expert opinions in Florida. My qualifications are set out fully in my curriculum vitae, a copy of which is attached hereto and incorporated by reference herein.

2. I have reviewed the following medical records and materials concerning Waheed Nelson:

> Pinellas County Jail
> RMC (Lake Butler Correctional Facility)

3. During the past three (3) years, my medical and surgical practice has included the evaluation, diagnosis and treatment of medical conditions that are the subject matter of claims brought on behalf of Waheed Nelson and I have had prior experience treating patients presenting with similar conditions.

4. I am familiar with the acceptable standards of care of the healthcare providers who are listed hereinafter and who are the subject of my opinions, and furthermore, I am familiar with the acceptable standards of care for the management of patients presenting with symptoms similar to those of Waheed Nelson.

5. It is my professional opinion that there exists reasonable grounds to believe that there was medical negligence on the part of Kevin Kyle, M.D. Benard Yukna, M.D. Witchner Belizaire, M.D. Maurico Rangel, M.D., nurses and nurse practitioners:

Constance Bumiller, Gail Newby, Darlene Liberti, in their care and treatment of Waheed

Nelson and that such medical negligence resulted in the loss of his leg.

6.  My opinions include, but are not limited to, that the care was below the standard

of care, by:

    a. Failure to treat infection

    b. Failure to consult infectious disease specialist

    c. Delay in treatment and follow up

    d. Failure to follow up with orthopedic consults and failure to be proactive in the

    treatment; instead, only pain medicine and ointment symptomatic treatment was

    given.

    e. Delay in care and lack of follow up caused or contributed to the loss of limb

7.  All of the opinions stated in this affidavit are expressed within a reasonable

degree of medical probability and are based upon my education, training and experience,

and upon my review of the records of Waheed Nelson.

8.  This affidavit is not intended to, and does not, contain all of the opinions that I

have reached concerning Waheed Nelson's care.

9.  No opinion of mine has ever been disqualified by any court.

FURTHER AFFIANT SAYETH NOT.

Paul Genecin, M.D.

SWORN TO AND SUBSCRIBED, before me this ___11th___ day of ___July___, 2017.

LORETTA C. MILLER

_____ # 139924

NOTARY PUBLIC

My commission expires: 11/30/2019

## AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION
### [Pursuant to Florida Statute, 766.1065(3)]

> **Florida Statute** s **766.1065 (1)**, Presuit notice of intent to initiate litigation for medical negligence under s. 766.106(2) must be accompanied by an authorization for release of protected health information in the form specified by this section, authorizing the disclosure of protected health information that is potentially relevant to the claim of personal injury or wrongful death. The presuit notice is void if this authorization does not accompany the presuit notice and other materials required by s 766.106(2)

A.    I,  Waheed Nelson _____ authorize that
the prospective defendants:

1. Kevin Kyle MD        2. Bernard Yukna MD

3. Witchner Belizaire MD    4. Maurico Rangel MD

and his/her/its insurer(s), self-insurers(s), and attorney(s), and the designated treating health care provider(s) listed below and his/her/its insures(s), self-insurer(s) and attorney(s), may obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes:

1.    Facilitating the investigation and evaluation of the medical negligence claim described in the accompanying presuit notice, or;

2.    Defending against any litigation arising out of the medical negligence claim made on the basis of the accompanying presuit notice; or

3.    Obtaining legal advice or representation arising out of the medical negligence claim described in the accompanying presuit notice.

B.    The health information obtained, used, or disclosed extends to, and includes, verbal health information as well as written health information and is described as follows:

1.    The health information in the custody of the following health care providers who have examined, evaluated, or treated the Patient in connection with injuries complained of after the alleged act of negligence:  (Names of current and prior health care providers are stated within the Notice.)  This authorization extends to any additional health care providers that may in the future evaluated, examine, or treat the Patient for the injuries complained of.

2.    The health information in the custody of the following health care providers who have examined, evaluated, or treated the Patient during a period commencing two (2)

057

years before the incident that is the basis of the accompanying presuit notice. (Please note the names are provided within the Notice of Intent).

1. _____     2. _____
   _____        _____

3. _____     4. _____
   _____        _____

5. _____     6. _____
   _____        _____

C. This authorization does not apply to the following list of health care providers possessing health care information about the Patient because the Patient certifies that such health care information is not potentially relevant to the claim of personal injury or wrongful death that is the basis of the accompanying presuit notice.

> [List the names of each health care provider to who this authorization does not apply and the inclusive dates of examination, evaluation, or treatment to be withheld from disclosure, if none, specify "none."]

### NONE

D. The persons or class of persons to who the Patient authorizes such health care information to be disclosed or by whom such health care information is to be used:

1. Any health care provider providing care or treatment for the Patient.

2. Any liability insurer or self-insurer providing liability insurance coverage, self-insurance, or defense to any health care provider to whom presuit notice is given, or to any health care provider listed in subsections B. 1-2 above, regarding the care and treatment of the Patient.

3. Any consulting or testifying expert employed by or on behalf (name the health care provider the health care providers addressed in this notice and his/her/its insurer(s), self-insurer(s), or attorney(s) regarding the matter of the presuit notice accompanying this authorization.

4. Any attorney (including his/her staff) employed by or on behalf of (name of health care provider to whom presuit notice was given) or employed by or on behalf of any health care provider(s) listed in subsections B. 1-2 above, regarding the matter of the presuit notice accompanying this authorization or the care and treatment of the Patient.

5.     Any trier of the law or facts relating to any suit filed seeking damages arising out of the medical care or treatment of the Patient.

E.     This authorization expressly allows the persons or class of persons listed in subsections D. 2-4 above to interview the health care providers listed in subsections B. 1-2 above, without the presence of the Patient or the Patient's attorney.

F.     This authorization expires upon resolution of the claim or at the conclusion of any litigation instituted in connection with the matter of the presuit notice accompanying this authorization, whichever occurs first.

G.     The Patient understands that, without exception, the Patient has the right to revoke this authorization in writing. The Patient further understands that the consequence of any such revocation is that the presuit notice under s 766.106(2), Florida Statutes, is deemed retroactively void from the date of issuance, and any tolling effect that the presuit notice may have had on any applicable statute-of-limitations period is retroactively rendered void.

H.     The Patient understands that signing this authorization is not a condition for continued treatment, payment, enrollment, or eligibility for health plan benefits.

I.     The Patient understands that information used or disclosed under this authorization may be subject to additional disclosures by the recipient and may not be protected by federal HIPAA privacy regulations.

Signature of Patient Representative: _Waheed Nelson_

Name of Patient/Representative: Waheed Nelson

Description of Representative's Authority:

Date:   March 3, 2017

 Department of Health

WITCHNER BELIZAIRE

License Number: ACN254

*Data As Of 4/2/2019*

| | |
|---|---|
| **Profession** | Area of Critical Need Medical Doctor |
| **License** | ACN254 |
| **License Status** | CLEAR/ACTIVE |
| **License Expiration Date** | 1/31/2020 |
| **License Original Issue Date** | 08/24/2007 |
| **Address of Record** | 7765 S. CR 231 |
| | RECEPTION AND MEDICAL CENTER |
| | LAKE BUTLER, FL 32054 |
| | UNITED STATES |
| **Controlled Substance Prescriber (for the Treatment of Chronic Non-malignant Pain)** | No |
| **Discipline on File** | No |
| **Public Complaint** | No |

The information on this page is a secure, primary source for license verification provided by the Florida Department of Health, Division of Medical Quality Assurance. This website is maintained by Division staff and is updated immediately upon a change to our licensing and enforcement database.