# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
# CASE NO.: 8:19-cv-00449-CEH-JSS

WAHEED NELSON,

    Plaintiff,

vs.

BOB GAULTIERI, Official Capacity as Sheriff of Pinellas County, FLORIDA DEPARTMENT OF CORRECTIONS, CORIZON, LLC, MAXIM HEALTHCARE SERVICES, INC., MATTHEW SWICK, M.D., ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A., and WITCHNER BELIZAIRE, M.D.,

    Defendants.
_____/

## DEFENDANTS CORIZON, LLC, FLORIDA DEPARTMENT OF CORRECTIONS AND WITCHNER BELIZAIRE, M.D.'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS OR FOR SUMMARY JUDGMENT[1]

Defendants Corizon, LLC ("Corizon"), Florida Department of Corrections ("FDOC") and Witchner Belizaire, M.D. ("Belizaire") (collectively "Corizon Defendants") file their Reply Memorandum in Support of their Motion to Dismiss or for Summary Judgment Memorandum ("Motion") [ECF #53] as follows:

The Corizon Defendants' Motion argues the medical malpractice claim

---

[1] Nelson ignores convention by not following in the order of argument as presented in the Motion. For the Court's convenience and as best as possible, the Corizon Defendants follow Nelson's lead.

against Belizaire is invalid because the presuit affidavit was from an orthopedic surgeon, not a non-specialist; FDOC was not served with any notice of intent; Corizon and Belizaire are immune on state law tort theories; medical records confirm Belizaire cannot be liable on a constitutional theory; and the constitutional claim against Corizon is insufficiently pled and is precluded by the record.

Nelson filed a response. Those arguments will be taken in turn.

**Medical Malpractice**

Nelson claims presuit notice was sent to FDOC on April 5, 2017, vaguely referencing ECF #23-1, [2][ECF #73, p. 5]. The notice purportedly served on FDOC is not signed by Nelson's attorney and does not contain an affidavit from any medical expert [ECF #73-2, pp. 24-29]. Tellingly, the supposed proof of service of this document is not signed as received [ECF #73-2]. Nelson provides no proof this document was served.[3]

Nelson next argues he purchased a 90 day extension of the statute of limitations, but makes no argument on how this statement has any application. [ECF #73, p. 5]. The Corizon Defendants have no idea why this argument is included: regardless whether an extension was purchased, the two-year statute of limitations passed nearly two-years ago.

Nelson argues he properly plead notice and, citing Florida law, seems to

---

[2] The undersigned assumes the reference is to ECF #73-2, which are the documents filed in response to the Motion.
[3] The record also contains a notice purportedly served according to §768.28, Florida Statutes (2017) [ECF #73-2, pp. 44-48]. Again, the proof-of-service is not signed.

argue the Court cannot go beyond the four corners of the Complaint [ECF #73, pp. 6-7].  This Court is not so restricted, especially since the Motion alternatively seeks summary judgment.[4]

The next argument is only that—argument unsupported by factual reference. Nelson claims the Corizon Defendants "waived conditions precedent and are estopped to raise the defense" [ECF #73, p. 7].  There is no explanation how this occurred.  Curiously, Nelson cites *Ingersoll v. Hoffman*, 589 So. 2d 223 (Fla. 1991) for some unstated proposition.  The essential holding of that case is that insufficiencies of a notice must be raised in a first response—either by defense or motion.  *Id.*  The Corizon Defendants did just that by responding to the original Complaint with a Motion to Dismiss [ECF #1-2, pp. 54-56].  The argument, such that it is, lacks all merit.

Nelson also seems to argue that he was deceived by Corizon because it did not inform him of Belizaire's medical specialty, so Nelson's notice of intent served on Corizon with an affidavit from an orthopedist is sufficient [ECF #73, pp. 8-11]. Nelson was not deceived; he knew the appropriate expert was an internal medicine physician, not an orthopedic specialist, and there is record evidence to support this knowledge:  Belizaire was served with notice dated July 11, 2017, supported by the affidavit of Paul Genecin, M.D., who is an internal medicine physician [ECF #79-

---

[4] In making this argument, Nelson cites to pages 25-60 of his appendix.  Those pages contain notices purportedly sent to all Defendants, not just the Corizon Defendants.

2, pp. 1 and 7]. Since Nelson had this information within the statute of limitations, nothing prevented him from correcting the error when it came to Corizon. Furthermore, and as argued in the Motion there are no allegations that Corizon is responsible for the negligence of any orthopedic surgeon.[5]

Finally on this issue, Nelson argues that the sovereign immunity argument is "outside the four corners of the Complaint," but no additional argument is made in that regard. It also goes nowhere, as the Court can go beyond the allegations in the Complaint in deciding the Motion.

But there's more: Nelson argues Corizon is not entitled to sovereign immunity because it is an independent contractor and it must prove agency through the normal means, including control by the principal, FDOC. However, Nelson misreads the statute. The Florida Legislature decided to provide sovereign immunity to companies like Corizon if it and FDOC agreed to an agency relationship. Proof of agency in the usual terms is unnecessary.

According to Section 768.28(10), Florida Statutes (2017)

> (a) Health care providers or vendors, or any of their employees or agents, that have contractually agreed to act as agents of the Department of Corrections to provide health care services to inmates of the state correctional system **shall be considered agents of the State of Florida, Department of Corrections**, for the

---

[5] In closing this argument, Nelson claims Corizon failed to participate in presuit discovery by refusing to produce Belizaire for an unsworn statement, and cites to his Supplemental Presuit Interrogatories and Request for Production, dated August 5, 2017, in which he requested dates for Dr. Belizaire's statement [ECF #73, p, 11; ECF #23-1, p. 6]. Belizaire was not an employee of Corizon at that time, so the request should have been directed to him. It was not. More important, the presuit period for Corizon ended on July 10, 2017, when it served its denial of the Claim [ECF #79-2]. Corizon had no duty, or need, to respond to a presuit request after its presuit period ended.

purposes of this section, while acting within the scope of and pursuant to guidelines established in said contract or by rule. The contracts shall provide for the indemnification of the state by the agent for any liabilities incurred up to the limits set out in this chapter.

[Emphasis added].

Nelson's citation to "*Lee v. Perez*, 2018 WL 3884903 (S.D. July 23, 2018)" is not helpful. The cited case cannot be found. However, a likely case is identified according to the same parties with a decision date of November 19, 2018 at *Lee v. Perez*, 2018 U.S. Dist. LEXIS 223637, 2018 WL 6308704 ( S.D. Fla.). It involves a train crash; not the FDOC or the statutory section at issue in this case.

### The Constitutional Claims

Corizon and Belizaire stand by these arguments, as Nelson provides no contrary evidence to these arguments.

### Conclusion

The response is disjointed and logically-scattered. No proof is offered that Nelson complied with the presuit procedures of the Medical Malpractice Act. If those procedures were followed, the proof would be in Nelson's possession. Florida law recognizes Corizon and Belizaire as agents of the state, and therefore immune from state-law claims. The record contains no basis to continue the constitutional claims. The Motion should be granted.

By:    /s/ Gregg A. Toomey
Gregg A. Toomey
Florida Bar No. 159689

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court by using the Florida State Filing Portal System, which will send a copy of the foregoing via electronic mail to the following:

Linda Bellomio Commons, Esq.
*Attorneys for Plaintiff*
Law Offices of Linda Bellomio Commons, P.A.
PO Box 340261
Tampa, FL 33694
Phone: 352.610.4416
Fax: 813.265.3010
Email: lcommons@aol.com
Dmheiser1@gmail.com

James V. Cook, Esq.
*Attorneys for Plaintiff*
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
Phone: 850.222.8080
Fax: 850.561.0836
Email: cookjv@gmail.com

David O. Doyle, Jr., Esq.
Julie A. Tyk, Esq.
*Attorneys for Defendant Maxim*
Pearson Bitman, LLP
485 N. Keller Road, Suite 401
Maitland, FL 32751
Phone: 407.647.0090
Fax: 407.647.0092
Email: ddoyle@pearsonbitman.com
jtyk@pearsonbitman.com
jpreston@pearsonbitman.com
lrover@pearsonbitman.com

Paul G. Rozelle, Esq.
*Attorneys for Defendant Gualtieri*
Pinellas County Sheriff General Counsel's Office
10750 Ulmerton Road
Largo, FL 33778
Phone: 727.582.6274
Fax: 727.582.6459
Email: prozelle@pcsonet.com
Amarcott1@pcsonet.com

Mindy McLaughlin, Esq.
Gabrielle Osborne, Esq.
*Attorneys for Defendants Swick and*
*All Florida Orthopaedic Assoc.*
Beytin, McLaughlin, McLaughlin,
O'Hara, Bocchino & Bolin, P.A.
1706 E. Eleventh Avenue
Tampa, FL 33605
Phone: 813.226.3000
Fax: 813.226.3001
Email: mm@law-fla.com
jvbarnes@law-fla.com;
gosborne@law-fla.com
she@law-fla.com
dlh@law-fla.com
klc@law-fla.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendants Corizon,*
*FDOC and Belizaire*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

By: \_\_\_\_/s/ Gregg A. Toomey_____
      Gregg A. Toomey
      Florida Bar No. 159689