UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,   CASE NO.: 8-19-cv-00449-CEH-JSS

    Plaintiff,

vs.

BOB GUALTIERI, Official Capacity as
Sheriff of Pinellas County, Florida; FLORIDA
DEPARTMENT OF CORRECTIONS;
CORIZON, LLC a/k/a CORIZON HEALTH, INC;
MAXIM HEALTHCARE SERVICES, INC. d/b/a
MAXIM PHYSICIAN RESOURCES, LLC;
MATTHEW SWICK, M.D.; ALL FLORIDA
ORTHOPAEDIC ASSOCIATES, P.A.; and WITCHNER
BELIZAIRE, M.D.,

    Defendants.
_____/

**DEFENDANT, MAXIM HEALTHCARE SERVICES, INC. d/b/a MAXIM PHYSICIAN RESOURCES, LLC'S, AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant, MAXIM HEALTHCARE SERVICES, INC. d/b/a MAXIM PHYSICIAN RESOURCES, LLC (hereinafter "MAXIM"), by and through its undersigned counsel, hereby files its Amended Answer and Affirmative Defenses to Plaintiff's Third Amended Complaint [DE 41].

MAXIM denies each and every allegation of Plaintiff's Third Amended Complaint not expressly or otherwise admitted below. MAXIM also specifically reserves the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

MAXIM's response to the corresponding headings and each of the specifically numbered paragraphs of the Third Amended Complaint is as follows:

### Jurisdiction and Venue

1. Admitted for jurisdictional purposes only; otherwise, denied.

2. Admitted for jurisdictional purposes only; otherwise, denied

3. Admitted for jurisdictional purposes only; otherwise, denied.

4. No knowledge, therefore denied.

5. No knowledge, therefore denied.

### Parties

6. No knowledge, therefore denied.

7. No knowledge, therefore denied.

8. No knowledge, therefore denied.

9. Admitted that the SHERIFF contracted with MAXIM to provide supplemental staffing to provide healthcare services to the SHERIFF. Otherwise, no knowledge, therefore denied.

10. No knowledge, therefore denied.

11. Admitted only that GAIL MIRANDA NEWBY, ARNP was an Advanced Registered Nurse Practitioner licensed in the State of Florida and that GAIL MIRANDA NEWBY, ARNP owed Waheed Nelson a duty of care consistent with Florida law. Otherwise, no knowledge, therefore denied.

12. Admitted that Maxim Healthcare Services, Inc. d/b/a Maxim Staffing Solutions is a Maryland Corporation doing business in Florida. Admitted that Maxim Physician

Resources, LLC is a Maryland Corporation doing business in Florida. Admitted that the SHERIFF contracted with MAXIM to provide supplemental staffing to provide healthcare services to the SHERIFF and that MAXIM owed Waheed Nelson a duty of care consistent with Florida law. Otherwise, denied.

13. Denied that GAIL MIRANDA NEWBY, ARNP was an employee of MAXIM "at all times material" as GAIL MIRANDA NEWBY, ARNP was only an employee of MAXIM from June 4, 2014 until August 8, 2014.

14. Admitted only that MAURICO RANGEL, M.D., is a medical physician licensed in the State of Florida and that MAURICO RANGEL, M.D., owed Waheed Nelson a duty of care consistent with Florida law. Otherwise, no knowledge.

15. Admitted that MAURICO RANGEL, M.D., is a medical physician licensed in the State of Florida and that MAURICO RANGEL, M.D., owed Waheed Nelson a duty of care consistent with Florida law. Denied that MAURICIO RANGEL, M.D., was an employee of MAXIM "at all times material" as MAURICIO RANGEL, M.D. was only an employee of MAXIM from June 20, 2014 until July 30, 2014.

16. No knowledge, therefore denied.

17. No knowledge, therefore denied.

18. No knowledge, therefore denied.

19. No knowledge, therefore denied.

20. No knowledge, therefore denied.

21. No knowledge, therefore denied.

22. No knowledge, therefore denied.

23. No knowledge, therefore denied.

24. No knowledge, therefore denied.

25. Denied.

26. Admitted only as to MAXIM, otherwise, no knowledge.

27. Denied MAXIM waived any condition precedent. Otherwise, no knowledge.

28. No knowledge, therefore denied.

29. No knowledge, therefore denied.

30. No knowledge, therefore denied.

## Common Allegations of Fact

31. No knowledge, therefore denied.

32. No knowledge, therefore denied.

33. No knowledge, therefore denied.

34. Denied as phrased.

35. Admitted that the SHERIFF contracted with MAXIM to provide supplemental staffing to provide healthcare services to the SHERIFF. Otherwise, no knowledge, therefore denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. No knowledge, therefore denied.

43. No knowledge, therefore denied.

44. No knowledge, therefore denied.

45. No knowledge, therefore denied.

46. No knowledge, therefore denied.

47. No knowledge, therefore denied.

48. No knowledge, therefore denied.

49. No knowledge, therefore denied.

50. No knowledge, therefore denied.

51. No knowledge, therefore denied.

52. No knowledge, therefore denied.

53. No knowledge, therefore denied.

54. No knowledge, therefore denied.

55. No knowledge, therefore denied.

56. No knowledge, therefore denied.

57. Denied.

### Causes of Action

### COUNT I
**Medical Negligence Against
Bob Gaultieri, Official Capacity As Sheriff Of Pinellas County For Physicians, Nurse Practitioners And Nurses
(Respondeat Superior/Vicarious Liability)**

58. – 68.   The allegations of Count I do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 58.-68. is

required, it is denied for want of knowledge.

## COUNT II
### Medical Negligence Against
### Florida Department Of Corrections For Negligence For Its Physicians, Nurse Practitioners And Nurses
### (Respondeat Superior/Vicarious Liability)

69. - 78. The allegations of Count II do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 69.-78. is required, it is denied for want of knowledge.

## COUNT III
### Medical Negligence Against
### WITCHNER BELIZAIRE, M.D.

79. - 85. The allegations of Count III do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 79.-85. is required, it is denied for want of knowledge.

## COUNT IV
### Medical Negligence Against CORIZON, LLC
### (Respondeat Superior/Vicarious Liability)

86. - 94. The allegations of Count IV do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 86.-94. is required, it is denied for want of knowledge.

## COUNT V
### Medical Negligence Against MAXIM HEALTHCARE SERVICES, INC. d/b/a MAXIM PHYSICIAN RESOURCES, LLC
### (Respondeat Superior/Vicarious Liability)

95. MAXIM realleges its responses to paragraphs 1 through 48 as if fully set forth herein.

96. Admitted only as to MAXIM's actual employees. Otherwise, denied.

97. Admitted only that MAXIM is vicariously liable for its actual employees. Otherwise, denied.

98. Denied.

99. Admitted that MAURICO RANGEL, M.D., and GAIL NEWBY, ARNP owed Waheed Nelson a duty of care consistent with Florida law. Otherwise, denied.

100. Denied.

101. Denied.

102. Denied, including subparts a) – n).

103. Denied.

104. Denied.

105. Denied.

### COUNT VI
### Medical Negligence Against
### MATTHEW SWICK, M.D.

106. - 113. The allegations of Count VI do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 106.-113. is required, it is denied for want of knowledge.

### COUNT VII
### Medical Negligence Against
### ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A.
### FOR DEFENDANT MATTHEW SWICK, M.D.
### (Respondeat/Superior/Vicarious Liability)

114. - 127. The allegations of Count VII do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 114.-127. is required, it is denied for want of knowledge.

**COUNT VIII**
**Constitutional Failure to Treat Pursuant to 42. U.S.C. 1983**
**BOB GAULTIERI, Official Capacity As Sheriff Of Pinellas County**

128. - 134. The allegations of Count VIII do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 128.-134. is required, it is denied for want of knowledge.

**COUNT IX**
**Constitutional Failure to Treat Pursuant to 42. U.S.C. 1983**
**WITCHNER BELIZAIRE, M.D.**

135. - 140. The allegations of Count IX do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 135.-140. is required, it is denied for want of knowledge.

**COUNT X**
**Constitutional Failure to Treat Pursuant to 42. U.S.C. 1983**
**CORIZON, LLC**

141. - 160. The allegations of Count X do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 141.-160. is required, it is denied for want of knowledge.

**COUNT XI**
**Constitutional Failure to Treat Pursuant to 42. U.S.C. 1983**
**Defendant MAXIM**

160. MAXIM realleges its responses to the Common Allegations, paragraphs 1 through 57, as if fully set forth herein.

161. Admitted only that MAXIM contracted with the SHERIFF to provide medical services to inmates at the Pinellas County jail. Otherwise, denied.

162. Denied.

163. Denied.

164. Denied, including subparts a) – h).

165. Denied.

166. Denied.

167. Denied.

**COUNT XII**
**Constitutional Failure to Treat Pursuant to 42. U.S.C. 1983**
**MATTHEW SWICK, M.D.**

168. - 172.   The allegations of Count XII do not pertain to this Defendant and, accordingly, do not require a response. To the extent that a response to Paragraphs 168.-172. is required, it is denied for want of knowledge.

**Prayer for Relief**

A. Denied.

B. Denied.

C. Denied.

D. Denied.

E. Denied.

**AFFIRMATIVE DEFENSES**

1.   <u>STATUTE OF LIMITATIONS</u>.   MAXIM affirmatively alleges that Plaintiff's action, which is found upon allegations of medical malpractice, is barred by the applicable statute of limitations set forth at Section 95.11(4)(b), *Florida Statutes*.

2   <u>PRE-EXISTING CONDITION.</u> MAXIM affirmatively alleges that any injuries to Plaintiff resulted from a pre-existing condition unrelated to the medical care and treatment

rendered by MAXIM.

3. <u>COMPARATIVE FAULT</u>. MAXIM affirmatively alleges that this Defendant is not jointly liable for Plaintiff's damages in excess of any proportional responsibility that a jury may find against it, if any. Plaintiff has alleged that Bob Gualtieri, Official Capacity as Sheriff of Pinellas County, Florida Department of Corrections, Corizon, LLC, Matthew Swick, M.D., All Florida Orthopaedic Associates, P.A. and Witchner Belizaire, M.D. were also negligent in causing or contributing to the injuries and damages complained of. The negligence of MAXIM, other Defendants, and others not a party to this litigation, if any, should be compared and apportioned accordingly pursuant to the doctrines of comparative negligence and comparative fault as set forth in Section 768.81, *Florida Statutes* and applicable current Florida case law.

4. <u>NEGLIGENCE OF NON-PARTIES</u>. MAXIM affirmatively alleges that the injuries and damages claimed by Plaintiff may have been legally caused by the negligence of others not named by the Plaintiff herein. If true, then those parties should be included on the Verdict Form as *Fabre v. Mesmer* Defendants, and the fault of the named Defendants herein, if any, apportioned accordingly. Plaintiff has brought claims against Bob Gualtieri, Official Capacity as Sheriff of Pinellas County, Florida Department of Corrections, Corizon, LLC, Matthew Swick, M.D., All Florida Orthopaedic Associates, P.A. and Witchner Belizaire, M.D. Should any of these parties settle or otherwise not be a part of the case when the case is submitted to a jury at trial, MAXIM will seek to have those parties listed on the Verdict Form in accordance with the principles established in *Fabre*. Moreover, MAXIM specifically reserves the right to further amend this affirmative defense as discovery may warrant,

consistent with the principles in *Nash v. Wells Fargo*, 678 So.2d 1262 (Fla. 1996).

5. COMPARATIVE NEGLIGENCE. MAXIM affirmatively alleges that Plaintiff was negligent in causing or contributing to the injuries and damages alleged in Plaintiff's Third Amended Complaint. Therefore, Plaintiff's recovery, if any, should be apportioned pursuant to the doctrine of comparative negligence.

6. COLLATERAL SOURCES. MAXIM affirmatively alleges that in the event there is a determination of liability against MAXIM, it is entitled to a set off for all collateral sources or settlements paid or payable in accordance with Section 768.76, *Florida Statutes* and Florida case law.

7. ALTERNATIVE METHODS OF PAYMENT OF DAMAGE AWARDS. MAXIM affirmatively alleges that in the event there is a determination of liability against MAXIM, it is entitled to the benefits of Section 768.78, *Florida Statutes*, concerning alternative methods of payments of damage awards.

8. CONSTIUTIONAL CLAIMS AGAINST EMPLOYEE(S) OF MAXIM. MAXIM affirmatively alleges that as there is no viable constitutional claim against any employee of MAXIM, therefore the constitutional claim against MAXIM fails as a matter of law.

9. NO VICARIOUS LIABILITY UNDER SECTION 1983. MAXIM affirmatively alleges that it is not vicariously liable for the unconstitutional acts of its employees or servants. The Third Amended Complaint attempts to subject MAXIM to vicarious liability which is not permitted in a § 1983 claim.

10. <u>POLICY, CUSTOM OF PRACTICE.</u> Defendant affirmatively alleges that any injury alleged by Plaintiff or misconduct alleged against MAXIM did not result from a custom, policy or practice routinely in effect or put in place by MAXIM, nor were they committed or ratified by a policymaker. Additionally, MAXIM affirmatively alleges and asserts that the acts and/or omissions of MAXIM as alleged in the Third Amended Complaint are factually insufficient to state a cause of action against MAXIM because said actions do not rise to the level of establishing a custom, pattern or practice of deliberate indifference or misconduct which rises to the level of deliberate indifference as required by 42 U.S.C. § 1983.

11. <u>NO CAUSAL CONNECTION TO A POLICY, CUSTOM OR PRACTICE.</u> MAXIM affirmatively asserts that there is no causal connection between the alleged actions of MAXIM in the alleged deprivation of Plaintiff's civil or constitutional rights. No history of widespread abuse of any custom, policy or practice, formal or informal, exists sufficient to put MAXIM on notice of the potential for civil or constitutional violations.

12. <u>DELIBERATE INDIFFERENCE.</u> MAXIM affirmatively alleges that Plaintiff fails to state a cause of action for deliberate indifference under 42 U.S.C. § 1983. Specifically, the actions of MAXIM's employees, even if true, constitute nothing more than negligence which does not state a claim for a violation of an individual's civil or constitutional rights under 42 U.S.C. §1983.

13. <u>FAILURE TO STATE A CLAIM.</u> MAXIM affirmatively asserts that Plaintiff's Third Amended Complaint fails to state claim upon which relief may be granted. Specifically, Plaintiff has incorrectly named MAXIM HEALTHCARE SERVICES, INC. d/b/a MAXIM

PHYSICIAN RESOURCES, LLC as a Defendant. MAXIM HEALTHCARE SERVICES, INC. and MAXIM PHYSICIAN RESOURCES, LLC are separate distinct legal entities.

14. <u>NO DEPREVATION OF A CONSTITUTIONAL RIGHT.</u> MAXIM affirmatively asserts that Plaintiff's Third Amended Complaint fails because he has not been deprived a constitutional right.

15. <u>PRE-TRIAL DETAINEE.</u> MAXIM affirmatively asserts that at the time of the incident alleged in the Third Amended Complaint, WAHEED NELSON was a pre-trial detainee. Therefore, the Eighth Amendment is not implicated, and the Third Amended Complaint fails to state a cause of action for an Eighth Amendment violation.

16. <u>FAILURE TO STATE CAUSE OF ACTION.</u> MAXIM affirmatively asserts that Plaintiff failed to state a cause of action for medical malpractice in Count V of Plaintiff's Third Amended Complaint. MAXIM additionally affirmatively asserts that Plaintiff failed to state a cause of action for failure to treat/deliberate indifference under 42 U.S.C. § 1983 in Count XI of Plaintiff's Third Amended Complaint.

**DEMAND FOR JURY TRIAL**

MAXIM demands a trial by jury of all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been filed with the Clerk via the CM/ECF system, which will send notice of electronic filing to all attorneys on the attached Service List this 3rd day of October, 2019.

/s/ Julie A. Tyk
**DAVID O. DOYLE, JR., ESQUIRE**
Florida Bar No. 0084964

**JULIE A. TYK, ESQUIRE**
Florida Bar No. 84493
PEARSON DOYLE MOHRE & PASTIS, LLP
485 N. Keller Road, Suite 401
Maitland, Florida  32751
(407) 647-0090 phone
(407) 647-0092 facsimile
Email: ddoyle@pdmplaw.com
Secondary Email: jtyk@pdmplaw.com
Additional Emails: jpreston@pdmplaw.com
 lrover@pdmplaw.com
Attorneys for Defendant, Maxim Healthcare Services, Inc.

## SERVICE LIST

| | |
|---|---|
| **Linda Bellomio Commons, Esquire**<br>Law Offices of Linda Bellomio Commons, P.A.<br>P. O. Box 340261<br>Tampa, FL 33694<br>lcommons@aol.com<br>lcommons@gmail.com<br>dheiser1@gmail.com | **Attorney for Plaintiff** |
| **James V. Cook, Esquire**<br>Law Office of James Cook<br>314 West Jefferson Street<br>Tallahassee, FL<br>cookjv@gmail.com | **Co-Counsel for Plaintiff** |
| **Mindy McLaughlin, Esquire**<br>Beytin, McLaughlin, McLaughlin, O'Hara, Bocchino & Bolin, P.A.<br>1706 East 11th Avenue<br>Tampa, FL 33605<br>jvbarnes@law.fla.com<br>law-fla@outlook.com | **Attorneys for Matthew Swick, M.D. & All Florida Orthopaedic Associates, P.A.** |
| **Paul G. Rozelle, Esquire**<br>Pinellas County Sheriff<br>General Counsel's Office<br>10750 Ulmerton Road<br>Largo, FL  33778<br>prozelle@pcsonet.com<br>amarcott1@pcsonet.com | **Attorney for Bob Gualtieri, Official Capacity as Sheriff of Pinellas County** |
| **Gregg Toomey, Esquire**<br>The Toomey Law Firm, LLC<br>The Old Robb & Stucky Building<br>1625 Hendry Street, Suite 203<br>Fort Myers, FL 33901<br>gat@thetoomeylawfirm.com<br>alr@thetoomeylawfirm.com<br>hms@thetoomeylawfirm.com | **Attorney for Corizon, LLC and Florida Department of Corrections** |