UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:19-cv-00449-CEH-JSS

WAHEED NELSON,

    Plaintiff,

vs.

BOB GAULTIERI, Official Capacity as Sheriff of Pinellas County, FLORIDA DEPARTMENT OF CORRECTIONS, CORIZON, LLC, MAXIM HEALTHCARE SERVICES, INC., MATTHEW SWICK, M.D., ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A., and WITCHNER BELIZAIRE, M.D.,

    Defendants.
_____/

**DEFENDANT CORIZON, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISMISSAL OF PLAINTIFF'S MEDICAL MALPRACTICE AGAINST CORIZON**

Defendant Corizon, LLC ("Corizon") hereby files its Response to the Plaintiff's Motion for Reconsideration of Dismissal of the Plaintiff's Medical Malpractice against Corizon [ECF #104] as follows:

As explained in *Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to

reverse its prior decision." Additionally, based on "the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." *Lamar Adver. of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D. Fla. 1999). *Tilborg v. Capstone Credit & Collections, LLC* (M.D. Fla. 2011)

Only three grounds warrant reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Fla. College of Osteopathic Med., Inc.* at 1308. A party may not use a motion for reconsideration to to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). *Doscher v. Apologetics Afield, Inc.*, Case No:6:19-cv-76 (M.D. Fla. May 6, 2019). The party moving for reconsideration must present "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Group, Inc*., 497 F. Supp. 2d 1356, 1358 (internal quotations omitted). "This ordinarily requires a showing of clear and obvious error where the interests of justice demand correction." *Id*. (internal quotations omitted). "A party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for

reconsideration." *Id.* (internal quotations omitted). *Doscher v. Apologetics Afield, Inc.*, Case No: 6:19-cv-76 (M.D. Fla. May 6, 2019)

This Court's rationale for dismissing the medical negligence claim against Corizon was straightforward:

> The Court agrees that the medical negligence claim against Corizon must be dismissed for failure to provide an affidavit that complies with Florida's pre-suit notice requirements. Plaintiff presents no argument that the subsequent notice provided to Belizaire should be imputed to Corizon, nor does Plaintiff dispute that the affidavit attached to the notice provided to Corizon was not by an internal medicine physician.

[ECF #98, p. 13].

The argument in the Motion is anything but straightforward. Notably, the standard for a motion of this type is never mentioned, so it is never argued. Instead, there is a 10-page argument regarding Florida law and how claims should not be dismissed based on presuit discovery failures [ECF #104, pp. 9-18]. That is not an issue and was not the basis for the Court's decision. It is only an issue to Nelson, who claims Corizon did not cooperate in presuit discovery [ECF #104, pp. 16-17].[1] Why this argument is included here is anyone's guess.

In nearly all ways, the argument is relitigation of what failed to carry the day initially, especially argument that the expert affidavit supporting the notice to Dr. Belizaire somehow should be imputed to Corizon. That type of argument is clearly not allowed in motions of this type. Otherwise, Nelson does not provide argument

---

[1] Nelson bases this argument on Corizon failing to inform him that he had the wrong expert during the presuit period. It is baseless: both Corizon and Belizaire provided this information [ECF ##104-5, p. 4; 107-1, p. 5].

regarding a change in law, new evidence or a showing of "clear and obvious error where the interests of justice demand correction."

The Motion should be denied.

By:    /s/ Gregg A. Toomey
      Gregg A. Toomey
      Florida Bar No. 159689

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court by using the Florida State Filing Portal System, which will send a copy of the foregoing via electronic mail to the following:

Linda Bellomio Commons, Esq.
*Attorneys for Plaintiff*
Law Offices of Linda Bellomio Commons, P.A.
PO Box 340261
Tampa, FL 33694
Phone: 352.610.4416
Fax: 813.265.3010
Email: lcommons@aol.com
Commons.litigation@gmail.com
Dmheiser1@gmail.com

James V. Cook, Esq.
*Attorneys for Plaintiff*
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
Phone: 850.222.8080
Fax: 850.561.0836
Email: cookjv@gmail.com

| | |
|---|---|
| David O. Doyle, Jr., Esq.<br>Julie A. Tyk, Esq.<br>*Attorneys for Defendant Maxim*<br>Pearson Bitman, LLP<br>485 N. Keller Road, Suite 401<br>Maitland, FL 32751<br>Phone: 407.647.0090<br>Fax: 407.647.0092<br>Email: ddoyle@pdmplaw.com<br>jtyk@pdmplaw.com<br>jpreston@pdmplaw.com<br>lrover@pdmplaw.com | Paul G. Rozelle, Esq.<br>*Attorneys for Defendant Gualtieri*<br>Pinellas County Sheriff General Counsel's Office<br>10750 Ulmerton Road<br>Largo, FL 33778<br>Phone: 727.582.6274<br>Fax: 727.582.6459<br>Email: prozelle@pcsonet.com<br>Amarcott1@pcsonet.com |
| Mindy McLaughlin, Esq.<br>Gabrielle Osborne, Esq.<br>*Attorneys for Defendants Swick and All Florida Orthopaedic Assoc.*<br>Beytin, McLaughlin, McLaughlin, O'Hara, Bocchino & Bolin, P.A.<br>1706 E. Eleventh Avenue<br>Tampa, FL 33605<br>Phone: 813.226.3000<br>Fax: 813.226.3001<br>Email: mm@law-fla.com<br>jvbarnes@law-fla.com;<br>gosborne@law-fla.com<br>she@law-fla.com<br>dlh@law-fla.com<br>klc@law-fla.com | |

        THE TOOMEY LAW FIRM LLC
*Attorneys for Defendants Corizon, FDOC and Belizaire*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

By:     /s/ Gregg A. Toomey
      Gregg A. Toomey
      Florida Bar No. 159689