UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

                        Case No.:      8:19-CV-00449-CEH-JSS

    Plaintiff,

vs.

BOB GAULTIERI, Official Capacity as Sheriff
of Pinellas County, Florida, DEPARTMENT OF
CORRECTIONS, CORIZON LLC aka
CORIZON HEALTH, INC., MAXIM
HEALTHCARE SERVICES, INC. dba MAXIM
PHYSICIAN RESOURCES, LLC, MATTHEW
SWICK M.D., ALL FLORIDA
ORTHOPEDICS ASSOCIATES, P.A., and
WITCHNER BELIZAIRE M.D.,

    Defendants.
_____/

## DEFENDANTS', MATTHEW SWICK M.D., ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A., NOTICE OF FILING

Defendants, Matthew Swick, M.D. and All Florida Orthopaedic Associates, P.A., by and through the undersigned counsel, hereby give notice of filing the attached Order Terminating Rehabilitation Proceedings and Order of Liquidation from the Circuit Court of Montgomery County, Alabama proceeding styled: *Jim L. Ridling as Commissioner of Insurance vs. Physicians Casualty Risk Retention Group, Inc.*, Case Number CV-2019-900803.00, received yesterday and entered by the Court on August 10, 2020.

1

Respectfully submitted,

/s/ Mindy McLaughlin
MINDY MCLAUGHLIN, ESQUIRE
Florida Bar No.: 96260
GABRIELLE OSBORNE, ESQUIRE
Florida Bar No. 16856
BEYTIN, MCLAUGHLIN, MCLAUGHLIN,
O'HARA, KINMAN & BOCCHINO, P.A.
1706 East Eleventh Avenue
Tampa, FL 33605
Tel: (813) 226-3000; Fax: (813) 226-3001
*Email Designations:* mmeservice@law-fla.com
*and Secondary Electronic Mail Addresses:* law-fla@outlook.com
Attorneys for Defendants Matthew Swick, M.D. and All Florida Orthopaedic Associates, P.A.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 13, 2020, I electronically filed and served on all counsel registered with the CM/ECF electronic mail system the foregoing Matthew Swick, M.D. and All Florida Orthopaedic Associates, P.A.'s Notice of Filing.

/s/ Mindy McLaughlin
Attorney



ELECTRONICALLY FILED
8/10/2020 10:26 AM
03-CV-2019-900803.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| JIM L. RIDLING AS COMMISSIONER OF INSURANCE,<br>Plaintiff,<br><br>V.<br><br>PHYSICIANS CASUALTY RISK RETENTION GROUP, INC.,<br>Defendant. | )<br>)<br>)<br>)  Case No.:    CV-2019-900803.00<br>)<br>)<br>)<br>) |

## ORDER TERMINATING REHABILITATION PROCEEDINGS AND ORDER OF LIQUIDATION

This matter is before the Court upon the petition filed by Ryan Donaldson, as Receiver for Physicians Casualty Risk Retention Group, ("") for authorization to terminate the rehabilitation proceedings of Physicians, and for an Order of Liquidation pursuant to §27-32-7, *Code of Alabama* (1975). The Court having considered said aforementioned petition finds that it is in the best interest of Physicians, its policyholders and creditors, that rehabilitation proceedings be terminated and that Physicians be placed in liquidation upon the terms and conditions contained herein.

It is therefore, ORDERED, ADJUDGED and DECREED as follows:

1.  The Receiver's Petition for Termination of Rehabilitation Proceedings and for Order of Liquidation for Physicians is hereby GRANTED.

2.  Physicians, as of May 3, 2019, or earlier, was insolvent. Based on March 31, 2020 financial statements attached to the Receiver's current Petition, and other financial information previously provided the Court by the Receiver, it appears to the Court that efforts to rehabilitate Physicians have not succeeded, and Physicians is in such financial condition that the

continuation of its rehabilitation and the further transaction of its business thereunder would be hazardous to its policyholders, creditors and the public.

3. As Receiver, Ryan Donaldson is hereby directed to liquidate Physicians in accordance with § 27-32-1, *et seq., Code of Alabama* (1975), including § 27-32-12, and to take such action as the nature of this delinquency proceeding and the interest of the policyholders, creditors and the public may require. As Receiver, Ryan Donaldson is further authorized to employ such legal counsel, accountants, appraisers, experts, clerks and assistants of his own choosing as he deems necessary pursuant to § 27-32-15(f), *Code of Alabama* (1975).

4. As Receiver, Ryan Donaldson is further vested with title to all property, assets, contracts and rights of action of Physicians, wherever located, whether tangible or intangible, including, without limitation, all stock, equity securities, partnership interests or other ownership interests of any kind in any other corporation, partnership (limited or otherwise), trust or other entity which is beneficially or legally owned or held by or attributable to Physicians, as of the date of this Order.

5. As Receiver, Ryan Donaldson is further authorized to institute and prosecute, in the name of Physicians, or in his own name as Receiver, any and all suits or other legal proceedings, defend suits in which Physicians is a party, whether or not such suits are pending as of the date of this Order; abandon the prosecution or defense of such suits, legal proceedings, or claims where to do so would be in the best interest of the policyholders and creditors of Physicians; prosecute any action which may exist on behalf of the enrollees and creditors of Physicians against any person, controlling parties of Physicians, partnership, corporation or other entity, or any other person; and apply, on his own behalf, to have any default or default judgment set aside and to defend on the merits and assert all defenses available to Physicians as against

third parties.

6. All directors, officers and managers of Physicians, if any, are hereby discharged and removed, and all authority of such directors, officers and managers is revoked, except as such persons may be appointed or reappointed by the Receiver, in his sole discretion, after entry of this Order.

7. All banks, brokerage houses, or other companies or persons having in their possession assets which are, or may be, the property of Physicians are hereby ordered to deliver the possession of the same immediately to the Receiver and are further ordered not to disburse the same without the written consent of, or unless directed in writing by, the Receiver. Such persons and entities, and all other persons and entities, are further enjoined from disposing of or destroying any records pertaining to any business transactions between Physicians and banks, brokerage houses or their persons or companies having done business with Physicians or having in their possession assets which are or were the property of Physicians.

8. All agents, brokers or other persons having sold certificates of health coverage and/or collected premiums on behalf of Physicians, shall account for and, to the extent due and owing, shall pay all unearned premiums and commissions owed to Physicians as a result of policies canceled by this Order, or in the normal course of business, directly to the Receiver within thirty (30) days after demand by the Receiver, or appear before this Court to show good cause, if any they may have, as to why they should not be required to account to the Receiver. All agents, brokers or other persons are enjoined and restrained from returning any unearned premiums, or any money in their possession collected for premiums, to enrollees or others. The Receiver shall serve a copy of this Order on all agents, brokers or other persons which shall constitute notice of its injunctive provisions.

9. All attorneys employed by Physicians as of this date shall, within sixty (60) days after notice of this Order, report to the Receiver with respect to the name, company claim number and status of each file they are handling on behalf of Physicians. Said report shall also include an accounting of any funds received from or on behalf of Physicians. All attorneys described herein are hereby discharged as of the date of this Order unless their services are retained by the Receiver after entry of this Order.

10. Each data processing service or other entity that has custody or control of any data processing information and records, including but not limited to, source documents, data processing cards, input tapes, all types of storage information, master tapes or any other recorded information relating to Physicians shall transfer custody and control of such records to the Receiver upon demand.

11. All contracts, treaties and agreements or reinsurance wherein Physicians was the assuming or retrocessional reinsurer, are canceled, on a "cut-off" basis, such cancellations to be effective upon the entry of this Order. All other treaties, contracts and agreements of reinsurance, wherein Physicians is the ceding company, shall remain in full force and effect pending a determination and recommendation by the Receiver as to when and upon what terms cancellation is appropriate.

12. All contracts, executory or otherwise, to which Physicians was/is a party, including all agents' contracts, general agents' contracts, brokers' contracts, retirement and "golden parachute" agreements, are hereby canceled unless specifically adopted by the Receiver within thirty (30) days after the date of this Order. Any cancellation under this provision shall not be treated as an anticipatory breach of such contracts. All other contracts, policies and direct insurance, with obligations that have been assumed by respective state guaranty funds, shall

remain in full force and effect. Persons and entities suffering real damages or loss as a result of said contract cancellations shall retain the right to file claim(s) with the Receiver which claim(s) shall be, if proven, allowed, allowed in part or disallowed in accordance with Alabama's Liquidation Act, §27-32-1, *et seq., Code of Alabama* 1975, the Uniform Insurers Liquidation Act, §27-32-22, *et seq., Code of Alabama* 1975, and other applicable laws of the State of Alabama.

13. The Receiver shall give notice by first-class mail to all persons (including, but not limited to, individuals, aggregations of individuals, partnerships, corporations, associations, estates, trusts, and governmental units, to include all entities not named), believed to have claims against Physicians and shall advise such persons to present and file with the Receiver proper proofs of claim, [or where applicable to file said claims with the Alabama Department of Insurance] as set forth in the notice.

14. The deadline for filing such claim(s) against Physicians shall be established hereafter. The Receiver's notice shall specify the deadline for filing claims and further direct all claimants to file their claims with the Receiver at the address designated in such notice. Said notice shall be made by first-class mail to all claimants at their last known address, where available.

15. The Receiver shall draft and print appropriate proof of claim forms to be used by policyholders and creditors filing claims against Physicians.

16. The Receiver shall be and is hereby authorized to pay all routine administrative expenses incurred by the Receiver without prior approval of the Court provided no one expenditure exceeds the sum of Twenty Thousand Dollars ($20,000.00). Specific accounting and certification of these expenses as reasonable and necessary will be made to the Court before

conclusion of liquidation proceedings.

17. The Receiver is authorized to petition the Insurance Department for the State of Alabama on behalf of Physicians for payment of the *pro rata* part of the administrative expenses and salaries of the Receivership Division in the event the administrative expenses and salaries cannot be paid from the Physicians estate funds, pursuant to §27-2-52, *Code of Alabama* 1975.

18. The Receiver is further granted the authority to dissolve the corporate existences of Physicians in accordance with the provisions of §27-32-12(b), *Code of Alabama* 1975, at such time as he deems appropriate.

19. The Receiver will make a written report to the Court at the appropriate time documenting the progress being made in carrying out the mandates of this Order and any recommendations which the Receiver feels are in the best interest of the policyholders and creditors of Physicians.

20. The injunctive provisions contained in this Court's August 16, 2019 Preliminary Injunction for Physicians is continued in effect until further order of this Court, including but not limited to, paragraph 8.D, which provides that all persons are restrained and enjoined from:

> 8.D. Commencing or further prosecuting any action in law or equity or administrative proceedings against Physicians except in this Court; obtaining any preferences, judgments, attachments, or other liens against any of the property, personal or real, of Physicians; commencing or continuing any action in the nature of an attachment, garnishment or execution against any of the property, personal or real, of Physicians; the making of any levy, garnishment or execution of any of the property, personal or real, of Physicians or their assets or any part thereof except in this Court; or the commencing of any arbitration proceedings against Physicians.

21. This Court shall retain exclusive jurisdiction over this matter for all purposes necessary to effectuate and enforce this Order.

**DONE this 10th day of August, 2020.**

                                              **/s/ BROOKE E REID**
                                              **CIRCUIT JUDGE**