# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WAHEED NELSON,

    Plaintiff,

vs.

BOB GUALTIERI, et al.,

    Defendants.

Case No. 8:19-cv-449-T-36JSS

## PLAINTIFFS' MOTION TO REPLY TO DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS RESPONSE TO PLAINTIFF'S MOTION TO COMPEL BETTER ANSWERS

Plaintiff WAHEED NELSON, through counsel, moves to reply to Defendant Florida Department of Corrections (FDOC) Response to Plaintiff's Motion to Compel Better Answers (ECF 186), and would show as follows:

1. In each of its responses complained of in Plaintiff's Motion to Compel (ECF 170), Defendant FDOC breaks one or more rules of discovery and does so in a way that creates unnecessary but strategic obstacles to discovery.

2. In its responses to Interrogatories and Requests for Production, Defendant FDOC also fails to heed the Middle District Discovery guide (2015 ed.) which combines discovery caselaw with discovery etiquette.[1] Plaintiff wishes to point out where FDOC is evasive on discovery issues.

---

[1] Plaintiff is well aware that precedential caselaw on discovery rules is rare and that refereeing discovery disputes is not a favorite activity of many jurists. The Middle District is fortunate to have the Middle District Discovery publication as a guide and it should not be ignored.

3. Plaintiff can demonstrate concisely how FDOC tersely dismisses interrogatories by addressing one aspect of a process or protocol interrogatory without addressing the other aspects. For instance, to a question about the scheduling process, it responds that "this activity is conducted by the contract medical provider," without addressing the points at which FDOC interacts with the contractor to carry out the process and without admitting any knowledge of its own contractor's processes.

4. Plaintiff seeks to argue with examples how FDOC is misleading in its representations that the answers to interrogatories are easily discerned from the materials it has provided. FDOC materials are often, voluminous, opaque and inaccessible to those not versed in its language and procedures.

5. Plaintiff seeks to show how FDOC makes contradictory representations – such as when it complains that a request implicates privileged materials and then refuses to provide a privilege log claiming it has nothing to log.

6. Plaintiff seeks to show how FDOC claims not to understand the meaning of English words and expressions that it employs on a regular basis.

7. Plaintiff seeks to show, with examples, how FDOC misrepresents as "burdensome" fairly compact and accessible records that it maintains in digital format easily transmitted by disk or e-mail and pretends that it lacks experienced IT staff with broad and flexible search capabilities.

## MEMORANDUM OF LAW

"No party shall file any reply or further memorandum directed to the motion or responses . . . unless the Court grants leave." M.D. Fla. R. 3.01(c). "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. United States*, 2013 WL 3901871, at *1 n.3 (M.D. Fla.). *Kelly v. LVNV Funding, LLC*, Case No: 2:15-cv-498-FtM-29CM, at *3 (M.D. Fla. Oct. 26, 2015). While FDOC has cited no law in its Response, it does suggest the existence of facts not expressed in its original discovery responses that can fairly be rebutted in a Reply.

WHEREFORE, Plaintiff moves the Court for Leave to file a 5-page Reply.

Respectfully Submitted,   *s/James V. Cook*_____
JAMES V. COOK, ESQ.
Florida Bar Number 0966853
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 850 561-0836 (fax)
cookjv@gmail.com

ATTORNEY FOR PLAINTIFF

I CERTIFY that I have conferred in good faith with counsel for the Defendant, DOES object to the motion.

I CERTIFY the foregoing was filed electronically on 10/9/2020, on all counsel registered to be notified by the CM/ECF electronic mail system.

*s/James V. Cook*