UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:19-cv-00449-CEH-JSS

WAHEED NELSON,

    Plaintiff,

vs.

BOB GAULTIERI, Official Capacity as Sheriff of Pinellas County, FLORIDA DEPARTMENT OF CORRECTIONS, CORIZON, LLC, MAXIM HEALTHCARE SERVICES, INC., MATTHEW SWICK, M.D., ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A., and WITCHNER BELIZAIRE, M.D.,

    Defendants.

_____/

**DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS'
UNVERIFIED[1] ANSWERS TO PLAINTIFF'S
FIRST INTERROGATORIES**

The Answers to Interrogatories, as described below, have been completed and furnished to all counsel of record:

INTERROGATORIES PROPOUNDED BY:  Plaintiff

DATED:  November 23, 2019

INTERROGATORIES DIRECTED TO:  Defendant Corizon, LLC

---

[1] As of the date of service, these answers to plaintiff's first interrogatories were out for execution. The executed Interrogatory Answers will be provided upon receipt.

FURNISHED TO:   James V. Cook

By:   /s/ Gregg A. Toomey
Gregg A. Toomey
Florida Bar No. 159689

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2020, I electronically served a copy of the foregoing to the following:

Linda Bellomio Commons, Esq.
*Attorneys for Plaintiff*
Law Offices of Linda Bellomio Commons, P.A.
PO Box 340261
Tampa, FL 33694
Phone: 352.610.4416
Fax: 813.265.3010
Email: lcommons@aol.com
Commons.litigation@gmail.com
Dmheiser1@gmail.com

James V. Cook, Esq.
*Attorneys for Plaintiff*
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
Phone: 850.222.8080
Fax: 850.561.0836
Email: cookjv@gmail.com

David O. Doyle, Jr., Esq.
Julie A. Tyk, Esq.
*Attorneys for Defendant Maxim*
Pearson Bitman, LLP
485 N. Keller Road, Suite 401
Maitland, FL 32751
Phone: 407.647.0090
Fax: 407.647.0092
Email: ddoyle@pdmplaw.com
jtyk@pdmplaw.com
jpreston@pdmplaw.com
lrover@pdmplaw.com

Paul G. Rozelle, Esq.
*Attorneys for Defendant Gualtieri*
Pinellas County Sheriff General Counsel's Office
10750 Ulmerton Road
Largo, FL 33778
Phone: 727.582.6274
Fax: 727.582.6459
Email: prozelle@pcsonet.com
Amarcott1@pcsonet.com

Mindy McLaughlin, Esq.
Gabrielle Osborne, Esq.
*Attorneys for Defendants Swick and*
*All Florida Orthopaedic Assoc.*
Beytin, McLaughlin, McLaughlin,
O'Hara, Bocchino & Bolin, P.A.
1706 E. Eleventh Avenue
Tampa, FL 33605
Phone: 813.226.3000
Fax: 813.226.3001
Email: mm@law-fla.com
jvbarnes@law-fla.com;
gosborne@law-fla.com
she@law-fla.com
dlh@law-fla.com
klc@law-fla.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendants Corizon, FDOC and Belizaire*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

By:    /s/ Gregg A. Toomey
     Gregg A. Toomey
     Florida Bar No. 159689

## INTERROGATORIES TO FLORIDA DEPARTMENT OF CORRECTIONS

*Defendant Florida Department of Corrections is referred to herein as "Defendant" or "the Department." and the Reception and Medical Center or RMC is "the Facility." "Records" include documents, recordings, and images, electronic or otherwise. The matter sued upon is the failure to treat Waheed Nelson, DC# R36172. To the extent the time frame is not otherwise made clear, it should be assumed to refer to 4/16/2015 through 7/28/2015.*

*Where interrogatories can best be answered by the provision of records, pursuant to Fed.R.Civ.P. 33(d), the records are requested to be made available to counsel for Plaintiff at a mutually agreeable place to be inspected and copied digitally on a date mutually convenient to the Parties. Please do not make paper copies for Plaintiff since counsel's office is paperless. If records already exist in digital format, Plaintiff requests that form. Otherwise, Plaintiff will digitally copy the records during inspection.*

*Counsel for Plaintiff will provide confidentiality orders (HIPAA-qualified and general) so that sensitive documents may be produced without redaction or delay.*

*<u>No discovery request should be interpreted to invade privilege. Discovery requests to which legitimately privileged records are responsive are satisfied by listing the records in Defendant's privilege log and referring to the privilege log in the discovery response.</u>*

*Pursuant to Fed.R.Civ.P. 33, Responding Party must answer each Interrogatory separately and fully in writing under oath, unless the Interrogatory is objected to, in which case Responding Party must state the reason for the objection, the subject matter to which it applies, clearly limit the objection to that subject matter, and shall answer to the extent that any part of the subject matter is not objectionable.*

1. Please identify, giving their full name, business address and official position, all persons who contributed to answering these discovery requests.

    **Answer:**    Thomas Reimers, Health Services Director

2. For each person named in your Fed.R.Civ.P. 26(a)(1)(A)(i) disclosures, please describe in detail the discoverable information that person is likely to

have that the Defendants may use to support their claims or defenses, unless the use would be solely for impeachment.

**Answer:** Please see the medical records. Each name in the Rule 26 Disclosures appears within the medical records.

3. Please describe comprehensively the system for scheduling and rescheduling specialist or outside institution appointments for inmates, the process for ensuring timely care, how the process is documented, including e-mails sent and received in the process, and the identity of the document custodian(s). Feel free to use documents to answer the questions, pursuant to Fed.R.Civ.P. 33(d), to the extent that they answer the interrogatory.

   **Answer:** This activity is conducted by the contract medical provider.

4. Describe comprehensively the reasons for the prolonged delay in treating Plaintiff for treatment of his fractured ankle from April 16, 2015 to July 28, 2016, including communications between FDC officials and medical providers, how such communications were documented, where the documentation is maintained, and the identity of the custodian.

   **Answer:** There was no delay. The process of treatment was handled by the contract medical provider.

5. Please describe how Corizon's performance has been evaluated and audited for contract compliance, identifying the persons responsible for performing audits or evaluations, the frequency of such audits, how they were documented and communicated on, how those documents and communications are maintained, including e-mails, and the name of the custodian of those records.

   **Answer:** Corizon's Contract (Agency Contract C2757) which is available to the public on the Florida Accountability Contract Tracking System on the Florida Department of Financial Services website provides and outlines the Reporting Requirements of Corizon to FDC on various aspects of their performance under the contract, to whom such reporting would be directed, and with what frequency in pages 59-104 of the Contract.

6. Do you contend that any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, and explain in detail the legal and factual basis for your contention.

   **Answer:**   Unknown as discovery is ongoing

STATE OF _____   )
                               )
COUNTY OF _____   )

      THE FOREGOING INSTRUMENT was acknowledged before me this \_\_\_\_ day of _____, 2020, by _____, who is personally known to me or who has produced _____ as identification and who \_\_\_\_ did \_\_\_\_ did not take an oath, acknowledging that the above and foregoing is true and correct and that it was executed freely and voluntarily for the purposes expressed herein.

My Commission Expires:

                                              Notary Public

                                              Print/Type Name of Notary

                                              Commission No. _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:19-cv-00449-CEH-JSS

WAHEED NELSON,

    Plaintiff,

vs.

BOB GAULTIERI, Official Capacity as
Sheriff of Pinellas County, FLORIDA
DEPARTMENT OF CORRECTIONS,
CORIZON, LLC, MAXIM
HEALTHCARE SERVICES, INC.,
MATTHEW SWICK, M.D., ALL
FLORIDA ORTHOPAEDIC
ASSOCIATES, P.A., and WITCHNER
BELIZAIRE, M.D.,

    Defendants.
_____/

**DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS'
RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant Florida Department of Corrections ("FDOC") provides Responses to Plaintiff's November 23, 2019 Requests for Production as follows:

*Defendant Florida Department of Corrections is referred to herein as "Defendant" or "the Department." and the Reception and Medical Center or RMC is "the Facility." "Records" include documents, recordings, and images, electronic or otherwise. The matter sued upon is the failure to treat Waheed Nelson, DC# R36172. To the extent the time frame is not otherwise made clear, it should be assumed to refer to 4/16/2015 through 7/28/2015.*

*The following records are sought for inspection and copying under Fed.R.Civ.P. 34. Plaintiff does not seek paper copies of records, but rather to inspect and digitally copy original records. If such records exist in digital format, a true copy*

*of the digital records will satisfy these requests.*

*Counsel for Plaintiff will provide confidentiality orders (HIPAA-qualified and general) so that sensitive documents may be produced without redaction or delay.*

*Responding Party must respond to each discovery request unless objected to, in which case the Responding Party must state the reason for the objection, the subject matter to which it applies, clearly limit the objection to that subject matter, and shall respond to the extent that any part of the subject matter is not deemed objectionable.*

*These requests are for all records and items within the possession, custody, or control, of the City, except to the extent they would invade legitimate privileges and <u>any discovery request to which privileged material is responsive can be satisfied by listing the privileged material in Defendant's privilege log</u> and referring to the privilege log in the discovery response.*

1. All records listed in the Department's Fed.R.Civ.P. 26(a)(1)(A)(ii) disclosures.

    **Response:**   Please see the following included on the enclosed disc:

    a. Pinellas County Jail medical records
    b. Corizon UM records
    c. FDOC medical records (3 sets, as follows):
        1. 437 pages rec'd from Lake Butler/RMC 6/12/17 (appear to be RMC specific)
        2. 3160 pages rec'd from AG's office 6/12/17
        3. 264 pages rec'd from AG's office 11/16/17
    d. Pinellas Surgical Associates records
    e. Bay Surgical Associates records
    f. Memorial Hospital Jacksonville medical records

2. All correspondence to or from persons listed in your Fed.R.Civ.P. 26(a)(1)(A)(i) disclosures other than between parties and their attorneys.

    **Response:**   Objection.  As worded, this request violates attorney-client privilege and is overbroad in the sense that "all correspondence" includes in no manner relevant to this case.  This request is overbroad in that a proper

response would require a review of every file regarding every inmate in custody during the stated period.

3. All correspondence to or from any person or entity specifically related to the medical care provided to Plaintiff in 2015.

   **Response:** Objection, overbroad. "Any person" potentially and necessarily involves any number of FDOC employees or any number of unknown people. There is no way to search for this information other to identify those names that appear in the medical records. Please see the medical records produced in response to Request No. 1 above.

4. All communications, not privileged, to or from any person or entity specifically related to the allegations, claims or defenses in the operative complaint and answer in this case.

   **Response:** Objection, vague as to the phrase "allegations, claims or defenses" as what could possibly relate is any number of things not defined by this request.

5. All records listed in the Department's Fed.R.Civ.P. 26(a)(1)(A)(ii) disclosures.

   **Response:** Duplicate to No. 1 above. See documents produced in response to Request No. 1 above.

6. All records requests, including public records requests made by you relating to the instant case, and any records received as a result of those requests.

   **Response:** None.

7. All documents that set out policies and procedures FDC employees and agents, including medical staff and contractors, had to follow in providing medical care to inmates.

   **Response:** Objection, overbroad in scope. The procedures are set out in Chapter 33-400, Florida Administrative Code. The FDOC also issues Technical Instructions and Health Services Bulletins regarding a variety of medical conditions not related to this case.

8. Plaintiff's Incarceration File

   **Response:** Please see the following documents included herein:

   a. Classification File
   b. Overall Inmate Record

9. All MINS for Plaintiff including MINS for 2015

   **Response:** This has been requested and to the extent any MINS reports are located that are not included in the Plaintiff's Classification record, they will be produced.

10. All communications between FDC and Corizon, including e-mails, expressing dissatisfaction with Corizon's contract compliance.

    **Response:** The Defendant objects to this request as overly broad and unduly burdensome and not reasonably proportionate to the needs of this case. The Plaintiff was not housed at all FDOC facilities. The Defendant further objects to this request as irrelevant to any party's claim or defense because it requests information unrelated to plaintiff and his alleged medical conditions.

11. All e-mails in the Department's possession, custody, or control, relating to the medical treatment of Plaintiff other than between a party and the party's attorney, searching on the terms, "Waheed Nelson," "Nelson, Waheed," and "R36172".

    **Response:** The Defendant objects this request as overly broad, unduly burdensome and not reasonably proportionate to the needs of this case. The Defendant further objects to this request as irrelevant to any party's claim or defense. The Defendant proposes that the plaintiff narrow this request by (1) identifying certain custodians and 2) including additional search terms to narrow the result. Once this information is provided, a cost estimate will be produced on the costs associated with a search of this type.

12. If any documents responsive to these requests for production have been lost or destroyed, including intentional purging of files, please describe the

nature of the records destroyed, any applicable purge schedules, and an affidavit certifying destruction of the records.

**Response:** None.

13. PRIVILEGE LOG. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production.) The log should define or designate the documents in the Departmentr(sic) response with sufficient particularity to allow Plaintiffs to make a motion for a court order to require production of these documents.

**Response:** None.

By:    /s/ Gregg A. Toomey
        Gregg A. Toomey
        Florida Bar No. 159689

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2020, I electronically served a copy of the foregoing to the following:

Linda Bellomio Commons, Esq.
*Attorneys for Plaintiff*
Law Offices of Linda Bellomio Commons, P.A.
PO Box 340261
Tampa, FL 33694
Phone: 352.610.4416
Fax: 813.265.3010
Email: lcommons@aol.com
Commons.litigation@gmail.com
Dmheiser1@gmail.com

James V. Cook, Esq.
*Attorneys for Plaintiff*
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
Phone: 850.222.8080
Fax: 850.561.0836
Email: cookjv@gmail.com

David O. Doyle, Jr., Esq.
Julie A. Tyk, Esq.
*Attorneys for Defendant Maxim*
Pearson Bitman, LLP
485 N. Keller Road, Suite 401
Maitland, FL 32751
Phone: 407.647.0090
Fax: 407.647.0092
Email: ddoyle@pdmplaw.com
jtyk@pdmplaw.com
jpreston@pdmplaw.com
lrover@pdmplaw.com

Mindy McLaughlin, Esq.
Gabrielle Osborne, Esq.
*Attorneys for Defendants Swick and All Florida Orthopaedic Assoc.*
Beytin, McLaughlin, McLaughlin, O'Hara, Bocchino & Bolin, P.A.
1706 E. Eleventh Avenue
Tampa, FL 33605
Phone: 813.226.3000
Fax: 813.226.3001
Email: mm@law-fla.com
jvbarnes@law-fla.com;
gosborne@law-fla.com
she@law-fla.com
dlh@law-fla.com
klc@law-fla.com

Paul G. Rozelle, Esq.
*Attorneys for Defendant Gualtieri*
Pinellas County Sheriff General Counsel's Office
10750 Ulmerton Road
Largo, FL 33778
Phone: 727.582.6274
Fax: 727.582.6459
Email: prozelle@pcsonet.com
Amarcott1@pcsonet.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendants Corizon, FDOC and Belizaire*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

By:     /s/ Gregg A. Toomey
      Gregg A. Toomey
      Florida Bar No. 159689

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO.: 8:19-cv-00449-CEH-JSS

WAHEED NELSON,

    Plaintiff,

vs.

BOB GAULTIERI, Official Capacity as Sheriff of Pinellas County, FLORIDA DEPARTMENT OF CORRECTIONS, CORIZON, LLC, MAXIM HEALTHCARE SERVICES, INC., MATTHEW SWICK, M.D., ALL FLORIDA ORTHOPAEDIC ASSOCIATES, P.A., and WITCHNER BELIZAIRE, M.D.,

    Defendants.
_____/

## DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Defendant Florida Department of Corrections ("FDOC") provides a Response to the Plaintiff's November 23, 2019 Request for Admissions as follows:

*Defendant Florida Department of Corrections is referred to herein as "Defendant" or "the Department." and the Reception and Medical Center or RMC is "the Facility." "Records" include documents, recordings, and images, electronic or otherwise. The matter sued upon is the failure to treat Waheed Nelson, DC# R36172. To the extent the time frame is not otherwise made clear, it should be assumed to refer to 4/16/2015 through 7/28/2015.*

*Records supporting denials are requested for inspection and copying. Plaintiff does not request paper, but rather to inspect original records. If such records exist in digital format, a copy of the digital records may be provided pursuant to*

*Rule 34(b)(2)(B).*

*Counsel for Plaintiff will provide confidentiality orders (HIPAA-qualified and general) so that sensitive documents may be produced without redaction or delay.*

<u>*No discovery request should be interpreted to invade privilege. Discovery requests to which legitimately privileged records are responsive are satisfied by listing the records in Defendant's privilege log*</u> *and referring to the privilege log in the discovery response.*

*Pursuant to Fed.R.Civ.P. 36, if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to or deny.*

COMES NOW the plaintiff, by and through undersigned counsel, pursuant to Rule 36, Federal Rules of Civil Procedure, and request the above Defendant admit or deny the following matters. For each denial, state the facts on which the denial is based.

ADMIT THAT:

1. Plaintiff's claims are not barred by failure to exhaust administrative remedies.

   **Response:**  Objection, this is a legal question, which is inappropriate for a request for admission.

2. FDC has a non-delegable duty to provide health care to its prisoners.

   **Response:**  Denied.

3. Plaintiff had one or more serious medical conditions.

**Response:** Admitted to the extent that upon his arrival into FDOC custody, he had several medical conditions, all of which were treated.

4. Prisoners are not free to choose their own healthcare

    **Response:** Denied.

5. Plaintiff went more than three months without treatment for his fractured ankle.

    **Response:** Denied.

6. Plaintiff has sometimes received inadequate health care while in the FDC.

    **Response:** Denied.

7. Plaintiff has sometimes received inadequate health care from Corizon.

    **Response:** Denied.

8. On July 28, 2015, Plaintiff's leg, from the knee down, was amputated.

    **Response:** Admitted to the extent that a below the knee amputation was performed as directed by physicians.

9. Surgery was noted as a possibility before amputation.

    **Response:** Admitted to the extent that a referring physician noted in his referral that the purpose of the referral was to decide whether surgery or amputation were appropriate.

10. FDC has expressed concern that Corizon failed to provide care to prisoners.

    **Response:** Admitted to the extent that this is always a concern with any medical treatment.

11. The FDC contract with Corizon was terminated more than two years early.

    **Response:** Admitted.

12. Plaintiff never received arthroplasty (joint surgery) prior to his amputation.

    **Response:**  Admitted.

13. Plaintiff was diagnosed with Periostitis at RMC.

    **Response:**  Admitted.

14. Plaintiff did not receive any specialized care to address his joint effusion before amputation was recommended

    **Response:**  Denied.

15. Plaintiff never received joint arthrocentesis.

    **Response:**  Admitted to the extent that the available records do not indicate this procedure was performed.

16. After an MRI was done, it was recommended that Plaintiff receive an orthopedic consult.

    **Response:**  Denied.

17. Plaintiff never received an intra-articular corticosteroid injection.

    **Response:**  Admitted.

18. Short-staffing medical care was a serious problem in FDC during 2015.

    **Response:**  Cannot admit or deny, as the phrase "short-staffing medical care" is unintelligible.

19. Failure to treat known serious medical conditions was a serious problem in FDC in 2015.

    **Response:**  Denied.

By:    /s/ Gregg A. Toomey
       Gregg A. Toomey
       Florida Bar No. 159689

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2020, I electronically served a copy of the foregoing to the following:

Linda Bellomio Commons, Esq.
*Attorneys for Plaintiff*
Law Offices of Linda Bellomio
Commons, P.A.
PO Box 340261
Tampa, FL 33694
Phone: 352.610.4416
Fax: 813.265.3010
Email: lcommons@aol.com
Commons.litigation@gmail.com
Dmheiser1@gmail.com

James V. Cook, Esq.
*Attorneys for Plaintiff*
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
Phone: 850.222.8080
Fax: 850.561.0836
Email: cookjv@gmail.com

David O. Doyle, Jr., Esq.
Julie A. Tyk, Esq.
*Attorneys for Defendant Maxim*
Pearson Bitman, LLP
485 N. Keller Road, Suite 401
Maitland, FL 32751
Phone: 407.647.0090
Fax: 407.647.0092
Email: ddoyle@pdmplaw.com
jtyk@pdmplaw.com
jpreston@pdmplaw.com
lrover@pdmplaw.com

Paul G. Rozelle, Esq.
*Attorneys for Defendant Gualtieri*
Pinellas County Sheriff General Counsel's Office
10750 Ulmerton Road
Largo, FL 33778
Phone: 727.582.6274
Fax: 727.582.6459
Email: prozelle@pcsonet.com
Amarcott1@pcsonet.com

Mindy McLaughlin, Esq.
Gabrielle Osborne, Esq.
*Attorneys for Defendants Swick and All Florida Orthopaedic Assoc.*
Beytin, McLaughlin, McLaughlin, O'Hara, Bocchino & Bolin, P.A.
1706 E. Eleventh Avenue
Tampa, FL 33605
Phone: 813.226.3000
Fax: 813.226.3001
Email: mm@law-fla.com
jvbarnes@law-fla.com;
gosborne@law-fla.com
she@law-fla.com
dlh@law-fla.com
klc@law-fla.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendants Corizon, FDOC and Belizaire*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

By: ___/s/ Gregg A. Toomey_____
     Gregg A. Toomey
     Florida Bar No. 159689