UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Waheed Nelson,

    Plaintiff,

            Case No. 8:19-cv-00449-CEH-JSS

vs.

Bob Gualtieri, et al.,

    Defendants.

_____/

## DEFENDANT BOB GUALTIERI'S NOTICE OF SERVING ANSWERS TO PLAINTIFF'S INTERROGATORIES

   BOB GUALTIERI, in his official capacity as Sheriff of Pinellas County, Florida, by and through his undersigned attorney, hereby furnishes his Answers to Plaintiff's Interrogatories served on March 20, 2020.

### CERTIFICATE OF SERVICE

   I certify that on May 4, 2020, I served a copy of the foregoing by email to:

| | |
|---|---|
| Linda Bellomio Commons, Esquire<br>James Cook, Esquire<br>lcommons@aol.com<br>dmheiser1@gmail.com<br>cookjv@gmail.com<br>Co-Counsel for Plaintiff | Mindy McLaughlin, Esquire<br>Gabrielle Osborne, Esquire<br>Beytin, McLaughlin, McLaughlin,<br>O'Hara, Bocchino & Bolin, P.A.<br>jvbarnes@law-fla.com<br>klc@law-fla.com<br>law-fla@outlook.com<br>Attorneys for Matthew Swick, M.D.<br>and All Florida Orthopaedic Associates,<br>P.A. |

Gregg Toomey, Esquire
gat@thetoomeylawfirm.com
alr@thetoomeylawfirm.com
hms@thetoomeylawfirm.com
Attorney for Corizon, LLC and
Florida Department of Corrections

David O. Doyle, Jr., Esquire
Julie A. Tyk, Esquire
ddoyle@pdmplaw.com
jtyk@pdmplaw.com
jpreston@pdmplaw.com
lrover@pdmplaw.com
Attorneys for Defendant, Maxim
Healthcare Services, Inc.

PINELLAS COUNTY SHERIFF
GENERAL COUNSEL'S OFFICE

Paul G. Rozelle
Senior Associate Counsel
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
prozelle@pcsonet.com
amarcott1@pcsonet.com
Attorney for Defendant, Bob Gualtieri,
in his official capacity as Sheriff of
Pinellas County, Florida

## ANSWERS OF SHERIFF BOB GUALTIERI
## TO PLAINTIFF'S INTERROGATORIES

### INTERROGATORY NO. 1

Please identify, giving the full name, business address and official position of all persons who contributed to answering these discovery requests.

**Answer**: The person verifying these interrogatories is Denise Thomas. Her address is Pinellas County Sheriff's Office, 10750 Ulmerton Road, Largo, FL 33778. Ms. Thomas is employed by the Pinellas County Sheriff's Office; she holds the title of Claims Adjuster. Dr. Kevin Kyle, the Pinellas County Jail's Medical Director, contributed to answering these interrogatories, with the assistance of counsel.

### INTERROGATORY NO. 2

Please identify the ultimate policymaker for the operation of the Pinellas County Jail and for medical care at the Pinellas County Jail and to the extent that any policy-making authority is delegated to subordinates, identify the designated health care policy authority or authorities to whom policymaking authority or aspects of the policymaking authority are delegated.

**Answer**: Interrogatory No. 2 is vague, ambiguous, and overly broad. In particular, the identification of the relevant, final policymaker in a Monell claim is a fact-sensitive inquiry that turns on, among other things, the nature of the alleged act or omission in question and when that act or omission occurred. Interrogatory No. 2 does not identify the specific aspects or decisionmaking concerning Nelson's stay in the jail or his medical care and treatment on which inquiry is made nor does it identify a policy or custom for which it seeks the identification of a policymaker.

### INTERROGATORY NO. 3

Please describe in full detail the policy required to be followed at the Jail when an inmate suffers a fracture to ensure the inmate receives timely diagnosis and treatment for the fracture, providing citations to the applicable Jail policies and procedures.

**Answer**:   Interrogatory No. 3 is vague and ambiguous and involves a vague hypothetical.  The Sheriff will produce his standard operating procedure governing access and privacy of care in effect between January 7, 2015, and April 16, 2015.  Depending on the nature and scope of the treatment in issue in the hypothetical that constitutes Interrogatory No. 3, other standard operating procedures, separately produced in response to other discovery requests, may also be relevant.

## INTERROGATORY NO. 4

Please describe the organization of medical care in the Jail emphasizing how responsibility is assigned to the health care contractor, Maxim, and to the other medical providers who treat Jail prisoners, including the full names and titles of persons who carry out those responsibilities for Maxim and those who carry out those responsibilities as Jail employees.

**Answer**:   Interrogatory No. 4 is vague and ambiguous because it is unclear what is meant by "the organization of medical care in the Jail." The Sheriff will produce his standard operating procedure concerning healthcare administration effective between January 7, 2015, and April 16, 2015.  Further answering, at the times relevant to the allegations in the fourth amended complaint, Dr. Rangel, Dr. Yukna, Ms. Bumiller, and Ms. Newby — the only healthcare providers identified in the fourth amended complaint who provided care and treatment to Nelson when he was incarcerated at the Pinellas County Jail — were employed by the Sheriff, not Maxim.  As it relates to any relationship between the Sheriff and Maxim, Interrogatory No. 4 is irrelevant.  Finally, it is unclear who is meant by "the other medical providers who treat Jail prisoners."

## INTERROGATORY NO. 5

Please describe what access your staff has to the electronic court document for your prisoners and how the information on that docket is used, and state when you or your designee for following court proceedings first became aware that Plaintiff was set for sentencing and what would have been the normal or average time gap

between sentencing and transfer based on the normal course of interactions between the Jail and the Florida Department of Corrections (FDC).

**Answer**:   Interrogatory No. 5 is vague and ambiguous because it is unclear who is meant by "your staff" and "the electronic court document for your prisoners."

## INTERROGATORY NO. 6

Please describe your policy as to whether or not a Jail inmate's medical records are forwarded to other institutions, including state prison, to which the prisoner is transferred, the protocol for carrying this policy out and the full name and title of the person assigned to it, and whether the protocol changes if the inmate is suffering a serious medical condition.

**Answer**:   The Sheriff will produce his standard operating procedure governing continuity of care during incarceration, infirmary care, confidential medical records, and discharge planning for release and transfer in effect between January 7, 2015, and April 16, 2015.

## INTERROGATORY NO. 7

Please list all medical interventions to address the fracture of Plaintiff's right ankle and foot and all complications relating thereto from Wednesday, January 7, 2015 to the time he was transferred to the Florida Department of Corrections (FDC). If you provide your business records under Fed.R.Civ.P. 26(d) in response to this Interrogatory, please confirm that no interventions were made that are not comprehensively described in the records or explain the interventions given but not fully recorded and the reason for failure to fully record.

**Answer**:   The Sheriff has separately indicated that he will produce a Bates-numbered copy of Nelson's medical records from the Pinellas County Jail. The Sheriff objects to the second sentence of Interrogatory No. 7 because it is vague and ambiguous. It is unclear what interventions the plaintiff refers to or what is meant by "comprehensively described."

3

## INTERROGATORY NO. 8

For each individual named in your Fed.R.Civ.P. 26(a)(1)(A)(i) disclosures, please state the discoverable information —along with the subjects of that information— that individual is likely to testify to that relate to claims or defenses in this case. Please go beyond the general perfunctory descriptions like, "care and treatment provided to Nelson during his incarceration in the Pinellas County Jail" and explain how the testimony addresses the claims or defenses in the case or, if you don't know, please make that clear.

> **Answer**:   The Sheriff objects to Interrogatory No. 8 because it is unduly burdensome.  The Sheriff's initial disclosures were made ten months ago and contained the information requested in this interrogatory.  The plaintiff has not objected to the information provided in those disclosures or claimed that they are deficient in any way.  The individuals identified in Part I of those disclosures fall into two categories.  The first are individuals who provided medical care and treatment to Nelson.  The nature of that care and treatment is identified in the medical records that the plaintiff has had in his possession for years.  The second category of individuals identified in Part I are those people who, the Sheriff reasonably believes, have information about the timing of Nelson's awareness of his alleged injuries and that he was allegedly injured because he was subjected to negligent medical care and treatment while incarcerated at the Pinellas County Jail. Nelson's coterie of family members, spouses and former spouses, paramours, and confidents is well-known to him.  The recordings of these telephone calls were produced to the plaintiff years ago.

## INTERROGATORY NO. 9

Please describe in detail each of Plaintiff's medical consultations and how you or your designee followed up on the observations and recommendations of the medical consultant including any factors that prevented timely follow-up and any efforts that were made to avoid the risks to Plaintiff caused by the delays and to optimize his medical condition and treat his pain and discomfort while trying to deal with the delays.

> **Answer**:   The Sheriff objects to Interrogatory No. 9 because it is unduly burdensome.  The Sheriff has separately indicated that he will

produce a Bates-numbered copy of Nelson's medical records from the Pinellas County Jail. To the extent that Interrogatory No. 9 seeks information beyond that contained in Nelson's medical records from the Pinellas County Jail, it is overly broad and unduly burdensome as well as vague and ambiguous. Nelson was incarcerated in the Pinellas County Jail numerous times over a period of years. He received extensive care and treatment both from the Jail's medical division, from outside consultants and specialists, and from outside medical and healthcare practitioners and hospitals. The interrogatory is not limited in scope or time to any specific care or treatment. It also seeks to have the Sheriff, who is a constitutional officer and not a medical professional, render medical opinion testimony.

## INTERROGATORY NO. 10

Please describe how questions relating to inmate health care complaints were handled by institutional or medical staff during 2015, including to whom they were circulated, whether to yourself, to a medical administrator, a jail administrator, jail staff or contract agent, and the format in which they were circulated, including e-mail, and whether medical records were conveyed along with any communication relating to the complaint.

> **Answer**: Interrogatory No. 10 is vague and ambiguous because it is not clear what the plaintiff means by "questions relating to inmate health care complaints." The Sheriff will produce the standard operating procedure governing inmate grievances in effect between January 7, 2015, and April 16, 2015.

## INTERROGATORY NO. 11

Please describe the system for scheduling and rescheduling specialist or outside institution appointments for inmates, the process for ensuring timely care, how the process is documented, including e-mails sent and received in the process, and the identity of the document custodian(s). Feel free to use documents to answer the questions, pursuant to Fed.R.Civ.P. 33(d), to the extent that they answer the interrogatory.

5

**Answer**: Interrogatory No. 11 is vague, ambiguous, and potentially overly broad, depending on the nature and scope of the care and treatment that the plaintiff intends to refer to with this interrogatory. However, the Sheriff will produce the standard operating procedure governing hospital and off-site care and transport in effect between January 7, 2015, and April 16, 2015. Various other standard operating procedures, produced in response to these interrogatories or the contemporaneously served request for production of documents, may also address this interrogatory, depending on the scope and nature of the treatment concerned.

## INTERROGATORY NO. 12

Please explain why it took a month to get Plaintiff a CT scan and nearly three months to get an orthopedic consult and more than three months to get an MRI (clarifying whether an MRI was actually done), addressing the dangers of bone infection and the importance of timeliness in preventing or addressing such infections.

**Answer**: Interrogatory No. 12 is argumentative. It also seeks to have the Sheriff, who is a constitutional officer and not a medical professional, render medical opinion testimony. Nelson's medical records from the Pinellas County Jail have been previously produced to him and are being produced anew, Bates-numbered, in connection with his contemporaneously served request for production of documents.

## INTERROGATORY NO. 13

Please critically evaluate your performance, and the performance of your designated jail health care policymaker, and of your health contractor Maxim, in providing needed medical care for the right ankle and foot fracture suffered by Plaintiff on or about Wednesday, January 7, 2015, emphasizing how things could have been done differently to achieve a better medical result for Plaintiff.

**Answer**: Interrogatory No. 13 is irrelevant, vague, and ambiguous. It also seeks to have the Sheriff, who is a constitutional officer and not a medical professional, render medical opinion testimony.

6

Interrogatory No. 13 is also beyond the scope of matters that can be inquired into using this discovery device.  There is no such thing as a discovery demand that a party provide a "critical evaluation."

## INTERROGATORY NO. 14

Please critically evaluate your performance and the performance of any relevant designated health care policymaking authority (see Interrogatory 2) in addressing the following issues at the Pinellas County Jail: (a) timely treatment of fractures; (b) timely treatment of infections; (c) timely scheduling and performance of diagnostic imaging; (d) timely scheduling and performance of medical consults; (e) timely medical follow-up.

**Answer**:   Interrogatory No. 14 is irrelevant, vague, and ambiguous.  It also seeks to have the Sheriff, who is a constitutional officer and not a medical professional, render medical opinion testimony.  Interrogatory No. 14 is also beyond the scope of matters that can be inquired into using this discovery device.  There is no such thing as a discovery demand that a party provide a "critical evaluation."

## INTERROGATORY NO. 15

Please critically evaluate how better training and supervision could improve results in the areas referenced in the previous Interrogatory and state whether changes have been made in policy, training, or supervision to improve results in the areas referenced since the series of events beginning with the fracture of Plaintiff's right foot and ankle and ending with his transfer to the Florida Department of Corrections, and whether any improvements in performance or outcome have been achieved from April 16, 2015, to the present.

**Answer**:   Interrogatory No. 15 is irrelevant, vague, and ambiguous.  It also seeks to have the Sheriff, who is a constitutional officer and not a medical professional, render medical opinion testimony.  Interrogatory No. 15 is also beyond the scope of matters that can be inquired into using this discovery device.  There is no such

thing as a discovery demand that a party provide a "critical evaluation."

## INTERROGATORY NO. 16

Describe in detail your protocol, or that of your designated policymaker for health care at the Jail (see Interrogatory 2), for communicating with outside specialists for the purpose of seeking consultations for Jail inmates, including e-mail, during 2015, including whether medical records are sent to the specialist prior to the specialist's meeting with the inmate.

> **Answer**:   Interrogatory No. 16 is vague and ambiguous.  It is also irrelevant to the extent that it calls for the production of information beyond April 16, 2015, the latest date when any care and treatment rendered to Nelson, or any act or omission of the Sheriff, is in issue in this lawsuit.  The Sheriff will produce his standard operating procedure governing continuity of care during incarceration, infirmary care, confidential medical records, and discharge planning for release and transfer in effect between January 7, 2015, and April 16, 2015.

## INTERROGATORY NO. 17

Describe in detail, your protocol, or that of your designated policymaker for health care at the Jail (see Interrogatory 2), for communicating with officials or health care providers at Florida prisons, including e-mail where applicable, during 2015, on health care issues relating to your prisoners being transferred to the prison, including the full name and title of any liaison between the Jail and prison, and whether medical records are sent to the liaison, official, or provider, prior to the transfer of the inmate to the prison.

> **Answer**:   Interrogatory No. 17 is vague and ambiguous.  It is also irrelevant to the extent that it calls for the production of information beyond April 16, 2015, the latest date when any care and treatment rendered to Nelson, or any act or omission of the Sheriff, is in issue in this lawsuit.  The Sheriff will produce his standard operating procedure governing continuity of care during

incarceration, infirmary care, confidential medical records, and discharge planning for release and transfer in effect between January 7, 2015, and April 16, 2015.

## INTERROGATORY NO. 18

In the instant case, please identify the person or persons who provided information relating to Plaintiff's right ankle and foot fracture to Dr. Swick, and the person who provided information relating to Plaintiff's injury to the Florida Department of Corrections and, as to each, provide the full name and job title of the person providing the information and the means by which they provided it.

**Answer**: Toni Ward, administrative assistant, Pinellas County Jail medical division provided information — both the report and the CT scan — relating to Plaintiff's right ankle and foot fracture to Dr. Swick. Concerning the second discrete part of Interrogatory No. 18, please see Nelson's medical records from April 15, 2015, previously provided, concerning the transmission of information concerning Nelson's medical condition to the FDOC.

## INTERROGATORY NO. 19

Please identify the person who had the policymaking authority to authorize surgical intervention to address Plaintiff's medical needs relating to his right ankle and foot fracture while he was in the custody of the Pinellas County Jail.

**Answer**: Interrogatory No. 19 is vague and ambiguous because it is unclear what the plaintiff means by "policymaking authority to authorize" a specific, delineated act with respect to a specific individual. Furthermore, the interrogatory is irrelevant: no medical provider ordered surgery "relating to [Nelson's] right ankle and foot fracture while he was in the custody of the Pinellas County Jail."

# **AFFIDAVIT**

STATE OF FLORIDA          )
COUNTY OF PINELLAS     )

     Denise Thomas, being first duly sworn on oath, deposes and says she is the claims adjuster for Bob Gualtieri, as Sheriff of Pinellas County and she has read the Answers and Objections of Defendant to Plaintiff's Interrogatories; she has the authority to prepare the responses; the responses were prepared with the assistance and advice of counsel and employees of the Pinellas County Sheriff's Office on whose advice she has relied; the responses, subject to inadvertent or undiscovered errors, are based on, and therefore limited by, the records and information still in existence, or presently recollected and thus far discovered in the course of the good faith preparation of these responses; consequently, the Sheriff reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein; and subject to the limitations set forth herein, the responses are true to the best of her knowledge, information, and belief.

_____
Denise Thomas

     Sworn to and subscribed before me on May 4, 2020, by Denise Thomas, who is personally known to me.

_____
Notary Public — State of Florida

> ALICE M. MARCOTT
> Commission # GG 335686
> Expires July 27, 2023
> Bonded Thru Troy Fain Insurance 800-385-7019

10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Waheed Nelson,

                Plaintiff,

                                  Case No. 8:19-cv-00449-CEH-JSS

vs.

Bob Gualtieri, et al.,

                Defendants.

_____/

## DEFENDANT BOB GUALTIERI'S RESPONSES
## TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION

Under Fed. R. Civ. P. 34(b)(2), the Sheriff serves this response to the plaintiff's

First Requests for Production served on March 20, 2020.  The request for production

contains five paragraphs of prefatory material that are not in keeping with the scope

of such requests or other permitted discovery devices under the Federal Rules of Civil

Procedure.  This prefatory material is objectionable; the Sheriff answers the request

for admissions under Fed. R. Civ. P. 34.

**REQUEST FOR PRODUCTION NO. 1**

All records listed in the Sheriff's Fed.R.Civ.P. 26(a)(1)(A)(ii) disclosures.

**RESPONSE:**  The Sheriff will produce all responsive documents in his
possession, custody, or control that have not already been produced in this
litigation.  See Initial Disclosures of Defendant Sheriff Bob Gualtieri at 6 § II
(identifying Bates-numbered, previously produced documents).

**REQUEST FOR PRODUCTION NO. 2**

All records relating to any claims or defenses in this lawsuit received from other parties to this litigation.

**RESPONSE:** Request No. 2 is vague, ambiguous, and unduly burdensome. The Sheriff will produce to the plaintiff copies of documents received from other parties to this litigation in response to documents requests or other discovery propounded by the Sheriff on those parties. To the extent that Request No. 2 calls for the production of documents beyond that scope, however, it is unclear what the plaintiff seeks. At the time this response is made, however, the Sheriff does not have any such documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**

All records relating to any claims or defenses in this lawsuit received from third parties.

**RESPONSE:** Request No. 3 is vague, ambiguous, and unduly burdensome. The Sheriff will produce to the plaintiff copies of documents received from third parties under Fed. R. Civ. P. 45 in this lawsuit. To the extent that Request No. 3 calls for the production of documents beyond that scope, however, it is unclear what the plaintiff seeks. At the time this response is made, however, the Sheriff does not have any such documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4**

All policies and procedures governing medical care at the Jail.

**RESPONSE:** Request No. 4 is overly broad and unduly burdensome. It is also irrelevant. In response to the plaintiff's separately served interrogatories, the Sheriff has indicated that he will produce various standard operating procedures. The Sheriff will also produce a table of contents for his general orders and standard operating procedures in effect on April 16, 2015.

**REQUEST FOR PRODUCTION NO. 5**

All contracts between the Sheriff or Pinellas County Jail and its medical providers.

> **RESPONSE:** Request No. 5 is unduly burdensome and irrelevant. It is also vague and ambiguous as to what the plaintiff means by "its medical providers." The only outside healthcare service providers in issue in the fourth amended complaint are Dr. Swick and his practice group and Maxim. The Sheriff will produce any contracts between the agency and Dr. Swick and his practice group and between the agency and Maxim in effect between January 7, 2015, and April 16, 2015, that are in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6**

All Plaintiff's medical records relating to medical care while at the Jail.

> **RESPONSE:** The Sheriff will produce all responsive documents in his possession, custody, or control. While the Sheriff has already, on several occasions, produced all documents responsive to this Request to the plaintiff, the Sheriff will produce a Bates-numbered copy of Nelson's medical records from the Pinellas County Jail.

**REQUEST FOR PRODUCTION NO. 7**

Provide staffing roster for clinical staff during time of Plaintiff's custody in the Jail.

> **RESPONSE:** Request No. 7 is unduly burdensome, overly broad, and irrelevant. The request is irrelevant because Nelson does not make any claim in his fourth amended complaint concerning or related to staffing levels at the Pinellas County Jail. See 4th Am. Compl. ¶¶ 75 & 143. The identity of those practitioners who rendered care and treatment to Nelson is contained in Nelson's jail medical records, which are in his possession. Furthermore, the request is also vague and ambiguous. It is unclear who, precisely, the plaintiff means by "clinical staff."

3

**REQUEST FOR PRODUCTION NO. 8**

Provide example of scheduling matrix for allocation of inmates to medical staff for clinical visits. (LET'S SEE HOW SHORT-STAFFED THE ARE)

> **RESPONSE:**  Request No. 8 is unduly burdensome, overly broad, and irrelevant.  The request is irrelevant because Nelson does not make any claim in his fourth amended complaint concerning or related to staffing levels — e.g., "let's see how short staffed they are" — at the Pinellas County Jail.  See 4th Am. Compl. ¶¶ 75 & 143.  The identity of those practitioners who rendered care and treatment to Nelson is contained in Nelson's jail medical records, which are in his possession.  Furthermore, the request is also vague and ambiguous.  It is unclear who, precisely, the plaintiff means by "clinical staff." Most concerning is that the plaintiff's parenthetical commentary on this request makes evident that the Request is nothing more than an impermissible fishing expedition outside the bounds of proper discovery under the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 9**

Actual x-ray images of the fracture sustained by Plaintiff on or about Wednesday, January 7, 2015 (image quality suitable for medical assessment).

> **RESPONSE:**  The Sheriff will produce all responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10**

Actual MRI images of the fracture sustained by Plaintiff on or about Wednesday, January 7, 2015 (image quality suitable for medical assessment). May be from 4/14/2015.

> **RESPONSE:**  The Sheriff will produce all responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11**

Actual CT scan images of the fracture sustained by Plaintiff on or about Wednesday, January 7, 2015 (image quality suitable for medical assessment). May be from 2/5/2015.

> **RESPONSE:** The Sheriff will produce all responsive documents in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12**

All records that were provided to Dr. Swick prior to his meeting with Plaintiff, including any imaging in the same format that they were provided to Dr. Swick.

> **RESPONSE:** The Sheriff has previously indicated that he will produce a Bates-numbered copy of Nelson's medical records from the Pinellas County Jail. Further responding, please see response to Interrogatory No. 18.

**REQUEST FOR PRODUCTION NO. 13**

All communications, including e-mails, to or from any person or entity relating to Plaintiff's right ankle fracture and any related medical issues, including complications.

> **RESPONSE:** Other than those documents that are part of Nelson's jail medical records, which are being produced in response to a separate request for production, the Sheriff does not have any nonprivileged documents in his possession, custody, or control (the Sheriff notes that the plaintiff has separately indicated that these requests are not intended to seek the production of attorney-client privileged communications).

**REQUEST FOR PRODUCTION NO. 14**

All communications, including e-mails, to or from any person or entity relating to the allegations, claims or defenses in the operative complaint and answer in this case.

5

**RESPONSE:**  Request No. 14 is facially overly broad and unduly burdensome. Courts have routinely held that a single document request seeking the production of all documents "relating to" the entirety of the legal and factual issues in litigation is outside the scope of permissible document requests in federal court.

## REQUEST FOR PRODUCTION NO. 15

All records not privileged that you created or received as a result of the matter sued upon, including but not limited to, e-mails, letters, memos, logs, forms, reports, and transcripts.

**RESPONSE:**  Request No. 15 is vague, ambiguous, unduly burdensome, and overly broad.  Among other things, it is unclear what the plaintiff means by "created or received as a result of the matter sued upon."

## REQUEST FOR PRODUCTION NO. 16

All records, exhibits, graphs, displays, charts, computer printouts, recordings and photographs which this Defendant intends to use at any stage of this proceeding.

**RESPONSE:**  The Sheriff will identify and produce exhibits intended to be used in the trial of this matter consistent with the Federal Rules of Civil Procedure, the local rules of this Court, the judge's standing orders and practice preferences, and the case management order in effect in this case.  To the extent that this Request seeks the production of documents outside the requirements of those rules and orders, it is beyond the scope of permissible document requests and unduly burdensome.

## REQUEST FOR PRODUCTION NO. 17

All incident reports involving Plaintiff while at the Pinellas County Jail.

**RESPONSE:**  Request No. 17 is vague and ambiguous; it is unclear what the plaintiff means by reports "involving" him.  However, in response to Request No. 17, the Sheriff will produce DDC Incident Detail Reports in which Waheen or Waheed Nelson is identified in the "Subjects Involved" column.

**REQUEST FOR PRODUCTION NO. 18**

All audit or accreditation reports for the Pinellas County Jail, including the medical department and any corrective action plans relating to those reports and any follow-up and resolution of such corrective action issues.

**RESPONSE:** Request No. 18 is overly broad and unduly burdensome in that it is without temporal limitation. The Sheriff will produce any accreditation reports for the Pinellas County Jail, including the medical department and any corrective action plans relating to those reports and any follow-up and resolution of such corrective action issues concerning calendar year 2015 in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19**

All communications between you or your designated health care policymaking authority (see Interrogatory 2), including e-mails, expressing concern over Maxim's performance for the duration of their contract(s) with you.

**RESPONSE:** Request No. 19 is irrelevant because, at the times relevant to the allegations in the fourth amended complaint, Dr. Rangel, Dr. Yukna, Ms. Bumiller, and Ms. Newby — the only healthcare providers identified in the fourth amended complaint who provided care and treatment to Nelson when he was incarcerated at the Pinellas County Jail — were employed by the Sheriff, not Maxim. Furthermore, it is unclear what is meant by "expressing concern over." The request also seeks documents irrelevant to this litigation in that it is without temporal limitation relating to the duration of care and treatment in issue in this case — e.g., January 7, 2015 to April 16, 2015. Finally, "concern" over a contractual relationship is irrelevant to claims for relief for violating an inmate's constitutional rights or medical negligence.

**REQUEST FOR PRODUCTION NO. 20**

All e-mails in your possession, custody, or control, relating to the medical treatment of Plaintiff other than those to or from the Department's attorney, searching on the terms, "Waheed Nelson," "Nelson, Waheed," and "R36172".

**RESPONSE:**  There are no responsive documents in the Sheriff's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 21

All health care training materials at the Pinellas County Jail current in 2015, that address fractures, infections, accurate record-keeping, diagnostic imaging, and timely health care scheduling and follow-up.

**RESPONSE:**  Request No. 21 is irrelevant because Nelson does not make any claim in the Fourth Amended Complaint concerning the training received by any health care provider at the Pinellas County Jail.  Furthermore, the request is overly broad, unduly burdensome is scope, and not proportional to the needs of the case because, among other things, the Sheriff employs scores of people in the healthcare division of the Pinellas County Jail and responding to this Request would involve, for example, searching the documents and bookshelves of many dozens of people and going through thousands of pages of material to locate potentially responsive documents.  Furthermore, Request No. 21 is irrelevant because there is no basis for constitutional liability being founded on training or training materials created or produced by third-parties.

## REQUEST FOR PRODUCTION NO. 22

All photographs, video, or audio recordings relating to the matter sued upon.

**RESPONSE:**  Request No. 22 is objectionable because it is vague and ambiguous.  It is unclear what the plaintiff means by "relating to the matter sued upon."  Audio recordings of Nelson's telephone calls have been previously produced in this litigation.  Similarly, there are photographs that are part of Nelson's medical records and jail records, all of which have been previously produced to the plaintiff (and, as noted in response to other requests, will be produced anew, Bates-numbered, for ease of reference).  Other than these already-produced documents, it is unclear what additional documents or "matter[s]" the plaintiff is intends to refer to in Request No. 22.

## REQUEST FOR PRODUCTION NO. 23

Any handbook or guide provided to Pinellas County Jail staff or contractors.

**RESPONSE:** Request No. 21 is irrelevant; Nelson does not make any claim in the Fourth Amended Complaint concerning any information in any "handbook or guide" being among the bases for his constitutional or medical negligence claims against the Sheriff. Furthermore, the request is unduly burdensome and overly broad. There are no temporal or substantive limitations on the request. As previously noted, the Sheriff will produce an index of his general orders and standard operating procedures in effect on April 16, 2015.

## REQUEST FOR PRODUCTION NO. 24

If any documents responsive to these requests for production have been lost or destroyed, including intentional purging of files, please describe the nature of the records destroyed, any applicable purge schedules, and an affidavit certifying destruction of the records.

**RESPONSE:** Request No. 24 is objectionable because it is not a request for the production of document. See Fed. R. Civ. P. 34(a)(1) & (2).

## REQUEST FOR PRODUCTION NO. 25

PRIVILEGE LOG. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason (this list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production.) The log should define or designate the records in enough detail to allow Plaintiff to assess whether the claimed privilege applies.

**RESPONSE:** Request No. 25 is objectionable because it is not a request for the production of document. See Fed. R. Civ. P. 34(a)(1) & (2).

*[Remainder of page intentionally left blank]*

## CERTIFICATE OF SERVICE

I certify that on May 4, 2020, I served a copy of the foregoing by email to:

Linda Bellomio Commons, Esquire
James Cook, Esquire
lcommons@aol.com
dmheiser1@gmail.com
cookjv@gmail.com
Co-Counsel for Plaintiff

Mindy McLaughlin, Esquire
Gabrielle Osborne, Esquire
Beytin, McLaughlin, McLaughlin,
O'Hara, Bocchino & Bolin, P.A.
jvbarnes@law-fla.com
klc@law-fla.com
Attorneys for Matthew Swick, M.D.
and All Florida Orthopaedic Associates,
P.A.

Gregg Toomey, Esquire
gat@thetoomeylawfirm.com
alr@thetoomeylawfirm.com
hms@thetoomeylawfirm.com
Attorney for Corizon, LLC and
Florida Department of Corrections

David O. Doyle, Jr., Esquire
Julie A. Tyk, Esquire
ddoyle@pdmplaw.com
jtyk@pdmplaw.com
jpreston@pdmplaw.com
lrover@pdmplaw.com
Attorneys for Defendant, Maxim
Healthcare Services, Inc.

PINELLAS COUNTY SHERIFF
GENERAL COUNSEL'S OFFICE

Paul G. Rozelle, FBN: 75948
Senior Associate Counsel
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Defendant, Bob Gualtieri,
in his official capacity as Sheriff of
Pinellas County, Florida

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Waheed Nelson,

             Plaintiff,

                                        Case No. 8:19-cv-00449-CEH-JSS

vs.

Bob Gualtieri, et al.,

             Defendants.

_____/

## DEFENDANT BOB GUALTIERI'S ANSWERS
## TO PLAINTIFF'S REQUEST FOR ADMISSIONS

      Bob Gualtieri, in his official capacity as Sheriff of Pinellas County, Florida,

pursuant to Fed. R. Civ. P. 36, answers the plaintiff's Requests for Admission Nos. 1

through 30.  The request for admissions are undated, but were served by email on

March 20, 2020.  The request for admissions contains five paragraphs of prefatory

material that are not in keeping with the scope of request for admissions or other

permitted discovery devices under the Federal Rules of Civil Procedure.  This

prefatory material is objectionable; the Sheriff answers the request for admissions

under Fed. R. Civ. P. 36.

**REQUEST FOR ADMISSION NO. 1**

      You have a non-delegable duty to provide health care to your prisoners.

      **ANSWER:**  Request for admission No. 1 is objectionable because it is vague
and ambiguous.  The Sheriff, sued in his official capacity, is a constitutional
officer and does not render care or treatment.  The Sheriff admits that, in his

official capacity, he has a non-delegable duty to provide medical care to inmates.

## REQUEST FOR ADMISSION NO. 2

Prisoners are not free to choose their own healthcare.

**ANSWER:** Denied.

## REQUEST FOR ADMISSION NO. 3

Plaintiff suffered from diabetes.

**ANSWER:** Request for admission No. 3 is objectionable because it is vague, ambiguous, argumentative, and irrelevant to any claim in issue in this case. Nelson's medical records indicate that he carried the diagnosis of diabetes while incarcerated at the Pinellas County Jail.

## REQUEST FOR ADMISSION NO. 4

Diabetes is a serious medical condition.

**ANSWER:** Request for admission No. 4 is objectionable because it is vague and ambiguous. Furthermore, Request for admission No. 4 is not relevant to Nelson's claim in this case. In his Fourth Amended Complaint, Nelson does not make any claims or factual averments concerning the care and treatment he received at the Pinellas County Jail for diabetes — e.g., Nelson does not claim that anyone employed by the Sheriff was deliberately indifferent to his care and treatment for diabetes, or that anyone employed by the Sheriff committed malpractice in connection with the care and treatment of his diabetes. See, e.g., 4th Am. Compl. ¶¶ 75 & 143. Finally, the Sheriff, sued in his official capacity, is a constitutional officer and does not render care or treatment or provide medical opinion testimony on what constitutes a "serious medical condition."

## REQUEST FOR ADMISSION NO. 5

Plaintiff suffered from a severe fracture of his right ankle and heel.

**ANSWER:** Request for admission No. 5 is objectionable because it is vague, ambiguous, and argumentative. The Sheriff, sued in his official capacity, is a constitutional officer and does not render care or treatment or provide medical opinion testimony on what constitutes "a severe fracture of his right ankle and heel."

**REQUEST FOR ADMISSION NO. 6**

A severe fracture is a serious medical condition.

**ANSWER:** Request for admission No. 6 is objectionable because it is vague and ambiguous. Furthermore, the Sheriff, sued in his official capacity, is a constitutional officer and does not render care or treatment or provide medical opinion testimony on what constitutes "a serious medical condition."

**REQUEST FOR ADMISSION NO. 7**

Plaintiff was diagnosed with a Fracture of the Astralagus while at the Jail.

**ANSWER:** Request for admission No. 7 is objectionable because it is vague and ambiguous. Nelson's medical records at the jail indicate that he was diagnosed with a closed astragalus fracture while incarcerated at the Pinellas County Jail.

**REQUEST FOR ADMISSION NO. 8**

Plaintiff was diagnosed with Osteomyelitis while in the custody of the Jail.

**ANSWER:** Request for admission No. 8 is objectionable because it is vague and ambiguous. Furthermore, it is not relevant to any of Nelson's claims in this case. See, e.g., 4th Am. Compl. ¶¶ 75 & 143. Furthermore, Nelson's medical records at the jail indicate that he was diagnosed with osteomyelitis of the left foot, for which he received treatment. The claims in Nelson's Fourth Amended Complaint concern his right foot, not his left one.

**REQUEST FOR ADMISSION NO. 9**

The usual treatment for Osteomyelitis is debridement.

**ANSWER:** Request for admission No. 9 is objectionable because it is vague and ambiguous. It is unknown what the plaintiff means by "[t]he usual treatment." It is also not relevant to any claim against the Sheriff. What "the usual treatment" is or whether Nelson did or should have received "the usual treatment" is not relevant to a constitutional or medical negligence claim.

## REQUEST FOR ADMISSION NO. 10

No debridement was performed on Plaintiff while in the custody of the Jail.

**ANSWER:** Denied.

## REQUEST FOR ADMISSION NO. 11

Plaintiff was x-rayed on January 8, 2015, after the fracture of his right ankle and foot.

**ANSWER:** Request for admission No. 11 is objectionable because it is vague and ambiguous. Nelson's medical records at the jail indicate that he received an x-ray on January 8, 2015, after he reported that his "right ankle gave up on me."

## REQUEST FOR ADMISSION NO. 12

On February 5, 2015, Plaintiff received a CT scan of his right ankle and foot.

**ANSWER:** Admitted.

## REQUEST FOR ADMISSION NO. 13

On February 6, 2015, Dr. Gregory Carney at National Imaging Specialists warned of indicators for infection in Plaintiff's right ankle and foot on the basis of the 2/5/15 CT scan reading.

**ANSWER:** Denied.

4

**REQUEST FOR ADMISSION NO. 14**

On February 6, 2015, Dr. Gregory Carney at National Imaging Specialists warned of indicators for Charcot foot syndrome in Plaintiff's right ankle and foot on the basis of the 2/5/15 CT scan reading.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION NO. 15**

Dr. Gregory Carney would be an important witness in this case.

**ANSWER:** Request No. 15 is objectionable because it is outside the scope of matters to which a request for admission can be directed under Fed. R. Civ. P. 36(a)(1)(A) or (B).

**REQUEST FOR ADMISSION NO. 16**

You did not send the CT scans of Plaintiff's right ankle and foot made on 2/5/2015 to Dr. Swick for Dr. Swick's review and consideration for his meeting with Plaintiff on March 30, 2015.

**ANSWER:** Denied.

**REQUEST FOR ADMISSION NO. 17**

No employee or agent of yours was authorized by you to send the CT scans of Plaintiff's right ankle and foot made on 2/5/2015 to Dr. Swick for Dr. Swick's review and consideration for his meeting with Plaintiff on March 30, 2015.

**ANSWER:** Request No. 17 is objectionable because it is vague and ambiguous.

5

**REQUEST FOR ADMISSION NO. 18**

No employee or agent of yours or of your designated policymaker for health care at the Jail sent the CT scans of Plaintiff's right ankle and foot made on 2/5/2015 to Dr. Swick for Dr. Swick's review and consideration for his meeting with Plaintiff on March 30, 2015.

> **ANSWER:** Request No. 18 is objectionable because it is vague and ambiguous. See also answer to Request for admission No. 16.

**REQUEST FOR ADMISSION NO. 19**

You did not send records of the diagnostic processes Plaintiff was undergoing as to a serious medical condition of Plaintiff's right ankle and foot to the Florida Department of Corrections when Plaintiff was transferred there.

> **ANSWER:** Request No. 19 is objectionable because it is vague and ambiguous. It is unclear what is meant by "the diagnostic processes Plaintiff was undergoing as to a serious medical condition."

**REQUEST FOR ADMISSION NO. 20**

No employee or agent was authorized by you to send records of the diagnostic processes Plaintiff was undergoing as to a serious medical condition of Plaintiff's right ankle and foot to the Florida Department of Corrections when Plaintiff was transferred there.

> **ANSWER:** Request No. 20 is objectionable because it is vague and ambiguous. It is unclear what is meant by "the diagnostic processes Plaintiff was undergoing as to a serious medical condition."

**REQUEST FOR ADMISSION NO. 21**

No employee or agent of yours sent records of the diagnostic processes Plaintiff was undergoing as to a serious medical condition of Plaintiff's right ankle and foot to the Florida Department of Corrections when Plaintiff was transferred there.

**ANSWER:**  Request No. 21 is objectionable because it is vague and ambiguous.  It is unclear what is meant by "the diagnostic processes Plaintiff was undergoing as to a serious medical condition."

## REQUEST FOR ADMISSION NO. 22

While an inmate at the Pinellas County Jail, Plaintiff was never provided the clinical visit recommended by All Florida Orthopaedic Associates, P.A.

**ANSWER:**  Request No. 22 is objectionable because it is vague and ambiguous.  It is unclear what is meant by "the clinical visit recommended by All Florida Orthopaedic Associates, P.A."

## REQUEST FOR ADMISSION NO. 23

Plaintiff has not received needed medical care from Maxim.

**ANSWER:**  Request for Admission No. 23 appears directed to a party other than the Sheriff and, therefore, no answer from the Sheriff can be made to it. To the extent that the plaintiff intended to direct Request for Admission No. 23 to the Sheriff, the Sheriff answers that it is objectionable because it is vague and ambiguous.  Furthermore, the Sheriff, sued in his official capacity, is a constitutional officer and does not render care or treatment or provide medical opinion testimony about what constitutes "needed medical care."

## REQUEST FOR ADMISSION NO. 24

Plaintiff did not receive surgical care for the fracture to his right ankle and foot or for the complications thereto while he was in the custody of the Pinellas County Jail

**ANSWER:**  Request No. 24 is objectionable because it is vague and ambiguous.  It is unclear what is meant by "surgical care."

## REQUEST FOR ADMISSION NO. 25

On July 28, 2015, Plaintiff's leg, from the knee down, was amputated.

**ANSWER:** Request No. 25 is objectionable because it is vague and ambiguous.

## REQUEST FOR ADMISSION NO. 26

Plaintiff never received arthroplasty while at the Jail.

**ANSWER:** Admitted.

## REQUEST FOR ADMISSION NO. 27

Plaintiff did not receive any specialized care to address his joint effusion while at the Jail.

**ANSWER:** Denied.

## REQUEST FOR ADMISSION NO. 28

Plaintiff never received joint arthrocentesis while at the Jail.

**ANSWER:** Admitted.

## REQUEST FOR ADMISSION NO. 29

Plaintiff never received an intra-articular corticosteroid injection while at the Jail.

**ANSWER:** Admitted.

## REQUEST FOR ADMISSION NO. 30

Failure to treat known serious medical conditions has been a serious problem at the Jail.

**ANSWER:** Denied.

## CERTIFICATE OF SERVICE

I certify that on May 4, 2020, I served a copy of the foregoing by email to:

Linda Bellomio Commons, Esquire
James Cook, Esquire
lcommons@aol.com
dmheiser1@gmail.com
cookjv@gmail.com
Co-Counsel for Plaintiff

Mindy McLaughlin, Esquire
Gabrielle Osborne, Esquire
Beytin, McLaughlin, McLaughlin,
O'Hara, Bocchino & Bolin, P.A.
jvbarnes@law-fla.com
klc@law-fla.com
Attorneys for Matthew Swick, M.D.
and All Florida Orthopaedic Associates,
P.A.

Gregg Toomey, Esquire
gat@thetoomeylawfirm.com
alr@thetoomeylawfirm.com
hms@thetoomeylawfirm.com
Attorney for Corizon, LLC and
Florida Department of Corrections

David O. Doyle, Jr., Esquire
Julie A. Tyk, Esquire
ddoyle@pdmplaw.com
jtyk@pdmplaw.com
jpreston@pdmplaw.com
lrover@pdmplaw.com
Attorneys for Defendant, Maxim
Healthcare Services, Inc.

PINELLAS COUNTY SHERIFF
GENERAL COUNSEL'S OFFICE

Paul G. Rozelle
Senior Associate Counsel
FBN: 75948
10750 Ulmerton Road
Largo, FL   33778
Telephone:  (727) 582-6274
Facsimile:  (727) 582-6459
*prozelle@pcsonet.com*
*amarcott1@pcsonet.com*
Attorney for Defendant, Bob Gualtieri,
in his official capacity as Sheriff of
Pinellas County, Florida