UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

    Plaintiff,

v.                                          Case No: 8:19-cv-449-T-36JSS

BOB GUALTIERI, FLORIDA
DEPARTMENT OF
CORRECTIONS, CORIZON LLC
and WITCHNER BELIZAIRE,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Deem FDOC's Deficient Responses to Requests for Admissions as Admitted ("Motion") (Dkt. 173) and Defendant FDOC's response in opposition (Dkt. 187.) For the reasons that follow, Plaintiff's Motion is denied.

## BACKGROUND

Plaintiff sues Pinellas County Sheriff Bob Gualtieri, the Florida Department of Corrections ("FDOC"), Corizon, LLC, and several medical providers, asserting claims of medical negligence and failure to treat in connection with care he received while incarcerated in Pinellas County Jail and FDOC in early 2015. (Dkt. 105.) Specifically, Plaintiff alleges that Defendants failed to provide sufficient medical treatment after Plaintiff fell and fractured his right ankle on January 7, 2015, leading to the amputation of Plaintiff's leg on July 28, 2015. (Dkt. 105 ¶¶ 31-68.)

On June 13, 2019, the Court entered its Case Management and Scheduling Order, establishing an October 9, 2020, discovery deadline, a November 6, 2020, dispositive motion deadline, and placing the case on a trial term commencing May 3, 2021. (Dkt. 66.) On March 20, 2020, Plaintiff served Requests for Admission on FDOC. (Dkt. 173-1.) On September 17, 2020, Plaintiff filed the Motion at issue, seeking to deem certain requests for admission admitted based on the alleged insufficiency of FDOC's responses. (Dkt. 173.)

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 36, requests for admission may be served on a party to admit, for purposes of the pending action only, the truth of any matters within the scope of discovery relating to: (1) facts, the application of law to fact, or opinions about either; and (2) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). A party may not, however, request an admission of a legal conclusion. *In re Tobkin*, 578 Fed.Appx. 962, 964 (11th Cir. 2014). Rather, a request for admission may only request an admission of "'facts, the application of law to fact, or opinions about either.'" *Id.* (quoting Fed. R. Civ. P. 36(a)(1)).

The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (internal quotation and citation omitted). To that end, "its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Pickens v. Equitable Life Assurance*

*Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969). Accordingly, "requests for admissions as to central facts in dispute are beyond the proper scope of the rule." *Id.*

## ANALYSIS

Plaintiff moves the Court to deem FDOC's responses to Requests for Admission Nos. 1, 3, 10, and 18 admitted. (Dkt. 173 at 1–2.) In response, Defendant maintains that its responses to these requests are legally sufficient because the requests seek legal conclusions, involve central issues in dispute, or use terms that are imprecise and unclear. (Dkt. 187.) The Court agrees and finds that Defendant's responses to the requests for admission are sufficient.

Plaintiff's first request for admission asks FDOC to admit that "Plaintiff's claims are not barred by failure to exhaust administrative remedies." (Dkt. 173 at 2.) The ultimate determination whether Plaintiff's claims are barred by a failure to exhaust administrative remedies is a question of law. Plaintiff's request for admission does not attempt to relate this legal conclusion to any underlying facts. It is well settled that a party cannot be required to admit legal conclusions. *See, e.g.*, *Hanley v. Como Inn, Inc.*, No. 99 C 1486, 2003 WL 1989607, at *3 (N.D. Ill. Apr. 28, 2003) ("A party cannot be asked to admit a legal conclusion."); *Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002) ("[R]equests that seek legal conclusions are not allowed under Rule 36."); 8B Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure*, § 2255 (3rd ed. 2008) ("As the Committee Note indicates, even the amended rule does not allow a request for admission of a pure legal conclusion."); *Dobrowski v. Jay Dee Contractors, Inc.*, 2008 WL 2157061, at *1 (E.D.

Mich. May 21, 2008) (requests for admissions should not be directed towards conclusions of law); *English v. Cowell*, 117 F.R.D. 132, 135 (C.D. Ill. 1986) (requests seeking admissions that the defendant was subject to certain statutes sought improper legal conclusions). The Court therefore sustains FDOC's objection to this request because the request seeks a legal conclusion.

As for Request for Admission No. 3, this request asks FDOC to admit that "Plaintiff had one or more serious medical conditions." (Dkt. 173 at 2.) Plaintiff's requests for admission do not define the phrase "serious medical condition." The phrase "serious medical condition" could have multiple meanings depending on the context in which it is used. Thus, the Court finds FDOC's admission, that "upon his arrival into FDOC custody, [Plaintiff] had several medical conditions," legally sufficient. (Dkt. 173 at 2.)

Regarding Request for Admission No. 10, this request asks FDOC to admit that "[FDOC] has expressed concern that Corizon failed to provide care to prisoners." (Dkt. 173 at 2.) Plaintiff did not specify the type of statements, time period, or specific conditions to which this request referred. FDOC responded that this request was "[a]dmitted to the extent that this is always a concern with any medical treatment." (Dkt. 173 at 2.) Plaintiff argues that FDOC's response is too general. However, because the request for admission itself is vaguely worded and does not refer to any specific situation or circumstance, the Court finds FDOC's response sufficient.

Lastly, Request for Admission No. 18 asks FDOC to admit that "short-staffing medical care was a serious problem in [the Florida Department of Corrections] during

2015." (Dkt. 173 at 3.) The Court agrees that the phrases "short-staffing medical care" and "serious problem" are too vague to allow an unqualified admission or denial; the request cannot be either admitted or denied without speculating or qualifying what is meant by the terms "short-staffing medical care" and "serious problem." The Court therefore sustains FDOC's objection to this request as vague. *See, e.g.*, *Cutino v. Untch*, 303 F.R.D. 413, 415–16 (S.D. Fla. 2014) ("[A] party is not required to respond to a request that contains vague or ambiguous statements."); *see also Rebman v. Follett Higher Educ. Grp., Inc.*, No. 606-CV1476-ORL-28KRS, 2008 WL 3928793, at *1 (M.D. Fla. Aug. 26, 2008) (noting requests for admissions should not be vague, ambiguous, or call for speculation); *Afremov v. Sulloway & Hollis, PLLC*, No. CV 09-3678 (PJS/JSM), 2012 WL 12981664, at *3 (D. Minn. Apr. 2, 2012) ("A request should not state 'half a fact' or 'half-truths' which require the answering party to qualify responses.") (internal quotation marks omitted); 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2258 (3d ed.) ("Each request for an admission should be phrased simply and directly so that it can be admitted or denied without explanation.").

Accordingly, it is **ORDERED** that Plaintiff's Motion to Deem FDOC's Deficient Responses to Requests for Admissions as Admitted and Motion for Sanctions under Rule 37 (Dkt. 173) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on January 20, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record