UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

    Plaintiff,

v.                                                                                          Case No: 8:19-cv-449-T-36JSS

BOB GUALTIERI, FLORIDA
DEPARTMENT OF
CORRECTIONS, CORIZON LLC
and WITCHNER BELIZAIRE,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Deem Defendant Witchner Belizaire, M.D.'s Deficient Responses to Requests for Admissions as Admitted and Motion for Sanctions under Rule 37 ("Motion") (Dkt. 190), and Defendant Belizaire, M.D.'s response in opposition (Dkt. 201). For the reasons that follow, Plaintiff's Motion is denied.

## BACKGROUND

Plaintiff sues Pinellas County Sheriff Bob Gualtieri, the Florida Department of Corrections ("FDOC"), Corizon, LLC, and several medical providers, asserting claims of medical negligence and failure to treat in connection with care he received while incarcerated in Pinellas County Jail and FDOC in early 2015. (Dkt. 105.) Specifically, Plaintiff alleges that Defendants failed to provide sufficient medical

treatment after Plaintiff fell and fractured his right ankle on January 7, 2015, leading to the amputation of Plaintiff's leg on July 28, 2015. (Dkt. 105 ¶¶ 31-68.)

On June 13, 2019, the Court entered its Case Management and Scheduling Order, establishing an October 9, 2020 discovery deadline, a November 6, 2020 dispositive motion deadline, and placing the case on a trial term commencing May 3, 2021. (Dkt. 66.) On March 20, 2020, Plaintiff served his First Requests for Admission on Defendant Belizaire. (Dkt. 173-1.) On or about May 18, 2020, Defendant Belizaire served his Response to Plaintiff's First Request for Admissions. (Dkt. 190-2.) On October 9, 2020, Plaintiff filed the Motion at issue, seeking to deem certain requests for admission admitted based on the alleged insufficiency of Defendant Belizaire's responses. (Dkt. 190.)

## APPLICABLE STANDARDS

Under Federal Rule of Civil Procedure 36, requests for admission may be served on a party to admit, for purposes of the pending action only, the truth of any matters within the scope of discovery relating to: (1) facts, the application of law to fact, or opinions about either; and (2) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). The purpose of Rule 36 is "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial." *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (internal quotation and citation omitted). To that end, "its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Pickens v. Equitable Life Assurance Soc'y of U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969). Accordingly, "requests

for admissions as to central facts in dispute are beyond the proper scope of the rule." *Id.*

## ANALYSIS

Plaintiff moves the Court to deem Defendant Belizaire's responses to Requests for Admission Nos. 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, and 22 as admitted. (Dkt. 190 at 2–5.) In response, Defendant Belizaire argues that he properly declined to either admit or deny the requests because Plaintiff defined relevant period for the requests as January 7, 2015 to April 15, 2015, a timeframe when Plaintiff was not under Defendant Belizaire's care. (Dkt. 201 at 3–7.)

Under Rule 36(a), the party served with requests for admissions has thirty days after service to respond to the request—by a written answer "specifically deny[ing] the matter" or "set[ting] forth in detail the reasons why [it] cannot truthfully admit or deny the matter" or by objecting to the request. Fed. R. Civ. P. 36(a). If a party fails to respond within thirty days, then "[t]he matter is admitted." *Id.*

Here, Defendant Belizaire properly responded that he could neither admit nor deny the requests at issue because Plaintiff defined the relevant period as January 7, 2015 to April 15, 2015, when Plaintiff was not Defendant Belizaire's patient. Specifically, the Court notes that the introductory section of Plaintiff's Requests for Admission to Defendant Belizaire stated, in pertinent part: "Unless otherwise stated, the time frame for these discovery requests is for the period from January 7 to April 16, 2015." (Dkt. 190-1.) In Request for Admission No. 1, Plaintiff asked Defendant Belizaire to admit that "Plaintiff came under your care on April 16, 2015." (Dkt. 190-

1.) However, Defendant Belizaire denied this request because it referred to a time period before he first treated Plaintiff after his transfer to FDOC. (Dkt. 190-2 at 2–4.) In the requests at issue, Plaintiff asked Defendant Belizaire to admit particular facts regarding Plaintiff's status "[w]hen he came under [Dr. Belizaire's] care" or while Plaintiff was at Reception and Medical Center. (Dkt. 190-2 at 2–3.) In stating that he could neither admit nor deny these requests, Defendant Belizaire noted that Plaintiff was not in his care during the defined time. (Dkt. 190-2 at 2–3.)

Defendant Belizaire's responses were legally sufficient. As previously noted, the Requests for Admissions defined the relevant time period as January 7, 2015 to April 16, 2015. In addition, the requests presumed that Plaintiff came under Defendant Belizaire's care on April 16, 2015, a fact that Defendant Belizaire denied. (Dkt. 190-2 at 2.) Thus, the requests at issue were framed around an assumption regarding the date when Plaintiff came under Defendant Belizaire's care. For this reason, the Court rejects Plaintiff's argument that Defendant Belizaire's responses were "nonsensical" and represented "gamesmanship." (Dkt. 190 at 2, 8.) To the extent individual requests did not refer to a specific time period, Defendant Belizaire properly relied on Plaintiff's definition of the relevant time period and concluded that the requests referred to a period before Plaintiff came under Defendant Belizaire's care.

Moreover, before filing the Motion, Plaintiff served Defendant Belizaire with amended requests correcting the temporal scope issue, and Plaintiff acknowledged that the first set of requests referred to the wrong temporal period. (Dkt. 199-1; Dkt. 199-2; Dkt. 201 at 3.) Defendant Belizaire responded to the amended requests. (Dkt. 201

at 4.) Thus, Defendant Belizaire's initial responses were proper, and the parties later corrected any issue regarding the relevant period as defined in the requests.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Deem Dr. Belizaire's Deficient Responses to Requests for Admissions as Admitted and Motion for Sanctions under Rule 37 (Dkt. 190) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on March 30, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record