UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

    Plaintiff,

v.                                                                Case No: 8:19-cv-449-CEH-JSS

BOB GUALTIERI, FLORIDA
DEPARTMENT OF CORRECTIONS,
CORIZON LLC, WITCHNER
BELIZAIRE and MAXIM
HEALTHCARE SERVICES INC.,

    Defendants.
_____/

# **O R D E R**

This matter comes before the Court on the Plaintiff's Motion to Strike Affirmative Defenses or Deem Them Waived for Pending Summary Judgment Motion (Doc. 262). In the motion, Plaintiff requests the Court deem waived Defendant Sheriff Gualtieri's ("Gualtieri") affirmative defenses when considering Gualtieri's motion for summary judgment. In support, Plaintiff argues because Gualtieri had not raised statute of limitations in his motion to dismiss and had not filed an Answer and Affirmative defenses prior to filing his summary judgment motion that the defenses should be deemed waived. Defendant Gualtieri filed a response in opposition arguing, among other things, that he did not waive the right to assert affirmative defenses. Doc. 264. The Court, having considered the motion and being fully advised in the premises,

will deny as moot Plaintiff's Motion to Strike Affirmative Defenses or Deem Them Waived for Pending Summary Judgment Motion.

## DISCUSSION

Plaintiff, Waheed Nelson, ("Plaintiff") filed this action in state court in August 2017 against numerous Defendants, including Gualtieri, alleging negligence and constitutional violations arising out of the medical care, or lack thereof, while an inmate at the Pinellas County Jail. The action was removed to this court in February 2019. Doc. 1. On April 7, 2020, Plaintiff filed a Fourth Amended Complaint. Doc. 105. Gualtieri moved to dismiss. Doc. 114. While Gualtieri's motion to dismiss was pending and before filing an Answer and Affirmative Defenses to Plaintiff's complaint, Gualtieri moved for summary judgment on November 6, 2020, in which he raised, among other arguments, that Plaintiff's medical malpractice claims are barred by the statute of limitations. Doc. 210.

On November 23, 2020, the Court denied Gualtieri's Motion to Dismiss and ordered him to answer Plaintiff's Fourth Amended Complaint, which Gualtieri did on December 7, 2020. Docs. 237, 246. On January 12, 2021, Plaintiff filed the instant motion requesting the Court disregard any affirmative defense argument, including the statute of limitations defense, advanced by Gualtieri in his summary judgment motion (Doc. 210) because Gualtieri had not answered the operative complaint or pleaded any affirmative defenses prior to moving for summary judgment. Doc. 262. In response, Gualtieri argues that he was not obligated to file his Answer and Affirmative Defenses

while his motion to dismiss was pending, and therefore, he did not waive his entitlement to assert affirmative defenses.

The Court agrees with Gualtieri that he did not waive his right to raise affirmative defenses. Once a "motion to dismiss for failure to state a claim is made, there is no reason to file any other pleadings until the motion is acted upon. If the motion is granted, no further pleadings will be necessary. If the motion is denied, time is allotted in which to file an answer." *Lawhorn v. Atl. Ref. Co.*, 299 F.2d 353, 357 (5th Cir. 1962).[1] Gualtieri timely filed his Answer and Defenses (Doc. 246) in which he raised the statute of limitations defense, among others. The Court will not strike Gualtieri's affirmative defenses nor deem them waived on the instant motion. Moreover, Plaintiff's argument that the defenses should not be considered for purposes of Gualtieri's motion for summary judgment is moot because the Court subsequently denied without prejudice Gualtieri's motion for summary judgment for other reasons. Doc. 270.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Strike Affirmative Defenses or Deem Them Waived for Pending Summary Judgment Motion (Doc. 262) is **DENIED as moot**.

---

[1] The Eleventh Circuit, in an en banc decision, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

**DONE AND ORDERED** in Tampa, Florida on May 31, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any