UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

    Plaintiff,

v.                            Case No.:   8:19-cv-00449-CEH-JSS

BOB GUALTIERI, et al.,

    Defendants.
_____/

## SHERIFF BOB GUALTIERI'S MOTION TO STRIKE PLAINTIFF'S CORRECTED MOTIONS FOR PARTIAL SUMMARY JUDGMENT

COMES NOW, Defendant, BOB GUALTIERI, in his official capacity as Sheriff of Pinellas County, by and through the undersigned counsel and pursuant to Local Rule 3.01(b) hereby moves this Honorable Court to strike Plaintiff's Motion for Partial Summary Judgment [Doc.312] and Corrected Motion for Partial Summary Judgment [Doc.313] as untimely. In support thereof, Defendant states as follows:

### Procedural History

1. On June 13, 2019, this Honorable Court entered a Case Management and Scheduling Order [Doc.66] that mandated the deadline to file Dispositive Motions, *Daubert*, and *Markman* Motions to be November 6, 2020.

2. In regards to Plaintiff's *Daubert* motion against Defendant's expert, Dr. James Repko:

  a. Plaintiff waited until 2:52 p.m. on the due date of November 6, 2020, to file a Motion for Clarification [Doc.212] which requested an extension of the *Daubert* motion deadline without conferring with any opposing counsel; and

  b. as a result, Plaintiff had to file a Notice of Correction as to Motion for Clarification [Doc.216] on November 9, 2020, which was three days after the deadline had expired.

3. Despite Plaintiff's *Daubert* extension request not being granted, Plaintiff still filed a *Daubert* motion on November 12, 2020, which was six days after the deadline had expired [Doc.225].

4. Consequently, on February 25, 2021, this Honorable Court properly denied Plaintiff's Motion for Clarification by finding that:

  a. "Once counsel realized the missed expert disclosure deadline[1], counsel should have been on notice to check and confirm all deadlines in the Court's Case Management and Scheduling Order" [Doc.270 at pp.5-6]; and

  b. "Given the opposition, the lack of Rule 3.01(g) conferral, and Plaintiff's prior missed deadline, Plaintiff has failed to show good cause for an extension of the *Daubert* deadline. The motion at docket

---

[1] This Honorable Court was referring to Plaintiff missing his expert disclosure deadline, requesting an extension on the due date which was denied [see Doc.136] and, nonetheless, filing expert disclosures almost a month after his deadline had expired. Despite missing the deadline so egregiously, this Honorable Court reversed its prior decision to decline the extension and accepted Plaintiff's experts who were filed untimely [Doc.270 at pg.7].

entry 208 is clear. It requested an extension of the deadline for dispositive motions. A *Daubert* motion is not a dispositive motion." [Doc.270 at pg.6]

5. Interestingly enough, as shown immediately above, Plaintiff requested and was granted an extension of the dispositive motion deadline, which provided Plaintiff with an extended deadline up to and including November 12, 2020, for summary judgment motions only. [Doc.209]

6. On November 12, 2020, Plaintiff filed a Motion for Partial Summary Judgment against Defendant CORIZON. [Doc.223]

7. Additionally, on November 12, 2020, Plaintiff filed a Motion for Partial Summary Judgment against Defendant, FDOC. [Doc.226]

8. However, Plaintiff never filed a Motion for Partial Summary Judgment against Defendants PCSO or BELIZAIRE – at least not until now.

9. This Motion to Strike follows for the reasons set forth below.

### Memorandum of Law

This Honorable Court's Case Management and Scheduling Order made clear that it "controls the subsequent course of this proceeding" which "[c]ounsel and all parties shall comply with…" [Doc.66 at pg.1] Ultimately, a district court retains discretion in enforcing its pre-trial scheduling order. *Kendall v. Thaxton Rd. LLC,* 443 F. App'x 388, 392 (11th Cir. 2011) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." The Eleventh Circuit has opined that Rule 16(b)(4)'s "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418

As previously shown, this Honorable Court graciously extended Plaintiff's dispositive motion deadline [Doc.209]. However, on the extended deadline of November 12, 2020, Plaintiff filed a Motion for Partial Summary Judgment only against Defendants CORIZON [Doc.223] and FDOC [Doc.226]; but not against Defendants PCSO or BELIZAIRE. Consequently, Plaintiff's dispositive motion deadline as to Defendant PCSO expired almost a year ago.

Nonetheless, Plaintiff has filed a Partial Summary Judgment [Doc.312], which was corrected [Doc.313] on October 1, 2021 against Defendants PCSO, CORIZON and BELIZAIRE. However, Plaintiff never sought leave of this Honorable Court to extend the dispositive motion deadline that expired almost a year ago. Instead, Plaintiff simply filed his dispositive motion without any regard for this Honorable Court's right and obligation to enforce its pre-trial scheduling order [Doc.66].

Plaintiff is assuredly relying upon the Amended Case Management and Scheduling Order [Doc.285] that provided an amended dispositive motion deadline of October 1, 2021. Unfortunately, that amended dispositive motion deadline was meant only for previously and timely-filed summary judgment motions. The

Honorable Charlene E. Honeywell could not have been clearer at the status conference hearing on March 11, 2021 when she stated:

> "Now that I have allowed the Plaintiff's expert, I've denied their [Defendants'] motions to strike the Plaintiff's expert, so they do and are given the right to depose the Plaintiff's expert and to file Daubert motions related to the Plaintiff's expert and then ***to file dispositive motions with regard to the case in general since their previous dispositive motions were denied without prejudice***."

[Doc.277 at pg.20] (emphasis added)

In regards to Plaintiff's timely-filed partial motion for summary judgment [Doc.226] filed by Plaintiff against Defendant FDOC, the Honorable Honeywell found that there were no remaining discovery issues affecting or impacting that motion. As a result, that dispositive motion was found to be ripe for consideration as agreed to by Plaintiff's counsel, Mr. Cook. [Doc.277 at pp.18-19] Plaintiff's dispositive motion against Defendant FDOC was in fact considered and denied by this Honorable Court on August 12, 2021. [Doc.303]

As to the other timely-filed dispositive motions, this Honorable Court denied them all without prejudice and ordered that they could all be re-filed at a time to be determined by the Court. Those timely-filed dispositive motions were even stated with specificity in the Order as follows: Defendant PCSO's summary judgment motion against Plaintiff [Doc.210]; Plaintiff's summary judgment motion against Defendant CORIZON [Doc.223]; and Defendants FDOC's and BELIZAIRE's summary judgment motion against Plaintiff [Doc.228]. [Doc.270 at pg.7, ¶7]

Nonetheless, Plaintiff has now filed for partial summary judgment and then a corrected version of such dispositive motion against Defendants PCSO, CORIZON and BELIZAIRE. [Docs.312-313] As previously shown, these dispositive motions are the first that Plaintiff has filed against either Defendant PCSO or BELIZAIRE, which are now almost a year removed from the extended November 12, 2020 dispositive motion deadline [Doc.209].

On May 20, 2021, this Honorable Court even provided guidance as to what discovery was going to be allowed prior to re-filing the previously-filed dispositive motions. Specifically, the only discovery allowed by this Honorable Court was for all Defendants to have an opportunity to depose Plaintiff's purported experts – which were done – and for Plaintiff to have an opportunity to depose Dr. Matthew Swick – which was not taken. [Doc.295]

Furthermore, not only did Plaintiff fail to depose Dr. Swick, he also failed to utilize any portion of his purported experts' deposition testimony[2] in support of his untimely and improperly-filed dispositive motions [Docs.312-313]. Certainly, his failure to utilize his purported experts at summary judgment shows that there was nothing preventing Plaintiff from filing these dispositive motions back when they were due on November 12, 2020 [Doc.209].

Plaintiff cannot be allowed to continue missing deadlines and expect to still be allowed to file pleadings untimely, out of order and in defiance of this Honorable

---

[2] All three of Plaintiff's purported experts and their future availability are subject to this Honorable Court's determination of Defendant PCSO's *Daubert* motions. [Docs.307-309]

Court's deadlines. This is not the first time that Plaintiff has either ignored deadlines or claimed confusion regarding the simple terms of this Honorable Court's scheduling orders in this matter.[3] Worse yet, Plaintiff's state claim against Defendant PCSO for medical malpractice is forever time barred because he failed to abide by the applicable two year statute of limitations as raised throughout the entirety of this matter; most recently at summary judgment [Doc.310 at pp.5-8 and 17-22].

Simply put, Defendant submits that if this Honorable Court intended on allowing Plaintiff to file any dispositive motion against any Defendant on or before the October 1, 2021 deadline, then it would have clearly stated as such. Instead, this Honorable Court could not have been clearer in its Order that the October 1, 2021 deadline was only for allowing timely and previously-filed dispositive motions (Docs.210, 223 and 228) to be refiled [Doc.270 at pg.7].

WHEREFORE, BOB GUALTIERI, in his official capacity as Sheriff of Pinellas County, respectfully requests that this Honorable Court strike Plaintiff's Motion for Partial Summary Judgment [Doc.312] and Corrected Motion for Partial Summary Judgment [Doc.313] as untimely and in violation of this Honorable

---

[3] Regarding Plaintiff's reason for missing the expert disclosure deadline, this Honorable Court found that "Plaintiff's understanding of the deadlines is incorrect ... [t]he deadline for Plaintiff's disclosure of expert reports was August 6, 2020, as set forth in the Case Management and Scheduling Order issued by the Court over a year before the deadline." [Doc.136 at pg.2] Further, regarding Plaintiff's untimely-filed *Daubert* motion against Dr. Repko, this Honorable Court found that "[g]iven the opposition, the lack of Rule 3.01(g) conferral, and Plaintiff's prior missed deadline, Plaintiff has failed to show good cause for an extension of the *Daubert* deadline. The motion at docket entry 208 is clear. It requested an extension of the deadline for dispositive motions. A *Daubert* motion is not a dispositive motion." [Doc.270 at pg.6]

Court's prior orders [Docs.66 and 270] and award Defendant the expenses associated with the instant motion.

## LOCAL RULE 3.01 CERTIFICATION

In accordance with Middle District Local Rule 3.01(g), the undersigned certifies that he has conferred, in good faith, with counsels for the Plaintiff via electronic mail on October 4, 2021 in an attempt to resolve this dispute without court action to no avail as Ms. Commons objects to the relief requested herein.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record on this the 5th day of October, 2021.

*/s/ Jason G. Gordillo*
Jason G. Gordillo, Esquire
Attorney for Sheriff Bob Gualtieri
Florida Bar No.: 0399663
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, Florida 33778
Telephone:  727.582.6274
Facsimile:  727.582.6459
jgordillo@pcsonet.com
rreuss@pcsonet.com
