# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WAHEED NELSON,

    Plaintiff,

vs.

BOB GUALTIERI, et al.,

    Defendants.

Case No. 8:19-cv-449-T-36JSS

## PLAINTIFF'S RESPONSE TO DEFENDANT GUALTIERI'S MOTION TO STRIKE PLAINTIFF'S AMENDED OR CORRECTED MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff, WAHEED NELSON, responds in opposition to the Defendant Sheriff's Motion to Strike Plaintiff's Amended/Corrected Motion for Partial Summary Judgment[1] and would show as follows:

Defendant Sheriff contends that the Court's rulings were meant to exclude Plaintiff from raising a Fed.R.Civ.P. 56 argument at this stage of the proceedings. Even assuming Defense is correct, Plaintiff submits that permitting Plaintiff to move for summary judgment at this stage would advance the case and the considerations stated in Federal Rule of Civil Procedure 1.

---

[1] Defendant Sheriff purports to make this motion pursuant to Local Rule 3.01(b) which appears to be on the length and content of a motion response. Plaintiff's Corrected Motion for Summary Judgment is only 12 pages. Local Rule 3.01(b) states: "LENGTH AND CONTENT OF A RESPONSE. A party responding to a motion may file a legal memorandum no longer than twenty pages inclusive of all parts." The Federal Rules of Civil Procedure state that motions to strike are proper only to attack a pleading. Fed. R. Civ. P. 12(f); see also 2 Moore's Federal Practice - Civil § 12.37 (2019) ("Only material included in a "pleading" may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly .... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."). *Knowles v. INZI Controls Ala., Inc.*, No. 1:17-cv-839-ALB, at *1 (M.D. Ala. Aug. 16, 2019).

As noted in Plaintiff's motion for partial summary judgment (ECF 313), the constitutional issues in this case can be expressed in three prongs. Plaintiff moves for summary judgment on the basis there is no genuine disagreement on two of those prongs and everything hangs on the third prong. There is no genuine disagreement that Plaintiff had an objectively serious medical condition or that the constitutional actors in this case recognized that he had a serious medical condition that required treatment. The critical issue, then, is simply whether the parties acted reasonably to abate the risk of harm from that condition.

These are all arguments that Plaintiff makes in his response to Defendants' motions for summary judgment. But as a motion for partial summary judgment, the issues that are not really in controversy are disentangled from those that are. Narrowing issues should be an important part of the work of summary judgment. Based on that perspective, it would advance the resolution of the case on the merits and simplify the tasks of all parties and the court to set these issues out in this form. A plaintiff's motion for partial summary judgment may be the only vehicle that could realistically simplify, rather than complicate, the litigation process in this case. To quote Justice Felix Frankfurter, "Wisdom too often never comes, and so one ought not to reject it merely because it comes late." Dissent in *Henslee v. Union Planters Nat'l Bank & Trust Co.*, 355 U.S. 595, 600 (1949).

## MEMORANDUM OF LAW

As noted above, the Federal Rules of Civil Procedure state that motions to strike are proper only to attack a pleading. Fed. R. Civ. P. 12(f); see also 2 Moore's

Federal Practice - Civil § 12.37 (2019) ("Only material included in a "pleading" may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly .... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."). *Knowles v. INZI Controls Ala., Inc.*, No. 1:17-cv-839-ALB, at *1 (M.D. Ala. Aug. 16, 2019). Accordingly, Defendant Sheriff can object to the motion but not move to strike it.

### A. Plaintiff Reasonably Believed He Could File a Rule 56 Motion

Plaintiff, consistent with the plain language of the Amended Case management Order (Doc. 285) timely filed a Motion for Partial Summary Judgment on the deadline of Oct. 1, 2021. Defendant Sheriff argues that the Court should not recognize the Motion because it is inconsistent with the Court's scheduling order. Plaintiff argues that there was nothing on the face of the Order that ruled out such a motion and that the motion is advantageous to the case in that it crystalizes the issues so that they can be more easily resolved.

On review of the hearing on case management conference in March 2021, as well as the actual amended Order, there appears to be nothing in the Order limiting Plaintiff from submitting a motion for summary judgment. The Court was ruling on discovery issues, permitting Plaintiff's experts and permitting a re-do of the dispositive and summary judgment motions. The rulings changed the landscape for the Plaintiff too. For the first time, with these rulings, the Plaintiff's case became more than a mere proffer, especially as to the third prong.

### B. Plaintiff's Rule 56 Motion Would Advance the Case

If it was not the Court's intent to permit such a motion, for good cause the Court could still make an exception for good cause. After the time allowed has expired for a filing, a party may seek a retroactive extension, which the court can grant on the basis of a showing of good cause." Fed. R. Civ. P. 6(b)(1)(B). *Brown v. Boeing Co.*, Civil Action No. 12-0414-CG-C, at *13 (S.D. Ala. Dec. 4, 2012). The Court can make exceptions for good cause for either party. But "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.3 (11th Cir. 1998) (*citations omitted*). Under Rule 16, a scheduling order "may be modified only for good cause …." Fed. R. Civ. P. 16(b)(4). But the Court retains discretion to do so.

Nothing in the Amended Scheduling Order (Doc. 285) precluded the Plaintiff from seeking summary judgment in 2021. The Order was entered on April 13, 2021, after the case management conference. The Order does not say it does not apply to Plaintiff. The Order was amended with a new deadline without any caveat whatsoever. The Court's discussion of reasons for continuing the trial had to do with problems in discovery. The current motion is different from the previous motion for partial summary judgment and is meant to narrow the issues for trial.

Plaintiff did not reference his experts' deposition because the foci of the Motion for Partial Summary Judgment are not on the areas of disagreement but

on the areas of agreement.  There is no good purpose served in re-hashing who is responsible for delays.  There was enough blame to go around.

Wherefore, Plaintiff respectfully asks the Court to deny the Sheriff's Motion to Strike his Corrected/Amended Motion for Partial Summary Judgment.

Respectfully Submitted,   */s/ Linda Bellomio Commons*

Linda Bellomio Commons, P.A.
Florida Bar No: 0778346
P.O. Box 340261
Tampa, Florida 33694
T: (352) 610-4416
Fax: (813) 265-3010
Service E-mail: lcommons@aol.com
Secondary email: Dmheiser1@gmail.com

Attorney for Plaintiff

I CERTIFY that this Memorandum complies with the type and size requirements set forth in the Local Rules.

I CERTIFY the foregoing was filed electronically on 10/19/21, serving counsel of record registered to be notified by the CM/ECF electronic filing system.

*/s/Linda Bellomio Commons*