UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

    Plaintiff,

v.                               Case No.:   8:19-cv-00449-CEH-JSS

BOB GUALTIERI, et al.,

    Defendants.
_____/

**NOTICE OF FILING STIPULATION OF AGREED UPON
MATERIAL FACTS FOR RE-FILED SUMMARY JUDGMENT
BY PLAINTIFF AND DEFENDANT, SHERIFF BOB GUALTIERI**

Plaintiff, WAHEED NELSON, and Defendant, BOB GUALTIERI, by and through their respective counsels give notice of filing this Stipulation of Agreed Upon Material Facts for purposes of Defendant's Re-Filed Dispositive Motion for Summary Judgment [Doc.310] in accordance with this Honorable Court's Amended Case Management and Scheduling Order [Doc.285 at pg.6, II.G.1.] dated April 13, 2021; and state as follows:

**AGREED MATERIAL FACTS**

*A.   Plaintiff's Incarceration*

1. On May 24, 2014, Plaintiff was arrested and booked into the Pinellas County Jail *[Doc.105 at ¶31]*, where he was held for 327 days until he was transferred to the custody of the Florida Department of Corrections ("FDOC") *[Doc.105 at ¶56]* to serve the balance of a four year prison sentence for sale of hydrocodone.[1]

---

[1] See Waheed Nelson docket in CRC1408547CFANO. Plaintiff pled to lesser. Plaintiff will object to naming the felony pursuant to F.R.E. 403.

2. During this time, Plaintiff was treated for his numerous chronic issues relating to his long-standing diabetes, bilateral foot wounds, kidney failure, renal failure and chronic edema. *[Doc.105 at ¶33]* Plaintiff received insulin daily and had his blood sugar levels checked twice a day. *[Doc.210-3 at 213-229.*

3. Plaintiff received dialysis three times a week and wound care for his chronic diabetic bilateral foot ulcers, including debridement of infected bone (osteomyelitis). *[Doc.210-1 at 100:9-11] & [Doc.210-2]* He was hospitalized in 2014 for osteomyelitis in the left leg. *[Doc. 224-3 at 1-8; R.1128;1146,1157,1194,1211]*

4. In 2014, Plaintiff received treatment for his diabetic bilateral foot issues including, lab work, diagnostic studies, surgical debridement procedures, etc... *[Doc.210-4].* He was placed on antibiotics in September of 2014 after an x-ray of his lower left leg showed indications of infection. *[Doc.210-4 at 16-17;Doc 224-3 at 1]*

5. As to Plaintiff's lower right leg: on December 22, 2014 – lab results showed no evidence of acute infection and he was given a prescription for Vicoden; on December 23 – an examination showed no signs or symptoms of infection; on December 24 – an ultrasound was negative for deep vein thrombosis blood clots and Plaintiff remained on antibiotics; and on December 28 – Plaintiff started receiving Tramadol for pain. *[Doc.210-5 at 163, 169-177, 181-183, 209-210] & [Doc.210-6]*

**B. *Plaintiff's Injury and the Acute Care Provided***

6. On January 7, 2015, Plaintiff injured his right ankle. He was placed into a wheelchair and evaluated. *[Doc.210-7 at 86-87] & [Doc.210-8]*

7. On January 8, 2015, an x-ray of Plaintiff's right ankle showed multiple views

that demonstrated a fracture of the talus with medial subluxation of the calcaneus.

**Impression:** Abnormal examination with interval collapse or fracture of the talus and medial subluxation of the calcaneus. This can be further evaluated with CT as clinically indicated. *[Doc.210-9]*

8. On January 10, 2015, Plaintiff's dosage of Tramadol was increased fron 50 mg to 100 mg due to his complaints of right ankle pain. *[Doc.210-7 at 111-113]*

9. On January 16, 2015, an order for the recommended CT scan was placed and scheduled for February 5, 2015. *[Doc.210-7 at 149-154]; [Doc.210-10 at 82] & [Doc.210-11]*

10. On January 18, 2015, Plaintiff was wearing a walking boot and using a wheelchair. *[Doc.210-7 at 178-179]*

11. On February 3, 2015, Plaintiff received an orthopedic boot that fit snugly. *[Doc.210-7 at 243].*

12. On February 4, 2015, Dr. Bernard Yukna noted: "inmate with poorly healing ulcerations of the feet. ? Charcot joint,right ankle." *[Doc.210-7 at 250]*

13. On February 5, 2015, the CT scan among other findings, including fracture, showed that "Clinical correlation is recommended as this constellation of markedly abnormal findings could indicate Charcot foot and/or chronic infection." *[Doc.210-12]*

C.   *Plaintiff's Post-Injury Chronic Care*

14. On February 12, 2015, Plaintiff went to his last visit to Dr. Albert Li, who was the outside podiatrist surgeon consulted to treat bilateral diabetic foot

wounds. Dr. Li determined that Plaintiff would not require any further follow-ups or consultations for his chronic foot issues, namely his foot ulcers. *[Doc.210-3 at 32-33]; [Doc.210-15] & [Doc.210-16 at 4]*

15. On February 26, 2015, on an Orthopedic Consult was ordered. The note stated: "2/5 -CT of ankle shows markedly abnormal exam. possibility of charcot foot, possible chronic change and/or infection. comminuted fx. of calcaneous and possibly fx. of the anterior distal tibia, irregularity of the 5th metatarsal. large area of soft tissue, fluid and calcification in hind foot- extending to or from ankle and midfoot." It was scheduled for March 30, 2015, changed from March 16, 2015. *[Doc.210-3 at 76-83] & [Doc.210-10 at 92]*

16. On March 16, 2015, Plaintiff missed his orthopedic consult due to the failure of the G4S security transport to get him to the appointment on time *[Doc.210-3 at 162-163]* and was rescheduled for March 30 *[Doc.210-10 at 92]*.

17. On March 30, 2015, Plaintiff was taken for a consult with Dr. Matthew Swick at All Florida Orthopedics ("AFO"), who recommended that Plaintiff have an MRI and return for a follow-up. *[Doc.210-3 at 187]; [Doc.210-17] & [Doc.210-18 at 17-19]*

18. On April 9, 2015, Plaintiff was sentenced to a four year prison sentence with FDOC for sale of hydrocodone. *[Doc.210-1 at 87:14 to 88:6]*

19. On April 14, 2015, Plaintiff's MRI, *[Doc.210-3 at 205-206]; [Doc.210-18 at 20-22] & [Doc.210-19]*, indicated that only a small portion of the posterior process of the calcaneus remains and that "while it is possible that the degree of bone destruction and large effusion are on the basis of Charcot arthropathy, joint aspiration should

be considered as septic arthritis (infection) is favored." Redness and swelling were clinically indicated. *[Doc.210-20]*

20. On April 16, 2015, Plaintiff was transferred to the custody of FDOC. Plaintiff's problem list was provided to FDOC, which included a diagnosis of his chronic medical issues as well as his current medical problems, medications and treatments. *[Doc.210-3 at 210-213]*

21. On April 21, 2015, Plaintiff's follow-up with Dr. Swick was cancelled because he was already in FDOC custody. *[Doc.210-3 at 230] & [Doc.210-10 at 104]*

22. From the time of injury to Plaintiff being transferred to FDOC, Plaintiff was provided with Tylenol, Gabapentin and/or Tramadol. *[Doc.210-3 at 58-59, 96, 165-169, 182 and 184-185] & [Doc.210-7 at 112-113, 204-206, 210-211 and 249-251]*

D. *Plaintiff's Knowledge of Injury*

23. On February 1, 2015, Plaintiff submitted a Form 691 and a Request for Administrative Remedy stating that he wanted to see an orthopedic surgeon. *[Doc.210-25]*

24. On February 3, 2015, Plaintiff filed a Form 691 asking to call his girlfriend to see if she got in touch with the lawyer. *[Doc.210-26]*

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record on this the 22nd day of October, 2021.

| | |
|---|---|
| /s/ *Jason G. Gordillo* | /s/ *James V. Cook* |
| Jason G. Gordillo, Esquire | James V. Cook, Esquire |
| Attorney for Sheriff Bob Gualtieri | Attorney for Plaintiff |
| Florida Bar No.: 0399663 | Florida Bar No.: 0966843 |
| Pinellas County Sheriff's Office | Law Office of James Cook |
| 10750 Ulmerton Road | 314 West Jefferson Street |
| Largo, Florida 33778 | Tallahassee, Florida 32301 |
| Telephone: 727.582.6274 | Telephone: 850.222.8080 |
| Facsimile: 727.582.6459 | Facsimile: 850.561.0836 |
| jgordillo@pcsonet.com | cookjv@gmail.com |
| rreuss@pcsonet.com | |

/s/ *Linda B. Commons*
Linda B. Commons, Esquire
Attorney for Plaintiff
Florida Bar No.: 0778346
Law Offices of Linda B. Commons
Post Office Box 340261
Tampa, Florida 33694
Telephone: 352.610.4416
Facsimile: 813.265.3010
lcommons@aol.com
dmheiser1@gmail.com