UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,
    Plaintiff,

v.                              Case No.:    8:19-cv-00449-CEH-JSS

BOB GUALTIERI, et al.,
    Defendants.
_____/

### SHERIFF BOB GUALTIERI'S MOTION FOR LEAVE OF COURT TO FILE A REPLY TO PLAINTIFF'S DAUBERT RESPONSES

COMES NOW, Defendant, BOB GUALTIERI, in his official capacity as Sheriff of Pinellas County, by and through the undersigned counsel and pursuant to Local Rule 3.01(d) hereby moves this Honorable Court to allow an opportunity to reply to Plaintiff's Responses to Defendant's Motions to Exclude Testimony of Plaintiff's Experts [Docs.315, 317, 318]. In support, Defendant states as follows:

### Memorandum of Law

Local Rule 3.01(d) does not allow a Reply as a matter of right because "[w]ithout leave, no party may file a reply directed to a response except a response to a motion for summary judgment." Defendant filed *Daubert* motions against each of Plaintiff's purported experts as follows: on September 28, 2021 as to Dr. Paul Genecin [Doc.307]; on September 29, 2021 as to Nurse Maria De Los Santos [Doc.308]; and on September 30, 2021 as to Dr. Daniel Husted [Doc.309]. Plaintiff

filed Responses [Docs.315, 317, 318] to which Defendant now seeks leave from this Honorable Court to file a reply towards.

Defendant is not seeking an opportunity to reargue and reassert what was previously stated in the *Daubert* motions. Instead, Defendant respectfully requests an opportunity to address the arguments and averments set forth by Plaintiff in his Responses, which require a Reply so that this Honorable Court can be fully addressed on all issues being presented and have a clear understanding of the record.

In his Responses, Plaintiff improperly attempts to shift the *Daubert* burden onto Defendant by utilizing inapplicable case law. Plaintiff also misstates the applicable standards required of his purported experts to properly impose municipal liability under both 42 U.S.C. §1983 and Chapter 768, Florida Statutes. Defendant would like to address these legal insufficiencies and their effect on a *Daubert* analysis.

Further, Defendant would like to address how Plaintiff does not defend his actions leading to the request for sanctions regarding his Rule 26 violations. Lastly, without impugning Plaintiff, there seems to be an ongoing issue with inaccurate and/or incomplete reliance on the record evidence in this matter. Defendant submits that it is absolutely entitled to point out these deficincies so that the record in this matter does not get improperly clouded at this crucial stage of the proceedings.

Defendant respectfully requests leave to file a single Reply no longer than fifteen pages in length (exclusive of the certificate of service) and fourteen days from

the date of allowance in order to provide this Honorable Court with a full understanding of the issues presented in its *Daubert* motions [Docs.307, 308, 309]. Without this opportunity, Defendant would not be able to rebut the arguments, averments and deficiencies raised by Plaintiff in his Responses; which would leave this Honorable Court with an incomplete and clouded record on the issues presented.

## LOCAL RULE 3.01 CERTIFICATION

In accordance with Middle District Local Rule 3.01(g), the undersigned certifies that he has conferred, in good faith, with counsels for the Plaintiff and remaining Defendants via electronic mail on October 27-28, 2021 regarding the relief requested herein. Only Plaintiff objects.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record on this the 28th day of October, 2021.

                    /s/ *Jason G. Gordillo*
Jason G. Gordillo, Esquire
Attorney for Sheriff Bob Gualtieri
Florida Bar No.: 0399663
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, Florida 33778
Telephone: 727.582.6274
Facsimile: 727.582.6459
jgordillo@pcsonet.com
rreuss@pcsonet.com