UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,                          Case No. 8:19-cv-449-T-36JSS


            Plaintiff,

vs.

BOB GAULTIERI, Official Capacity
as Sheriff of Pinellas County,
FLORIDA DEPARTMENT OF
CORRECTIONS, CORIZON, LLC,
MAXIM HEALTHCARE SERVICES,
INC., MATTHEW SWICK, M.D.,
ALL FLORIDA ORTHOPAEDIC
ASSOCIATES, P.A., and
WITCHNER BELIZAIRE, M.D.,


            Defendants.
_____/

## AMENDED MOTION TO SUBSTITUTE THE ESTATE FOR PLAINTIFF

Plaintiff, ESTATE OF WAHEED NELSON, by and through

undersigned counsel,   by and through undesigned counsel, moves the

Court for entry of an Order substituting the Estate of Waheed Nelson,

Majeedah Kaiser, Personal Representative of the Estate, under Rule 25

and states:

1. Majeedah Kaiser, Personal Representative of the Estate of

1

Waheed Nelson, requests to be substituted for the plaintiff, Waheed

Nelson.  Ms. Kaiser has been duly appointed by Circuit Court as Personal

Representative.

2.  The motion to substitute is made within ninety days of service of

the Suggestion of Death, May 16, 2025.

3.  The Personal Representative asks for a hearing or an Order

Substituting the Plaintiff in this case.

4.  The bankruptcy court claim by the Estate of Waheed Nelson

through Ms. Kaiser and her attorney, undersigned counsel, was

represented by a Bankruptcy Attorney for the claim until recently. The plan

will start accepting claims for payment under the plan June 9, 2025.

5.  Once the suggestion of death is filed, it is only then that the

substitution must be done.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE PARTY UNDER FEDERAL RULE OF CIVIL PROCEDURE 25(a)(1)

Plaintiff, by and through undersigned counsel, respectfully submits this

memorandum of law in support of the motion to substitute the Estate of

Waheed Nelson, through personal representative Majeedah Kaiser as

party plaintiff in this action pursuant to Federal Rule of Civil Procedure

25(a)(1).

## I. INTRODUCTION

Federal Rule of Civil Procedure 25(a)(1) governs the substitution of parties

when a party to a lawsuit dies. This motion seeks to substitute the

decedent with the Estate of Waheed Nelson, through its duly appointed

personal representative, as the proper party in this action following the

death of Plaintiff Waheed Nelson.

## II. LEGAL STANDARD

Rule 25(a)(1) provides:

"If a party dies and the claim is not extinguished, the court may order

substitution of the proper party. A motion for substitution may be made by

any party or by the decedent's successor or representative. If the motion is

not made within 90 days after service of a statement noting the death, the

action by or against the decedent must be dismissed."

   Florida Statute §46.021 Actions; surviving death of party.—No

cause of action dies with the person. All causes of action survive

and may be commenced, prosecuted, and defended in the name

of the person prescribed by law.

This amended motion for substitution is filed within 90 days of service of

the suggestion of death. The person to be substituted is a proper party, as

legal representative of the decedent's estate, the duly appointed Personal
Representative.

In Federal Court, when determining who has the legal authority to serve as
a substitute, the court looks to state law to identify the decedent's
representative or successor.  In *Silas v. Sheriff of Broward County, Florida*,
55 F.4th 872 (2022), the Eleventh Circuit noted that a state probate court
determines who serves as the decedent's successor or representative of
his estate. See also *Green v. Polukoff*, 377 So.3d 1175 (2024). (below).
The purpose of the rule governing a motion for substitution of party upon
suggestion of party's death is to allow more flexibility in substitution and the
90-day limitations period for filing such a motion for substitution of parties
was not intended to act as a bar to otherwise meritorious actions.  *Blue v.
RJ Reynolds Tobacco Co.*, 234 So.3d 863, 867 (Fla. 2d DCA 2018).

    In *Green v. Polukoff*,  377 So.3d 1175 (Fla. 4th DCA 2024) the appellate
court held that the action should have been abated until the estate or a
proper legal representative had been substituted.

   In *Eusepi v. Magruder Eye Institute*, 937 So.2d 795 (Fla. 5th DCA 2006) ,
the patient brought medical malpractice suit against eye surgeon. When
patient died prior to trial, patient's wife filed suggestion of death and filed

motion for substitution of parties to wife as personal representative of patient's estate and to modify cause of action to add survival claim. The Circuit Court, Orange County, Renee A. Roche, J., granted motions, but then subsequently dismissed complaint on basis that patient's estate had not been opened within 90 days of filing suggestion of death. Wife appealed.  The appellate court held that the  rule requiring that motion to substitute parties be filed within 90 days of party's death did not require opening of patient's estate and appointment of wife as personal representative of estate within 90 days of suggestion of death and reversed dismissal.

**III. ARGUMENT**

A. The Claim Survives the Decedent's Death

The claims in this action for Constitutional and State Law Claims for negligence/malpractice are not extinguished by the death of the plaintiff. These causes of action are survivable under applicable federal and state law. See *Robertson v. Wegmann*, 436 U.S. 584 (1978) (federal courts apply state law to determine survivability of claims unless inconsistent with federal interests).

Under Florida State law, such claims survive the death of the Plaintiff

and may be pursued by the estate. *Blue v. RJ Reynolds Tobacco Co.*, 234

So.3d 863, 867 (Fla. 2d DCA 2018); *Eusepi v. Magruder Eye Institute*, 937

So.2d 795 (Fla. 5th DCA 2006); Florida Statute §46.021 Actions; surviving

death of party.

B. The Motion Is Timely

A suggestion of death was filed on May 16, 2025 and this motion is filed

within 90 days thereafter. Accordingly, this motion is timely under Rule

25(a)(1).

C. The Estate or Personal Representative is the Proper Party, Majeedah

Kaiser, Personal Representative of the Estate of Waheed Nelson, as the

has been appointed in probate court, Case Number: 2022-CP-001794. As

such, substitution of  Majeedah Kaiser, Personal Representative of the

Estate in their official capacity as representative of the Estate, is proper

under Rule 25(a)(1).

**IV. CONCLUSION**

Because the claim survives, the motion is timely, and the proposed

substitute is a proper party, the Court should grant the motion to substitute

the Estate of Waheed Nelson, through the duly appointed personal

representative, as plaintiff in this action pursuant to Fed. R. Civ. P.

25(a)(1).

   Wherefore, Personal Representative requests to be substituted as

Plaintiff and requests a hearing on this motion to substitute as required

under the rule or in the alternative, an Order of Substitution.

Respectfully submitted,

                              *s/Linda Bellomio Commons, Esq.*
                              LINDA BELLOMIO COMMONS, P.A.
                              Florida Bar No:0778346
                              P.O. Box 340261
                              Tampa, FL 33694
                              T:(352) 610-4416
                              F: (813) 265-3010
                              Email: lcommons@aol.com
                              Secondary: assistlbc@gmail.com


                    **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk

of Court using the CM/ECF system, which will send a Notice of Electronic

Filing to all counsel of record on this the 9th day of June, 2025**.**



                              *s/Linda Bellomio Commons, Esq.*
                              LINDA BELLOMIO COMMONS, P.A.

7