UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

    Plaintiff,

v.                                    Case No.:    8:19-cv-00449-CEH-JSS

BOB GUALTIERI, et al.,

    Defendants.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE OR DISREGARD IMPERTINENT MATTER

COMES NOW, Defendant, BOB GUALTIERI, in his official capacity as Sheriff of Pinellas County, Florida, (hereafter "Sheriff") by and through the undersigned counsel and files this Response in Opposition to the Motion to Strike or Disregard Impertinent Matter filed on July 14, 2025 [Doc.365]. In support thereof, the Sheriff states as follows:

1. Plaintiff died on February 18, 2022.

2. Very soon after learning of Plaintiff's death, the Sheriff filed a Suggestion of Death on May 16, 2025. [Doc.359]

3. On June 6, 2025, the personal representative of Plaintiff's supposed estate filed a Motion to Substitute the Estate for Plaintiff. [Doc.360]

4. On June 9, 2025, this Honorable Court denied without prejudice that motion for violation of Local Rule 3.01(a). [Doc.361]

5. On that same date, the personal representative of Plaintiff's supposed estate filed an Amended Motion to Substitute the Estate for Plaintiff. [Doc.362]

6. On June 20, 2025, the Sheriff filed a Response in Opposition to the Amended Motion to Substitute the Estate for Plaintiff along with twenty exhibits in support thereof. [Doc.363 & Docs. 363-1 through 363-20]

7. On July 7, 2025, the personal representative of Plaintiff's supposed estate filed a Motion for Leave to Reply to the Sheriff's response. [Doc.364]

8. On July 14, 2025, twenty-four days after the Sheriff's response, the personal representative for Plaintiff's supposed estate filed the instant Motion to Strike or Disregard Impertinent Matter from the Sheriff's response in opposition to the requested substitution. [Doc.365]

9. In this instant motion, the personal representative of Plaintiff's supposed estate seeks this Honorable Court to strike or just simply disregard material contained within the Sheriff's Response in Opposition and supporting exhibits [Doc.363 & Docs. 363-1 through 363-20] regarding the numerous ethical and rule violations pointed out therein.

**MEMORANDUM OF LAW IN SUPPORT**

"The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.*, Case No. 6:08-cv-305-Orl-19KRS, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008). Likewise, a motion to strike is considered a "drastic remedy" and are "generally disfavored by the courts." *Desilva v. SunTrust Bank*, Case No. 8:15-cv-

1045-T-24, 2015 WL 5638073, at *1 (M.D. Fla. Sept. 23, 2015). Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

When a court evaluates a motion to strike, "the court 'must treat all pleaded facts as admitted and cannot consider matters beyond the pleadings.'" *Gonzalez v. Midland Credit Mgmt., Inc.*, Case No. 6:13-cv-1576-Orl-37, 2013 WL 5970721, at *1 (M.D. Fla. Nov. 8, 2013). When doing so, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Schmidt v. Life Ins. Co. of N. Am.*, 289 F.R.D. 357, 358 (M.D. Fla. 2012).

"Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." *S.D. v. St. Johns Cnty. Sch. Dist.*, Case No. 3:09-cv-250-J-20TEM, 2009 WL 1941482, at *3 (M.D. Fla. July 7, 2009). "As is the case here, because motions to strike rarely meet the burden required, '[they] are generally disfavored by the Court and are often considered time wasters.'" *Schmidt*, 289 F.R.D. at 358 (quoting *Hutchings*, 2008 WL 4186994 at *2).

1. ***A motion to strike is inapplicable to the Sheriff's Response in Opposition.***

The Motion to Strike or Disregard Impertinent Matter was brought pursuant to only FED. R. CIV. P. 7. [Doc.365 at pg.1] However, a motion to strike is governed solely by FED. R. CIV. P. 12(f) which provides that "the court may order stricken

from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added).

Inasmuch, Rule 7(a) provides that a "pleading" is only: a "complaint"; "answer to a complaint"; "answer to a counterclaim"; "answer to a cross-claim"; "third-party complaint"; "answer to a third-party complaint"; and "reply to an answer" (if the court orders one). *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995) (citing *O'Melveny & Myers v. FDIC,* 114 S. Ct. 2048, 2054 (1994) ("the listing of some things implies that all things not included in the list were purposefully excluded")). Consequently, the Sheriff's response in opposition to the requested substitution and its exhibits in support do not constitute pleadings.

Thus, the terms of Rules 12(f) and 7(a) make clear that the Sheriff's response in opposition and its attached exhibits are not subject to a motion to strike. *Dimanche v. Jackson,* Case No. 6:22-cv-2073-CEM-DCI, 2024 WL 579202, at *3 n.7 (M.D. Fla. Feb. 13, 2024) (citing *Jeter v. Montgomery Cnty.*, 480 F.Supp.2d 1293, 1295-96 (M.D. Ala. 2007)). As such, the Motion to Strike or Disregard Impertinent Matter must be denied as a matter of law.

2. ***Even if applicable, the instant motion to strike or disregard was filed untimely.***

To be timely, a motion to strike pursuant to FED. R. CIV. P. 12(f)(2) must be filed within 21 days after being served with the pleading to which the motion is directed. In this matter, the Sheriff's response in opposition at issue was filed and, thus, served on opposing counsel on June 20, 2025 [Doc.363].

Accordingly, a motion to strike, even if allowed, would have been due on or before Friday, July 11, 2025. However, the inapplicable motion to strike was filed on Monday, July 14, 2025 [Doc.365]. As such, the Motion to Strike or Disregard Impertinent Matter must be denied as a matter of law.

   3. *Even if applicable, the instant motion to strike or disregard fails to meet its burden.*

The instant motion to strike "objects to the immaterial, impertinent, and scandalous matter in opposition to the Motion to Substitute." [Doc.365 at pg.3] Yet, the instant motion to strike fails to show how any of the matter contained in the Sheriff's Response in Opposition to Amended Motion to Substitute the Estate for Plaintiff was immaterial, impertinent, or scandalous. Instead, the instant motion to strike had one exhibit with the portions highlighted and another exhibit that removed the highlighted portions.

Basically, the highlighted and removed portions from the Sheriff's Response in Opposition all related solely to the numerous, extreme violations of the Rules Regulating the Florida Bar and FED. R. CIV. P. 11(b). Yet, nowhere does the instant motion even attempt to explain how any of those portions are immaterial, impertinent, or scandalous.

"An allegation is immaterial if it has no value in developing the issues of the case." *Blake v. Batmasian*, 318 F.R.D. 698, 700 n.2 (quoting *Oaks v. City of Fairhope, Ala.*, 515 F.Supp. 1004, 1032 (S.D. Ala. 1981 (citing 2A, Moore's Federal Practice P 12.21(1) at 2420 (2d ed. 1979)). "An allegation is impertinent if it irrelevant to the issues and which are not properly in issue between the parties." *Id.* at 700 n.3 (citing

2 Moore's Federal Practice, pp.2312-13). "A matter is scandalous if it is both grossly disgraceful (or defamatory) and irrelevant to the action or defense." *Id.* at 700 n.4 (citing Black's Law Dictionary).

Clearly, the Sheriff pointing out the numerous, extreme rule and ethical violations that have been committed leading up to the requested substitution are anything but immaterial, impertinent, or scandalous under the circumstances in this matter considering the requirements of Local Rule 2.01(e). Nor does the instant motion to strike show otherwise.

Furthermore, a substitution is not a foregone conclusion; and this Honorable Court should fully expect to be presented with all of the circumstances surrounding a request for a substitution before allowing one. The Sheriff submits that opposing counsel has been under an ongoing obligation to timely seek a substitution since Plaintiff's death on February 18, 2022 because "[a] suggestion of death is not a prerequisite to filing a motion for substitution." *Ball v. Brown,* Case No. 2:16-cv-01425-RDP, 2019 WL 5727438, at *6 (S.D. Ala. Nov. 5, 2019) (citing FED. R. CIV. P. 25(a)(1)-(3)).

The law in Florida is clear that "[t]he death of a party limits the authority of counsel to proceed in the underlying action." *Schaeffler v. Deych*, 38 So.3d 796, 801 (Fla. 4th DCA 2010) (citing *Harrison-French v. Elmore*, 684 So.2d 323, 324 (Fla. 3d DCA 1996)). The law within the Middle District is equally unequivocal that failing to timely advise this Honorable Court of a client's death, and instead acting on the dead client's behalf, constitutes numerous violations of the Rules Regulating the

Florida Bar. *In re: Sarkin*, Case No. 6:21-cv-1579-RBD-LHP, 2023 WL 11892171 (M.D. Fla. Oct. 6, 2023).

Hence, the instant motion to strike, even if allowed, fails to meet its burden in showing "the immaterial, impertinent, and scandalous matter in opposition to the Motion to Substitute." Accordingly, this instant motion, like many others, is a time waster that is requesting a "drastic remedy" that is "generally disfavored by the courts." *Desilva*, 2015 WL 5638073 at *1; and *Schmidt*, 289 F.R.D. at 358 (quoting *Hutchings*, 2008 WL 4186994 at *2). As such, the Motion to Strike or Disregard Impertinent Matter must be denied as a matter of law.

## CONCLUSION

WHEREFORE, Defendant, BOB GUALTIERI, in his official capacity as Sheriff of Pinellas County, Florida, respectfully requests that the Motion to Strike or Disregard Impertinent Matter [Doc.365] be denied as inapplicable, untimely, and inadequate; and that any other such relief that this Honorable Court deems just and appropriate be granted.

Respectfully submitted on this the 23rd day of July, 2025,

　　　*/s/ Jason G. Gordillo*
Jason G. Gordillo, Esquire
Attorney for Sheriff Bob Gualtieri
Florida Bar No.: 0399663
Pinellas County Sheriff's Office
10750 Ulmerton Road
Largo, Florida 33778
Telephone: 727.582.6274
Facsimile: 727.582.6459
jgordillo@pcsonet.com

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record on this the 23rd day of July, 2025.

        */s/ Jason G. Gordillo*
Jason G. Gordillo, Esquire
Attorney for Sheriff Bob Gualtieri