UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAHEED NELSON,

    Plaintiff,

v.                                                        Case No: 8:19-cv-449-CEH-AAS

BOB GUALTIERI, SECRETARY,
DEPARTMENT OF CORRECTIONS,
CORIZON LLC, WITCHNER
BELIZAIRE and MAXIM
HEALTHCARE SERVICES INC.,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Amended Motion to Substitute Estate (Doc. 362) and Plaintiff's Verified Second Amended Motion to Substitute the Estate for Plaintiff (Doc. 367).[1] In the motions, Majeedah Kaiser, sister of Waheed Nelson and Personal Representative of the Estate of Waheed Nelson, deceased, seeks entry of an order substituting the Estate of Waheed Nelson for Plaintiff. Defendant, Bob Gualtieri, filed responses in opposition. Docs. 363, 375. Also pending are Plaintiff's motions for leave to file replies to Sheriff Gualtieri's responses (Docs. 364, 378), Plaintiff's Motion to Strike or Disregard Impertinent Matter (Doc. 365), and

---

[1] Also pending is Plaintiff's motion for extension of time to substitute the Estate in which Plaintiff requests additional time for the Court to conduct a hearing on the motion to substitute or requests an order granting the motion to substitute. Doc. 368. Because the Court will grant the motion to substitute, the Court will deny the request for a hearing and deny as moot the request for an extension of time.

Estate of Waheed Nelson's Motion to Strike or Disregard Impertinent Matter in Sheriff Gualtieri's Opposition to the Estate's Verified Second Amended Motion for Substitution (Doc. 379). The Court, having considered the motions to substitute the Estate and being fully advised in the premises, will grant Plaintiff's Amended Motion to Substitute Estate and Verified Second Amended Motion to Substitute the Estate for Plaintiff. The motions to strike will be denied and the motion for leave to file replies will be denied as moot.

## DISCUSSION

In August 2017, Plaintiff Waheed Nelson ("Nelson") sued Defendant Sheriff Bob Gualtieri and others for alleged medical negligence and civil rights violations, arising out of an ankle injury he sustained while incarcerated, which ultimately resulted in amputation of his leg. Doc. 1-1. Nelson died February 18, 2022. Doc. 363-1. In May 2022, a Petition for Administration in the Probate Division of the Circuit Court for Orange County, Florida, was filed on behalf of the Petitioner, Majeedah Kaiser ("Kaiser"), who sought to be appointed the personal representative of Nelson's estate. Doc. 363-2. On September 4, 2022, the probate court appointed Kaiser as personal representative of Nelson's estate and further ordered that the Letters of Administration would be issued after Kaiser completed the additional steps as stated in the Order Appointing Personal Representative. *See* Doc. 363-5.

On January 30, 2023, this Court held a hearing on pending motions for summary judgment. Doc. 344. On February 21, 2023, Defendant Corizon, LLC filed a Suggestion of Bankruptcy, and the Court entered an order staying the case as to

Defendant Corizon LLC, only, pursuant to the provisions of 11 U.S.C. § 362. Docs. 348, 349. On March 16, 2023, the Court extended the automatic stay to Defendants, Dr. Witchner Belizaire and the Florida Department of Corrections, and directed the Clerk to administratively close the case. Doc. 354.

On May 16, 2025, Defendant Sheriff Gualtieri filed a Suggestion of Death of Plaintiff Waheed Nelson. Doc. 359. On June 6, 2025, the Estate of Waheed Nelson moved for substitution of the Estate as Plaintiff in this action, which the Court denied without prejudice for failure to comply with M.D. Fla. Local Rule 3.01(a). Docs. 360, 361.

An Amended Motion to Substitute the Estate was filed June 9, 2025 (Doc. 362). Defendant Sheriff Gualtieri filed a response in opposition arguing the amended motion should be denied because of violations of the Rules Regulating the Florida Bar and Fed. R. Civ. P. 11(b); the personal representative of Plaintiff's estate lacks the capacity to act on its behalf; Rule 25(a)(3) was violated because no service of the instant amended motion was made on any of the requisite nonparties; and Local Rule 3.01(g) was violated for failure to engage in a good faith conferral prior to filing the amended motion. Doc. 363. Defendant Gualtieri argues Plaintiff's counsel violated the ethics rules of the Florida Bar and Rule 11 by failing to disclose to the Court and defense counsel, at the summary judgment hearing, in settlement negotiations with defense counsel, and in papers filed with the court, that Nelson died in 2022. Regarding Kaiser's representative capacity, Gualtieri contends that the pleadings from the probate case show that the Letters of Administration expired during or before October

3

of 2023, which have not yet been cured. Kaiser, as Personal Representative for the Estate of Nelson, sought leave to file a reply to Gualtieri's response (Doc. 364) and filed a motion to strike the allegations of ethical violations contained in the response, denying the allegations and asserting that the Sheriff's response is a "back-door Rule Eleven motion." Doc. 365 at 2.

On August 13, 2025, Kaiser filed a Second Amended Motion to Substitute the Estate for Nelson. Doc. 367. In the amended motion, she seeks to correct some of the allegations in the Sheriff's response, including that the settlement offers were authorized by the Personal Representative. Additionally, she attaches documents from the Probate file reflecting her appointment as personal representative of the Estate (Doc. 367-1) and the probate order extending the time for filing probate closing documents (Doc. 367-2). Additionally, Plaintiff's counsel has filed Notice of Waivers of service of the amended motion to substitute executed by Nelson's non-party siblings. Doc. 372.

Sheriff Gualtieri responded to the Second Amended Motion to Substitute arguing that counsel's alleged unethical conduct warrants denial of the motion. Specifically, Gualtieri asserts that Plaintiff's counsel initiated and engaged in multiple settlement communications with defense counsel without disclosing that Plaintiff Waheed Nelson had died. Gualtieri challenges Plaintiff's counsel's representations to the Texas Bankruptcy Court in the Corizon bankruptcy. Additionally, Gualtieri points out that this Court conducted a two-and-one-half hour hearing on the summary judgment and Daubert motions in which Nelson's counsel (Ms. Commons and Mr.

4

Cook) announced their presence "for the Plaintiff" and neither disclosed that their client Waheed Nelson had died. Thereafter, attorney Cook served expert disclosures "on behalf of Plaintiff." Gualtieri urges the Court to deny the motions to substitute based on counsel's conduct and failure to disclose. The Estate seeks leave to file a reply to the Sheriff's response (Doc. 378) and has also filed a motion to strike directed to the response (Doc. 379).

While the Court is quite troubled by counsel's complete lack of candor in not disclosing Nelson's death at the motion hearing before the Court in January 2023, this is not a basis for denying the motion to substitute the Estate.[2]  As discussed below, the motions to substitute were timely as they were filed within 90 days of the Suggestion of Death. And nothing in Fed. R. Civ. P. 25 required Nelson's Estate to be the one to file the Suggestion of Death, nor to seek substitution before the Suggestion of Death was filed. Some courts have even recognized that a defendant is often the one to strategically file the suggestion of death of a plaintiff to trigger the running of the 90-day time frame for filing the motion to substitute. *See Schmidt v. Merrill Lynch Tr. Co.*, No. 5:07-CV-382-WTH-GRJ, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008) (citing 3B Moore's Federal Practice § 25.13, n.15) ("it would be highly unusual for a representative of a deceased plaintiff to file a suggestion of death since doing so is not

---

[2] Whether the conduct was indeed violative of the Florida ethical rules or Fed. R. Civ. P. 11 will not be decided on the instant motions to substitute. To the extent that Defendant Gualtieri intends to seek Rule 11 sanctions in this Court, he must file a separate motion that complies with the requirement of Rule 11(c), including the notice requirements. Additionally, alleged violations of the Rules Regulating the Florida Bar should be filed with the Florida Bar.

a prerequisite to filing a motion for substitution and would otherwise be contrary to the interests of the deceased party's estate"). That said, the Advisory Committee Notes to Rule 25 recognize that "[a] motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death." Fed. R. Civ. P. 25(a)(1) advisory committee notes to 1963 amendment.

In relevant part, Federal Rule of Civil Procedure 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> . . .
> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.

Fed. R. Civ. P. 25(a)(1), (3). "Thus, to start Rule 25's ninety-day clock, a suggestion of death must be filed with the court and served on a personal representative of the deceased party." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 878 F.3d 1008, 1009 (11th Cir. 2017).

The Suggestion of Death, here, was filed May 16, 2025. Doc. 359. Kaiser argues the 90-day clock was not triggered by the Suggestion of Death because it was not served on her. Doc. 367 at 2 n.1. However, Ms. Commons represents to this Court that she is counsel for Kaiser and Ms. Commons would have received the Suggestion of Death when it was filed on CM/ECF. Thus, Kaiser's argument that the 90-day clock had not been triggered is unpersuasive. Regardless, Kaiser as the Personal

6

Representative of the Estate filed a motion to substitute within 90 days of the Suggestion of Death. *See* Docs. 362, 367. As the personal representative of Nelson's estate, Kaiser is an appropriate party to be substituted for the deceased plaintiff. *See* Fed. R. Civ. P. 25(a)(1).

Florida law provides that "[n]o cause of action dies with the person. All causes of action survive and may be commenced, prosecuted, and defended in the name of the person prescribed by law." Fla. Stat. § 46.021. Likewise, § 1983 actions may continue after the death of the plaintiff where the injuries alleged in the complaint did not cause the death. *See Padgett v. Snyder*, No. 2:17-CV-14099, 2018 WL 3536316, at *3 (S.D. Fla. July 23, 2018) (noting that § 1983 action may continue after death of the plaintiff where the injuries alleged in the complaint did not cause the death); *Eusepi v. Magruder Eye Inst.*, 937 So. 2d 795, 796 (Fla. 5th DCA 2006) (medical negligence suit against doctor arising out of eye surgery that resulted in plaintiff's permanent and near complete loss of vision survived plaintiff's death from unrelated lung cancer). Accordingly, this case survives the death of Plaintiff Nelson. The Court will grant the Personal Representative's motions to substitute and will substitute Majeedah Kaiser, as Personal Representative of the Estate of Waheed Nelson, as Plaintiff in this action in place of Waheed Nelson.

Also pending is Majeedah Kaiser's Motion to Strike or Disregard Impertinent Matter (Doc. 365) directed to the Sheriff's response to her Amended Motion to Substitute. Sheriff Gualtieri opposes the motion to strike (Doc. 366). Additionally, Kaiser moves to strike the alleged impertinent allegations in Sheriff Gualtieri's

7

response to her Second Amended Motion to Substitute (Doc. 379). In the motions, filed pursuant to Fed. R. Civ. P. 7, Kaiser seeks an order striking what she characterizes are the impertinent and scandalous allegations in Gualtieri's responses to her motions to substitute. Both motions to strike are due to be denied.

Generally, motions to strike are brought under Rule 12(f). *See* Fed. R. Civ. P. 12(f) ("The Court may strike from *a pleading* . . . any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Relevant here, Gualtieri's responses to the motions to substitute are not pleadings. *See* Fed. R. Civ. P. 7(a) (limiting pleadings to include: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer). This Court routinely denies as improper motions to strike challenging matters not contained in pleadings. *See David v. United States*, No. 8:19-cv-2591-CEH-JSS, 2020 WL 4041447, at *2 (M.D. Fla. July 17, 2020); *Pyzynski v. Thomas & Betts Corp.*, No. 6:16-cv-1998-PGB-DCI, 2017 WL 9510591, at *1 (M.D. Fla. Nov. 16, 2017); *Inter-Tel, Inc. v. W. Coast Aircraft Eng'g, Inc.*, No. 8:04-cv-2224-EAK-MSS, 2005 WL 2431267, at *2 (M.D. Fla. Oct. 3, 2005) ("This Court has consistently held that Rule 12(f) provides only for the striking of pleadings, not motions."). The motions to strike will be denied.[3] It is hereby

**ORDERED**:

---

[3] To the extent that the responses include allegations not appropriate for consideration on the pending motions, the Court is able to, on its own, disregard irrelevant matters.

1. Plaintiff's Amended Motion to Substitute Estate (Doc. 362) and Plaintiff's Verified Second Amended Motion to Substitute the Estate for Plaintiff (Doc. 367) are **GRANTED**.

2. Plaintiff's Motion to Strike or Disregard Impertinent Matter (Doc. 365) is **DENIED**.

3. Plaintiff's Motion for Extension of Time to Substitute Estate (Doc. 368) is **DENIED** to the extent Plaintiff requests a hearing. In all other respects, Plaintiff's Motion for Extension of Time (Doc. 368) is **DENIED as moot**.

4. Plaintiff's Motion for Leave to File a Reply (Doc. 364) is **DENIED as moot**.

5. Plaintiff's Motion for Leave to Reply (Doc. 378) is **DENIED as moot**.

6. Estate of Waheed Nelson's Motion to Strike (Doc. 379) is **DENIED**.

7. Majeedah Kaiser, as Personal Representative of the Estate of Waheed Nelson, is substituted as Plaintiff in this action in place of Waheed Nelson. The Clerk is directed to update the case caption and docket accordingly.

**DONE AND ORDERED** in Tampa, Florida on September 17, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Majeedah Kaiser, movant
Unrepresented Parties, if any