**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| MAJEEDAH KAISER, as Personal Representative of the Estate of Waheed Nelson,<br><br>    Plaintiff,<br><br>vs.<br><br>BOB GAULTIERI, Official Capacity as Sheriff of Pinellas County, Florida, DEPARTMENT OF CORRECTIONS, TEHUM CARE, YESCARE, CHS FL, LLC, CHS TX, INC., LLC, as Corizon Health, Inc. successor corporations, Director and Officer Defendants, YITZCHAK LEFKOWITZ, A.K.A. ISAAC LEFKOWITZ; SARA ANN TIRSCHWELL; AYODEJI OLAWALE LADELE; BEVERLY MICHELLE RICE; JEFFREY SCOTT KING; JENNIFER LYNNE FINGER; FRANK JEFFREY SHOLEY and WITCHNER BELIZAIRE M.D.,<br><br>    Defendants. | Case No. 8:19-cv-449-T-36JSS |

**MOTION TO AMEND THE COMPLAINT FOR THE LIMITED PURPOSE OF RE-INSTATING CLAIMS AND NAMING SUCCESSOR DEFENDANTS**

Plaintiff, through counsel, respectfully moves the Court for leave to file an Amended Complaint pursuant to the Court's Order (Doc. 354) requiring Plaintiff to reinstate claims after the bankruptcy action having failed due to default.

Plaintiff also seeks this leave to amend for the purposes of adding successor defendants whose improper conduct in connection with bankruptcy proceedings has deprived Plaintiff of his ability to fully recover from Corizon

Inc. and renders those defendants liable to Plaintiff. For the reasons more fully outlined in the attached Memorandum of Law, Plaintiff respectfully requests that the Court grant this Motion and enter an Order directing the docketing of Plaintiff's Amended Complaint. Defendants oppose this relief.  Exhibit A is the proposed amended complaint and Exhibit B is the default by the successor corporations in the Bankruptcy Court.

## MEMORANDUM OF LAW

**A.     Introduction**

Waheed Nelson, then a prisoner in the Pinellas County Jail, broke his ankle in a slip and fall on January 7, 2015. The break was severe but Nelson was only given a "boot" and the Defendant Sheriff failed to set the ankle or have surgical intervention undertaken while the ankle developed a severe infection as was shown through a series of x-rays. Over a period of months, Nelson received no care for the severe fracture so that the swollen ankle was remarked on when he was transferred to the Florida Department of Incarceration on April 16, 2015. Mr. Nelson was placed under the care of Corizon doctor Witchner Belizaire who continued to delay care. Months passed without surgical intervention, a further break to his femor bone by a fall in the shower, until months later, on July 28, 2015, the leg had to be amputated. The amputated leg was shown to be severely infected.

61. On February 21, 2023, Corizon's attorney filed a Suggestion of Bankruptcy. On the same date, the Court administratively closed the case as to Corizon. The litigation has remained in stayed status for more than three years while the bankruptcy proceedings slowly progressed. Significantly, during those proceedings, it has become clear that certain directors and officers of Corizon Health and related companies have engaged in rampant fraudulent conduct.

In particular, they siphoned money from Corizon and moved it into other entities over which they had exclusive control. Further, they entered into a comprehensive agreement to resolve the bankruptcy that purported to compensate aggrieved claimants, like Plaintiff (decedent Nelson represented by PR Kaiser) in this case, but they then failed to meet their obligations to pay into a fund intended to compensate claimants. As a result of this conduct, plaintiff's ability to recover for the misconduct led to Estate of Waheed Nelson's irreparable harm, unnecessarily delayed and, potentially, extinguished by the failure of the successor entities failure to comply with the Bankruptcy Plan as agreed.

The resolution plan entered by the bankruptcy court overseeing the proceedings, however, provided a remedy for this extraordinary misconduct: in the event of a default, claimants, like plaintiff in this case, are expressly

permitted to bring claims against, among others, individual directors and officers of Corizon and its related companies, so long as those claims are brought on or before June 3, 2026. Plaintiff now seeks leave of Court to file an Amended Complaint that brings claims authorized by bankruptcy proceedings.

For the reasons outlined below, this Motion should be granted, and the Court should direct that the Amended Complaint appended to this Motion, Ex. A, be docketed.

## B.    Procedural History Prior to the Bankruptcy Stay

This case was initiated in 2019 by transfer from State Court. As of February 2023, the parties had mostly completed discovery.  Mr. Nelson filed response to Motions for Summary Judgment and asked for further discovery. On February 21, 2023, counsel for defendant Corizon filed a Suggestion of Bankruptcy notifying the Court that Corizon's successor entity, Tehum, had initiated bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Texas.

## C.    The Corizon Bankruptcy Proceedings and the Misconduct of Directors and Officers

The bankruptcy proceedings, *In re: Tehum Care Services, Inc.*, No. 23-90086 (Bankr. S.D. Tex.), have been in litigation for more than three years. As has recently come to light, those proceedings have been polluted by significant fraudulent and improper conduct by individual director and officers of Corizon

4

and related successor companies.

The origin of the fraudulent conduct dates to the months leading up to May 2022, unknown to plaintiff, occurred when Corizon undertook a significant corporate restructuring designed to insulate its profitable operations from massive liabilities. Corizon re-incorporated in Texas and executed a divisive merger under Texas state law. As a result of this divisive merger, a new entity called YesCare Corp. received all of Corizon's active contracts, representing approximately $200 million in annual government payments, operational infrastructure, management personnel, and ongoing business operations. Tehum Care Services, Inc. ("Tehum") was created as a shell entity and assigned approximately $1.2 billion in liabilities. Many of those liabilities were from pending litigation concerning improper medical care provided by Corizon and its employees and agents at detention centers, jails, and prisons throughout the United States. This case was included as a liability assigned to Tehum. In light of those liabilities, Tehum was the entity that filed the Chapter 11 bankruptcy petition referenced above.

Throughout the bankruptcy proceedings, counsel for the trust set up to represent the interests of tort claimants, like plaintiff, discovered that a variety of directors and officers involved with Corizon and its related entities had engaged in significant misconduct. Those directors and officers include

5

Yitzchak Lefkowitz, also known as Isaac Lefkowitz; Sara Ann Tirschwell; Ayodeji Olawale Ladele; Beverly Michelle Rice; Jeffrey Scott King; Jennifer Lynne Finger; and Frank Jeffrey Sholey (collectively "directors and officers"). The group, led principally by Lefkowitz, siphoned money—approximately $30 million—from Corizon and into entities over which the directors and officers had exclusive or near-exclusive control. This is what is known at this time as documented in court by the Trustee of the Plan.

The transfer of these funds, among multiple other transactions, directly led to a failure on the part of parties to the Tehum bankruptcy proceedings to comply with obligations under a final Chapter 11 Plan of Reorganization ("Plan"). That Plan was entered by the Bankruptcy Court on March 3, 2025. *In re: Tehum Care Services*, ECF 2014. In relevant part, the Plan provided for payments totaling $50 million to be used to resolve the claims of, among others, tort claimants like plaintiff in this matter. The Plan also implemented a "Channeling Injunction" that prohibited tort claimants from pursuing litigation against Tehum, its successors, or any individual directors and officers. The Plan specifically identified a list of "Released Parties" who could not be sued in connection with any claim brought by tort claimants, and the Released Parties identified in the Plan included each of the above referenced directors and officers. Counsel involved in the bankruptcy proceedings for Tehum insisted

6

that each of the directors and officers be included among the Released Parties, thereby acknowledging that, but for the protections offered in bankruptcy proceedings, these directors and officers were potentially personally responsible for Tehum's liabilities.

The Plan expressly conditioned the enforcement of the Channeling Injunction on the compliance of the Released Parties with the payment terms of the Plan. The Plan provided that if there was a default on obligations to pay the required $50 million to satisfy personal injury and wrongful death claims, the Injunction would be dissolved and tort claimants, like plaintiff in this case, would have 90 days to bring causes of action against the Released Parties.

In late 2025, the Released Parties failed to make a payment required under the Plan. After the Released Parties were offered an opportunity to cure the failure, in February 2026, they failed to make another payment, and these payment failures constituted a default under the plan. On March 4, 2026, the trustees charged with administering payments to personal injury and tort claimants, like plaintiff, filed in the bankruptcy proceedings a Notice of Failure to Cure Settlement Payment Default. *In re: Tehum Care Services, Inc.*, No. 23-90086, ECF 2617 (Bk. S.D. Tx.).[6] The Notice provided the following:

- As a result of the default, all injunctions contemplated under the Plan that prevented claimants from litigating tort causes of action are terminated and void;

- All protections provided to the Released Parties are terminated;
- All claimants whose claims were addressed in the Plan are permitted to bring causes of action against the Released Parties; and
- All statutes of limitations that would apply to claims against the Released Parties are tolled for a period of 90 days from the date on which the Notice of Default was filed, that is, until June 3, 2026.

These developments have led plaintiff to seek leave to file an Amended Complaint that adds as defendants the directors and officers referenced above and asserts three claims against them: (1) *respondeat superior* liability for the negligence of the original defendants; (2) fraud; and (3) liability under the alter ego and piercing of the corporate veil doctrines. Significantly, these claims against these defendants do not implicate any claims or entities currently in bankruptcy proceedings, and, as such, they are not subject to any stay related to such proceedings. Thus, upon the docketing of the Amended Complaint, plaintiff will request a period of discovery to develop his claims against the director and officer defendants, then request an opportunity to proceed to trial.

**D.    Argument**

The Federal Rules of Civil Procedure endorse a flexible standard for the amendment of pleadings. Thus, under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) ("Federal Rule of Civil Procedure 15 embodies a liberal approach to pleading."). A request to amend "must generally

8

be granted unless equitable considerations render it otherwise unjust"; such considerations include "undue delay, bad faith, and futility." *Id.* at 204 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir. 1993)).

There are no equitable considerations present in this case that would weigh against granting leave to amend the Complaint. As to the first two factors, plaintiff has acted in good faith and without delay. The amendments to plaintiff's prior pleading are based on facts that only occurred during the recent bankruptcy proceedings, and plaintiff has only become aware of those facts based on recent pleadings filed in those bankruptcy proceedings.[7] Indeed, even if plaintiff could have brought his claims earlier (he could not), he would have been *prohibited* from doing so by the injunction that was made a part of the Plan. The Plan, which the Estate opted for initially by the deadline, gave plaintiff a 90-day window to bring the claims that are asserted in the Fifth Amended Complaint, and plaintiff is seeking leave to amend by the June 3, 2026, due date imposed by the Plan.

As to the third possible equitable consideration, no defendant may not credibly argue that the proposed amendment is futile. The Fifth Amended Complaint provides detailed factual pleading outlining the fraudulent and otherwise improper conduct of the director and officer defendants, and that

9

conduct supports the claims that plaintiff has asserted against those defendants. Much of the factual basis for plaintiff's proposed Fifth Amended Complaint was outlined in an adversary complaint filed on behalf of the bankruptcy trustees five weeks ago. *In re: Tehum Care Services, Inc.*, No. 23-90086, ECF 2653 (Bk. S.D. Tex. April 27, 2026). Before that filing, plaintiff did not have access to those facts.

At a minimum, plaintiff has proffered a sufficient factual basis to support proceeding with discovery to develop further factual information in support of plaintiff's claims. With no viable equitable considerations justifying denial of plaintiff's request to amend, and given the liberal standards of Rule 15(a), plaintiff has provided a sufficient basis to support amendment.

**E.     Conclusion**

For the foregoing reasons, the Court should grant this Motion and direct the docketing of plaintiff's Amended Complaint

Respectfully submitted,

*/S/Linda Bellomio Commons, Esq.*
Law Offices of Linda Bellomio Commons, P.A.
Florida Bar No: 0778346
P.O. Box 340261
Tampa, Florida 33694
T: (352) 610-4416
Fax: (813) 265-3010 Service
E-mail: lcommons@aol.com
Secondary: assistlbc@gmail.com

10

JAMES V. COOK, ESQ.
Florida Bar No. 0966843
Law Office of James Cook
James V. Cook (FBN 966853)
314 West Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

*Attorneys for Plaintiff, Estate of Waheed Nelson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record on this 3rd day of June, 2026.

*/s/ Linda B. Commons, Esq.*

11